SEP 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carl Roger Davis and Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]
Ph. (417) 334-1320

Plaintiffs, in *pro se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, | Case No. |
| Plaintiffs, | |
| vs. | **VERIFIED COMPLAINT** |
| UNITED STATES, a Federal corporation; DEPARTMENT OF THE TREASURY; the INTERNAL REVENUE SERVICE; the DEPARTMENT OF JUSTICE; Title 26 U.S.C. § 7201; Title 26 U.S.C. §7203; Title 26 U.S.C. § 7851; JAMES "TONY" STROTHER, in his official capacity; TIMOTHY E. NOONAN; in his official capacity; and DOES 1 through 5 inclusively, | **JURY TRIAL DEMANDED** |
| Defendants. | Case: 1:07-cv-01749 Assigned To : Urbina, Ricardo M. Assign. Date : 9/28/2007 Description: Pro Se Gen. Civil |

COMES NOW; Carl Roger Davis and Jo Elaine Davis, Plaintiffs, proceeding on their own

behalf, filing this Verified Complaint invoking the Constitution pursuant to 28 U.S.C. § 1331 *et*

*seq.* to invoke the jurisdiction of this Court, vesting it to act as an Article III Court under the

Constitution for the United States of America to dispose of cases and controversy that fall within

its constitutional ambit, since Article III *"serves to identify those disputes which are*

*appropriately resolved through the judicial process." Whitmore v. Arkansas*, 495 U.S. 149, 155

(1990). It is well established that the *"Federal courts of limited jurisdiction are empowered to*

*hear only those cases that the Constitution and Congress grant them authority to consider.*" See *Finley v. United States*, 490 U.S. 545 (1989).

The territorial authority of the United States is cited in *Balzac v. Porto Rico*, 258 U.S. 298 (1922). *"The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.* The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.*" "It is a well established principal of law that the federal legislation applies only with the territorial jurisdiction of the United States unless a contrary intent appears."* *Foley Brothers v. Filardo*, 336, U.S. 281 (1948). *"Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist."* *Stuck v. Medical Examiners*, 94 Ca2d 751.211 P2s 389. *"... Federal jurisdiction cannot be assumed, but must be clearly shown."* *Brooks v. Yawkey*, 200 F. 2d 633.

Plaintiffs have standing by virtue of the fact that Defendants' acts, commissions, and omissions have caused Plaintiffs to suffer an injury – an invasion of a legally-protected interest which is (a) concrete and particularized, *Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n.16 (1972); and (b) actual or imminent, Whitmore, supra, at 155 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); secondly, there is a causal connection between the injury and the conduct complained of traceable to the challenged action of the Defendants, *Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976); and thirdly, it is likely that the injury will be redressed by a favorable decision, id. at 38, 43. *"In*

*order to maintain a cause of action based on an allegation of constitution violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the government."* Id. (Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

Plaintiffs are at all times mentioned herein, proceeding in the capacity and standing as Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Beings. Plaintiffs are NOT appearing as a subclass statutory persons, citizens, collective entities, creatures of statute or otherwise, but of a superior class and authority not enjoyed by the Defendants – corporate entities void of conscience – given life and existence by their officials, officers, agents and employees (see Brasswell v. United States, 487, U.S. 99 (1988) quoting United States v. White, 322 U.S. 694 (1944).

The First, Fourth, Fifth, and Fourteenth Amendments to the Constitution secure Due Process to the American people in the course of the Common Law, which necessarily includes the right to trial by jury. See Wayman v. Southard, 23 U.S. 1; 6 L. Ed. 253; 10 Wheat 1(1825). The United States Supreme Court established: "*The Constitution is to be interpreted according to the Common Law Rules.*" Schick v. United States, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: "*It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law.*" United States v. Wong Kim Ark, 169 US 649; 18 S.Ct. 456. Therefore, this Court is hereby provided with notice that, as a precaution, Plaintiffs are invoking the saving to suitors clause at 28 U.S.C. § 1333(1) in order to secure and proceed in the course of the Common Law in the event of controversy within special maritime and territorial jurisdiction of the United States – which exists in this instant case.

This is an action seeking Common Law relief under the Constitution for the United States of America as amended, as a result of violations of the Plaintiffs' constitutional rights arising under the First, Fourth, Fifth, Fourteenth and Sixteenth Amendments. Further relief is sought pursuant to the Administrative Procedure Act (hereinafter called "APA") at 5 U.S.C. §§ 701-706, the Sherman Antitrust Act of 1890 and the Clayton Act of 1914 codified at 15 U.S.C. § 17, and the Commerce Clause. The following issues as alleged herein give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and is not extraordinary.

The Defendants' acts have effectively wreaked havoc on Plaintiffs' life, health, liberty, property and posterity, depriving Plaintiffs of their most fundamental rights as protected under the Constitution for the United States of America. The Plaintiffs reserve the right to amend this complaint at anytime in the event the Plaintiffs discover additional violations of the law cognizable as a cause of action, prior to and after the Defendants answer, by leave of the Court if necessary.

### Jurisdiction And Venue

This Court has Article III jurisdiction over this matter statutorily invoked pursuant to 28 U.S.C. §§ 1331 to engage the Common Law protections afforded the Plaintiffs under the First, Fourth, Fifth, Ninth, Tenth, Thirteenth, Fourteenth and Sixteenth Amendments; Article I, Section 7, Clause 1 and 2; Article I, Section 10, Clause 1 of the Constitution for the United States of America as Amended; the United States Code of Judicial Procedure; the Administrative Procedures Act at 5 U.S.C. §§ 701-706; Jurisdictional claims arise under the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

Venue is proper in this District pursuant to the United States Code of Judicial Procedure, 28 U.S.C. § 1391. The UNITED STATES is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). The DEPARTMENT OF THE TREASURY is an agency within the meaning of 5 U.S.C § 101, creating the Defendant INTERNAL REVENUE SERVICE as the internal affairs division within the Department.

A duly authorized officer of the UNITED STATES will answer on behalf of the acts committed by its officials, officers, agents from said district. ***"The United States government is a foreign corporation with respect to a state."*** In the Matter of Merriam, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see Penhallow v. Doane's Administrator's; Clearfield Trust Company v. United States, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

The Defendants, the UNITED STATES a.k.a. UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY and DEPARTMENT OF JUSTICE, individually and collectively participated in causing damage and harm to Plaintiffs Roger Davis and Jo Elaine Davis' person and property, and Plaintiffs hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

### All Reference Made To Title 26 Of The United States Code, Aka The Internal Revenue Code Is Limited To "In The Nature Of" Only

The Plaintiffs, having documentary evidence sufficient to establish and conclude that the Internal Revenue Code was not enacted by the United States Congress as commanded under

Article I, Section 7, Clause 1 and 2 of the Constitution for the United States of America, make a limited reference to the Code "in the nature of" – only giving rise for the purpose of understanding the substance of the Plaintiffs' complaint – and no other inference should be drawn. Plaintiffs' reference to any statutes cited from the Code should not be construed or interpreted in any manner to validate that the Code was constitutionally enacted. To that end, the Plaintiffs cite Title 26 of the United States Code aka the Internal Revenue Code, as amended, herein and throughout.

### Defendants

i.   At all times relevant hereto, the corporate citizen Defendant the UNITED STATES aka the UNITED STATES OF AMERICA'S corporate headquarters is located at 500 N. Capitol Street NW, Washington, D.C. 20221.

ii.  At all times relevant hereto, the corporate citizen Defendant the DEPARTMENT OF THE TREASURY'S main office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

iii. At all times relevant hereto, the corporate citizen Defendant the INTERNAL REVENUE SERVICE'S main office is located at 1111 Constitution Avenue NW, Washington. DC 20224 with a pilot office location at 3333 S. National, Suite 300, Springfield, Missouri 65807.

iv.  At all times relevant hereto, the corporate citizen Defendant the DEPARTMENT OF JUSTICE'S main office is located at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

v.    At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7201's main office is located at c/o U.S. Attorney General, 500 N. Capitol Street NW, Washington, D.C. 20221.

vi.   At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7203's main office is located at c/o U.S. Attorney General, 500 N. Capitol Street NW, Washington, D.C. 20221.

vii.  At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7851's main office is located at c/o U.S. Attorney General, 500 N. Capitol Street NW, Washington, D.C. 20221.

viii. JAMES "TONY" STROTHER, is an employee of the Internal Revenue Service, Criminal Investigation Division located at 3333 S. National, Suite 300, Springfield, Missouri 65807.

ix.   TIMOTHY E. NOONAN, is an employee of the Internal Revenue Service, Criminal Investigation Division located at 3333 S. National, Suite 300, Springfield, Missouri 65807.

x.    The true names and identities of DOES 1 through 5, are unknown to the Plaintiffs at the time of filing this complaint; however, when the true names and identities of the DOE Defendants are discovered, Plaintiffs will amended the complaint to include the true names and identities of DOES 1 through 5.

### Demand for Trial by Jury

Plaintiffs, Carl Roger Davis and Jo Elaine Davis, demand that the Federal Rules of Civil Procedure, Rule 1, Scope and Purpose of Rules shall govern this action, and Plaintiffs shall preserve inviolate, their **right of trial by jury** under Rule 38 and 57, and right of discovery

disclosures without request prescribed under Rule 26, concurrent with Defendants answer pursuant to Rule 7(a) and Rule 8(b), with no other pleadings allowed except upon Order of the Court as provided by law. The **JURY** shall decide all issues including immunity, and shall decide upon all claims in this suit.

THEREFORE, demand is hereby made by Plaintiffs for a trial by jury to determine all facts and issues before the Court.

### The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

The United S*tates Supreme Court stated in Frank Lyon Co. v. United States,* 435 U.S. 561 (1978) 98 S.Ct. 1291, "In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. *"The Court has never regarded 'the simple expedient of drawing up papers,'" Commissioner* v. *Tower,* 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding." Helvering* v. *Lazarus & Co.,* 308 U.S., at 255. See also *Commissioner v. P. G. Lake, Inc.,* 356 U.S. 260, 266-267 (1958); *Commissioner* v. *Court Holding Co.,* 324 U.S. 331, 334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant." Commissioner* v. *Duberstein,* 363 U.S. 278, 286 (1960).

### Plaintiffs Exhausted Their Administrative Remedy Prior To Filing This Verified Complaint

Plaintiffs reallege all allegations stated above, and further allege:

Prior to filing this action, the Plaintiffs filed numerous administrative claims by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the

IRS District of Missouri as required by 26 C.F.R. § 301.7433-1(e)(1). In these written administrative claims, the Plaintiffs informed the Area Director and the Compliance Technical Support Manager in detail of the grounds for said claims; the attached exhibits in support are included herein.

Plaintiffs further informed the Area Director and the Compliance Technical Support Manager in writing and described the injuries incurred as a result of the violations of law and violations of administrative regulations by IRS personnel attached to the exhibits in support.

Plaintiffs further informed the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages incurred, not yet incurred and the reasonably foreseeable damages for which all of the claims were made. The IRS has either ruled upon the administrative claims, denying each and every claim, or in the alternative, a period of six months has passed and the Area Director and the Compliance Technical Support Manager have not answered.

Plaintiffs effectively exhausted their administrative remedy in several sections of Title 26 of the United States Code including, but not limited to: 26 U.S.C. § 7433 – Unauthorized Collection Action, 26 U.S.C. § 6401 – Abatements, 26 U.S.C. § 6326 – Appeal of Administrative Liens, and by the documented plethora of substantive and procedural Due Process violations by employees of the United States Federal corporation, as verified in this complaint, and the defendants have effectively waived their immunity.

The UNITED STATES and named Defendants have further waived immunity under the Anti-Injunction Act, codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the assessment and collection of federal income taxes, **which is not the intent or subject matter of this suit**. According to

*Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. ***"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."***

      Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

  (a)   Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

      Plaintiffs are <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the constitutional and procedural violations of Due Process and the documented reckless and willful disregard for the internal revenue laws committed by the UNITED STATES Defendants.

      Verified documentary evidence on the record provides that employees of the UNITED STATES and named Defendants have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES and named Defendants are in compliance with the Constitution for the United States of America and acts of Congress.

      Plaintiffs submit documentary evidence sufficient to establish that unknown employees of the UNITED STATES and named Defendants have illegally persecuted Plaintiffs and are seeking to prosecute Plaintiffs under color of law and color of legal authority for alleged

criminal violations of the internal revenue laws without establishing a tax liability, without imposing a tax, without a determination, without a notice of deficiency, without an assessment.

Further, the UNITED STATES (and named Defendants) consent to being sued when any one of its officials, officers, agents or employees proceed in violation of Congressionally mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as, in this case.

### No Plain, Adequate And Complete Remedy, Statutory Or Otherwise, Exists For Plaintiffs To Challenge The Constitutionality Of A Federal Statute

Plaintiffs have invoked the tenable jurisdiction of the Administrative Procedure Act (APA). In this instant case, the Plaintiffs have no access to judicial review to challenge the constitutionality regarding the statutory language, construction or ambiguity of 26 U.S.C. § 7201, 7203 and 7851 as "*. . . the Act was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax.*" See _South Carolina v. Regan,_ 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). The Plaintiffs are seeking non-monetary relief under the APA regarding the procedural validity of the agency's actions.

The Administrative Procedure Act ("APA"), however, waives the United States' sovereign immunity for actions brought by [p]ersons *suffering a legal wrong* at the hands of an agency when those [p]ersons seek relief other than monetary damages pursuant to 5 U.S.C. § 702(a). "*Another waiver of sovereign immunity may be found in a statute that creates a federal agency, corporation or other artificial entity, and gives to that entity, the power to sue and be sued.*" See _FDIC v. Meyer,_ 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

In _The Presbyterian Church (U.S.A.) v. United States,_ 870 F.2d 518, 525 (9th Cir. 1989), the court cited the intent of Congress in passing the APA in so stating: "*. . . on its face, the*

*1976 amendment to § 702 waives sovereign immunity in all actions seeking relief from official misconduct except for money damages."* The court went on to state: "*. . . nothing in the legislative history of the 1976 amendment of § 702 suggests that Congress intended to limit the waiver of sovereign immunity to the specific forms of "agency action" enumerated in § 551(13). On the contrary,* **Congress stated that "the time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a Federal agency or officer acting in an official capacity."** H.Rep. No. 1656, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S. Code Cong. & Admin.News 6121, 6129 (emphasis supplied). **"*Congress singled out types of government conduct similar to the alleged INS conduct in this case — "tax investigations" and "control of subversive activities" — as appropriate for judicial review under the amended version of § 702.*"**

In this instant case, the UNITED STATES and named Defendants cannot and have not pointed to a plain, adequate and complete remedy – statutory or otherwise – that would prove to have afforded the Plaintiffs a remedy to challenge the Constitutionality, validity or vagueness of an internal revenue statute – rendering the jurisdiction of the APA unquestionable.

## **Factual Background And Summary Of Events**

1.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

2.    On or about October 25, 2000, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma, and provided an opportunity to the said District Director to produce competent evidence of Defendants' compliance, through its agent, with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and, authority for operation of sections 6201,

6321, and 6331, Vol 68A, Stat 1, §§ 6201, 6321, 6331, upon those denied the notice mandated in section 6001, subsection (d).

3.    On or about November 8, 2000, Plaintiffs' Attorney, Milton Baxley, filed a complaint with the Treasury Inspector General Tax Administration regarding the failure of said District Director to produce competent evidence of Defendants' compliance with section 6001, subsection (d) of the Internal Revenue Code.

4.    On or about October 22, 2001, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the IRS Service Center Director in Kansas City and provided an opportunity to the said Service Center Director to produce competent evidence of claims made in a CP71D, regarding 1992, 1993, and 1994.

5.    On or about November 12, 2001, Plaintiffs' Attorney, Milton Baxley, filed a Complaint of due process violations with the Internal Revenue Service General Counsel regarding the failures of the Service Center Director and the Chief, Automated Collection System to produce competent evidence of authority or claims.

6.    On or about June 18, 2002, an individual identifying himself as Special Agent Timothy E. Noonan contacted the Plaintiff, Roger Davis, and was instructed to contact Plaintiff's Attorney at that time, Milton Baxley.

7.    On or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to the Plaintiff, setting a date of July 1, 2002 to discuss alleged tax years 1999 and 2000.

8.    On or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons by appointment regarding the information sought.

9.    On or about July 8, 2002, Plaintiffs' Attorney, Milton Baxley, objecting to third party contacts, notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code; and section 7602's implementation through Title 27, Code of Federal Regulations; and of a possible action for damages under Internal Revenue Code section 7431. Said Attorney Correspondence also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution and the Internal Revenue Code, including unauthorized disclosure.

10.    On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger C. Davis P.O. Box 421 / 6167 Branson, Missouri 65615" to Trans Union Corporation seeking testimony and records for a planned criminal investigation.

11.    On or about November 23, 2004 at 6:05 a.m., Plaintiffs Roger Carl Davis and Jo Elaine Davis' property known as the "Farmhouse Family Restaurant" located at 119 West Main Street, Branson, Missouri was raided by alleged Government agents, JAMES A. STROTHER, TIMOTHY E. NOONAN and TEN (10) UNKNOWN AGENTS.

12.    On or about January 28, 2005, Plaintiffs were served with subpoenas to testify before Grand Jury 2004R01281-01 that was investigating possible violations of the internal revenue laws at Title 26, United States Code, Section 7201 – for alleged "willful failure to file federal income taxes."

13.    Plaintiffs are with evidence that the statutory construction of 26 U.S.C. § 7201 is an enforcement statute and fails to identify the tax imposed by the title for which Plaintiffs have been made liable and allegedly subject to.

14.     That 26 U.S.C. § 7851(6) *et seq.*, at Subtitle F, is the statute presumed to be enacted in compliance with to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America, as Congress has failed to enact this title, rendering its enforcement a nullity.

15.     The Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and the DEPARTMENT OF THE TREASURY, Title 26 U.S.C. § 7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851, and DOES 1 through 5, individually and collectively participated in causing damage and harm to Plaintiffs Carl Roger Davis and Jo Elaine Davis' person and property, and Plaintiffs hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

**COUNT I.**
**Defendants Violated The Fifth Amendment, 26 U.S.C. § 6531 And The APA**

16.     Plaintiffs reallege all allegations stated above, and further state and allege as follows:

17.     On or About May 18, 2004, or soon thereafter, alleged Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division (and DOES 1 through 5, inclusively) caused to be issued Form 2039 Summonses to the following: Annette's Bookkeeping Services, Inc.; Jeffrey Long, CPA; Ozark Mountain Bank; Branson Bank; Roger Carl Davis; Oak Bluff Management Trust; Hattie's Trust; Phoenix Trust; R.C.D. Investments; R.C.D. Marketing Group; Goody Trust; Farmhouse Trust; Chariots Trust; Branson Mountain Trust; Bottom Line Employee Services of Missouri, Inc.; Attic Creek Holding Co.; American Financial Services Trust; AG Impact Management, Inc.; Arizona Trust; First Premier Mortgage; and The Farmhouse Restaurant, demanding the production of books and records pertaining to the

Plaintiffs, Carl Roger Davis and Jo Elaine Davis, seeking testimony and records pursuant to a criminal investigation.

18.    Plaintiffs are presently under criminal investigation for tax years 1998 through 2003 for possible violations of the internal revenue laws for alleged tax evasion and willful failure to file.

19.    The authority to indict and prosecute for violations of the internal revenue laws is found at Title 26 U.S.C. § 6531, which states in pertinent part: "*No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years . . .*"

20.    The Defendants are investigating and seeking indictment and prosecution of the Plaintiffs for tax years 1998 through 2003 as indicated on the criminal investigation third party summonses issued by Special Agent TIMOTHY E. NOONAN. Accordingly, Section 6531 of the Code provides for a period of limitation for indictment under the internal revenue laws of up to six years.

21.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively), acting in their official capacity and under color of legal authority, are proceeding in direct violation of 26 U.S.C. § 6531, as the summonses were issued solely for criminal purposes - seeking information against Plaintiffs for possible charges of tax evasion and willful failure to file.

22.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively) well knew that 26 U.S.C. § 6531 provides for the statute of limitation for prosecution, and said Defendants and their Criminal Investigation Division Manager and the Criminal Investigation Division Supervisor were all personally responsible for compliance.

23.    The last year Plaintiffs could have been indicted under the internal revenue laws for tax year 1998 is 2004, and for tax year 1999 was 2005 and for tax year 2000 was 2006, yet the Defendants are seeking to enlarge statute and indict and prosecute the Plaintiffs more than seven (7) years beyond the statute of limitations as imposed by Congress.

24.    As a direct and proximate result of the Defendants' conduct under color of law and in violation of Plaintiffs' due process rights as stated hereinabove, Plaintiffs are entitled to the have this Court set forth a determination and order the Defendants to cease and desist with the continued public persecution and pending statutory prosecution of Plaintiffs until such time the Defendants have been ordered by Court decree.

## COUNT II.
### Violations Of Plaintiffs' Rights Under APA and the Fourth Amendment

25.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

26.    On or About May 18, 2004 or soon thereafter, alleged Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division (and DOES 1 through 5, inclusively) caused to be issued Form 2039 Summonses to issue in violation of 26 U.S.C. § 7602(d)(1) when they well knew a Justice Department referral was in effect.

27.    The individual identifying himself as Special Agent James "Tony" Strother is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN as employees of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division.

28.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively), acting in their official capacity and under color of legal authority, issued

the above-referenced administrative Summonses in direct violation of 26 U.S.C. § 7602(d)(1), as they were issued solely for criminal purposes - seeking information against Plaintiffs for possible charges of tax evasion and willful failure to file.

29.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively) well knew that issuing the Summonses solely for a criminal purpose was a violation of 26 U.S.C. § 7602(d)(1, and said Defendants and their Criminal Investigation Division Manager and the Criminal Investigation Division Supervisor were all personally responsible for compliance.

30.    Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, while leading an alleged criminal investigation under the internal revenue laws into the activities of the Plaintiffs, did cause third party summonses to issue for purposes of a criminal investigation as expressly prohibited pursuant to Title 26 U.S.C. § 7602(d)(1), in violation of the Administrative Procedure Act.

31.    As a direct and proximate result of the Defendants' conduct under color of law, and in violation of Plaintiffs' due process rights as stated hereinabove, Plaintiffs are entitled to the have this Court set forth a determination and order the Defendants to cease and desist with the continued public persecution and pending statutory prosecution of Plaintiffs until such time the Defendants have been ordered by Court decree.

### COUNT III.
### Defendants Are Seeking Prosecution In Violation Of 26 USC 6213(a), The Due Process Clause Of The Fifth Amendment And The Administrative Procedures Act

32.    Plaintiffs reallege all allegations stated above, and further allege:

33.    On or about November 23, 2004 or soon thereafter, Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5 inclusively) employees of

the UNITED STATES, a Federal corporation; the DEPARTMENT OF THE TREASURY
the INTERNAL REVENUE SERVICE and the DEPARTMENT OF JUSTICE acting in
official capacity and under color of legal authority, conspired with intent to deprive Plain iff
their constitutionally-protected Rights, did in bad faith and under color of law intention lly
recklessly, with willful disregard for the internal revenue laws, begin seeking prosecution p
to issuance of *a Notice of Deficiency* (90-day letter) for tax years 1992, 1993 and 199
required by 26 U.S.C. § 6212(a) and 6213(a) and (b) and applicable Treasury Regulations

34.     Pursuant to 26 U.S.C. § 6213(a), Restrictions applicable to deficiencies; petition o
Court, states in pertinent part: ". . . *no . . . proceeding in court . . . shall be . . . prosecute t t
such notice has been mailed to the taxpayer . . .*" and the Plaintiffs are not in receipt of a y s
notice.

35.     Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1
through 5, inclusively), acting in their official capacity and under color of legal author ty,
seeking prosecution in direct violation of 26 U.S.C. § 6213(a) – seeking information iga
Plaintiffs for possible charges of tax evasion and willful failure to file.

36.     Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1
through 5, inclusively) well knew no notices of deficiency were issued, and procee ie
violation of 26 U.S.C. § 6213(a), which prohibits prosecution in court until such notice s
been mailed; and said Defendants and their Criminal Investigation Division Manager nd
Criminal Investigation Division Supervisor were all personally responsible for compliance.

37.     The Defendants never assessed any tax or caused a notice and demand to pay ny
imposed to issue as commanded by 26 U.S.C. § 6301 prior to empanelling the Gra d

investigation and seeking prosecution as prohibited by 26 U.S.C. § 6213(a), clearly viola ng
Fifth Amendment due process clause and rights of the Plaintiffs.

38.     As a direct and proximate result of the Defendants' conduct under color of law and
violation of Plaintiffs' due process rights as stated hereinabove, Plaintiffs are entitled to t e t
this Court set forth a determination and order the Defendants to cease and desist v th
continued public persecution and pending statutory prosecution of Plaintiffs until such t me
Defendants have been ordered by Court decree.

**COUNT V.**
**26 U.S.C. § 7201 Is Void For Vagueness And Is Constitutionally Defective**

39.     Plaintiffs restate and incorporate by reference all of the allegations contained in al el
preceding paragraphs.

40.     On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo El
Davis suffered an invasion and raid at the Family Farmhouse Restaurant and were inform ed
they were under Criminal Investigation by officers and employees of the Internal R ve
Service, and Department of Justice, Tax Division pending possible statutory charges for tle
violations of **26 U.S.C. § 7201 – Attempt to evade or defeat tax.**

41.     On or about January 28, 2005 or soon thereafter, Plaintiffs were issued subpoen s f
the United States District Court, Western District of Missouri, to witness and testify iga
themselves before a grand jury under cause number 2004R01281-01 as it relates to the p ss
pending criminal charges of tax evasion – a statutory violation of 26 U.S.C. § 7201.

42.     The statutory construction and plain language of 26 U.S.C. § 7201, the statute wl ch
Plaintiffs are presumed to have violated, states in pertinent part: "Any person who v lll
attempts in any manner to evade or defeat *any tax imposed* by this title ... shall ... be gu ty
felony..."

43.     Plaintiffs are with evidence sufficient to conclude that the statutory language of 26 U.

§ 7201 is not a stand-alone, "self-executing" enforcement statute; it is overly broad and void

vagueness on its face, as it fails in its present statutory construction to disclose which  ta

imposed by Title 26 that would give notice – as commanded by the Sixth Amendmen  to

Constitution for the United States of America – and inform Plaintiffs of the nature and c us

the accusation, thereby extending the common-law right and opportunity to properly  le!

against any potential action that might be brought against the Plaintiffs.

44.     Title 26 of the United States Code also known as the Internal Revenue Co e

compilation of thousands of different classifications of income taxes imposed; howe er,

language of 26 U.S.C. § 7201 stands moot, as it fails to disclose which tax is imposed by  ie

applicable to the Plaintiffs' alleged activities.

45.     To the degree that the statute may be determined to have passed Constitutional  nu

under Article I, Section 7, Clause 1 and 2, Congress has effectively placed the burden of p oo

the Defendants, particularly the UNITED STATES at large, to identify the tax imposed i o

to determine the liability of the TAXPAYER. However, 26 U.S.C. § 7201 – an enfor en

statute – does not establish or create an income tax liability under the internal revenue  w

functions to punish for the alleged evasion and nonpayment of some a statutory tax i  pe

under the Code.

46.     The statutory language and construction of 26 U.S.C. § 7491(a)(1), **Burden shifts** wl

**taxpayer produces credible evidence**, states as follows: "*If, **in any court procee** ing*

*taxpayer introduces credible **evidence with respect to any factual issue relevant to** ascei tif*

***the liability of the TAXPAYER for any tax imposed** by subtitle A or B, the Secretary sh 'l /*

*the burden of proof with respect to such issue*," thus shifting the burden of proof  n

Defendants to identify and establish which statutory tax has been imposed under Title 26 of United States Code.

47.    As the Code ambiguously references "any tax imposed," the Defendants have identified which statutory tax has been imposed, or will be imposed by the Title the Plaintiffs are presumed to have attempted to evade or defeat. Without question one can assert that the phrase ". . . *tax imposed by this title . . ."* is overly broad, vague, ambiguous constitutionally deficient, and creates an impossibility for a man or woman of average intelligence to know which income tax law or internal revenue laws the Plaintiffs are presumed to have attempted to evade or defeat.

48.    Without question one can assert that the phrase ". . . *tax imposed by this title . . .* overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know which income tax law or laws the Plaintiffs are presumed to have attempted to evade or defeat.

49.    Can the Plaintiffs establish that the vagueness of this statute appears on its face to violate the fundamental principles of the Common Law under the Sixth Amendment and does not provide full disclosure to inform a man or woman of average intelligence of the nature and cause of the accusation? We must answer in the affirmative. Let us consider a like scenario with a man or woman of average intelligence. In this example, on Saturday, December 23, 2006 TAXPAYER A crosses the path of TAXPAYER B at a large shopping mall during the Christmas Season in a parking lot of more than 5,000 vehicles.

50.    While in the presence of TAXPAYER B, TAXPAYER A begins to have a heart attack becoming short of breath and clenching his chest. Before loosing consciousness, in a swallow breath TAXPAYER A communicates to TAXPAYER B that his vehicle is parked in the lot

parking lot and his heart medicine is located in the glove compartment of the vehicle – p aid g

before his last breath that he go retrieve it – at which point TAXPAYER A loses consciou ne

51.    TAXPAYER B goes into a full panic because TAXPAYER A passed out prior giv g

TAXPAYER B a description and location that would enable TAXPAYER B to lo t

TAXPAYER A's vehicle, retrieve the heart medication and save his life. Thus, in this sc nat o,

TAXPAYER B was unable to save the life of TAXPAYER A because he was not gi en he

information necessary to determine which one of the more than 5,000 vehicles in the i ll

parking lot belonged to TAXPAYER A.

52.    The above scenario is relative to the number of different alleged *taxes imposed* u der he

internal revenue laws and the income tax laws.  The statutory construction and languag of 6

U.S.C. § 7201 fails to disclose the particular *"tax imposed,"* leaving the Plaintiffs ith t

knowledge of which tax they are presumed to have attempted to evade or defeat – sure a i fe

and death situation considering the seriousness of the possible indictment. How can a [ei ii

(sentient flesh and blood being) be punished to suffer the possible loss of life and lil rty o

become property of the Federal Government via incarceration pursuant to an ambiguous stat t

that is an enforcement statute, is not self-executing and is unsupported by an underlying stat e

identifiable within the Code?

53.    **The question of law that must be answered is**:

> Because 26 U.S.C. § 7201 is an enforcement statute and is not self-executing, wh a
> statute identifiable under Title 26 of the United States Code (IRC) imposes a statu ory x
> liability that the Plaintiffs are presumed to have violated that would give rise to P in i ts
> being indicted for the alleged crime of tax evasion?

54.    On its face, the statutory construction and language of 26 U.S.C. § 7201 is not a se f-

executing stand-alone enforcement statute, and must be supported by an enhancement stat te t t

discloses the statutory *"tax imposed"* by Title 26 that would inform the Plaintiffs of the nat i e

and cause of the accusation, as required under the Common Law pursuant to the Sixth Amendment to the Constitution for the United States of America.

55.    Does the statutory construction and/or ambiguous language of 26 U.S.C. § 7201 in its present form as a self-executing stand-alone enforcement statute violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs of which "*tax is imposed*" by the title (under the internal revenue laws) that the Plaintiffs are presumed to have violated? Plaintiffs must answer in the affirmative.

56.    The statutory construction and plain language of 26 U.S.C. § 7201, charged as a self-executing stand-alone enforcement statute, must be challenged as <u>unconstitutional</u> on its face in direct violation of both the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) <u>which</u> tax is the "*. . . tax imposed by this title . . .*", be it an income or an internal revenue tax he is presumed to have violated.

57.    How can the Plaintiffs, a man and woman of average intelligence, defend against an undisclosed and invisible *tax imposed* under the internal revenue laws that the Defendants have refused to identify? The placement of the burden on the Plaintiffs in this conundrum is wholly unconstitutional.

58.    The statutory construction and language of 26 U.S.C. § 7201 violates the Common Law and Constitutional due process as it: (1) is not in harmony with the Common Law, (2) cannot be imposed upon citizens/subjects/statutory slaves referred to as TAXPAYERS equally, (3) is a Pandora's Box for selective prosecution, (4) is unreasonable, (5) does not have a real or substantial objective to be obtained, save fear and collusion, (6) violates the constitutional due process of law at Amendments Five, Six, Nine, Ten and Fourteen for failure to give notice and

opportunity to be heard and to disclose the nature and cause of the accusation and (8) violates

equal protection of the law. . Furthermore, the objective is not a reasonable and proper one for

the legislature to seek, as neither the ends are legitimate, nor the means acceptable for meeting

that end.

59.    The statutory construction of 26 U.S.C. § 7201, presumed to be a self-executing stand-

alone enforcement statute, is herein challenged by the Plaintiffs as void for vagueness and,

therefore, unconstitutional because the crux of the statute is incompetent, and thus benign,

wherein it does not disclose in its own words a statutory liability for which *". . . any tax imposed*

*by this title . . ."* which the Plaintiffs are presumed to have attempted to evade or defeat – the

very lynchpin for being indicted by the statute.

60.    Unfortunately, in this quagmire of "Congressional Activism," trolling hand-in-hand with

"Judicial Activism," the United States Congress and United States Supreme Court make it no

secret and have openly admitted that Congress intentionally enacts legislation to be ambiguous,

so as to allow judicial activism, political interpretation and abuse of discretion that result in the

*"selective prosecution"* of issues before the Court – in essence making every act of Congress

*void ab initio.*

61.    This practice in and of itself is in bad faith and unconstitutional, because ambiguous

legislation fails to comply with the common-law jurisdiction established under the Constitution

for the United States of America, based on principles of the Common Law, to effectively instruct

Citizens of average intelligence the intent of the law and what the law commands or forbids.

WHEREFORE, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth

a determination of the following:

a.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7201 is a statute void for vagueness, because it is not in harmony with the Common Law of the Constitution and violates the due process clause of the Fifth Amendment and the nature and cause of the accusation of the Sixth Amendment.

b.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7201 is void for vagueness and is, therefore, unconstitutional and cannot operate as a stand-alone enforcement statute, because it implies but fails to identify any tax imposed under the internal revenue laws that give rise to being charged by the statute itself.

c.    Issue an Order under the Common Law of the Constitution prohibiting the Defendants from causing the Plaintiffs to be charged for possible violation of 26 U.S.C. § 7201 until such time a determination has been made to establish the constitutionality.

## COUNT VI.
## 26 U.S.C. § 7203 Is Void For Vagueness And Constitutionally Defective

62.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

63.    On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo Elaine Davis were informed that they are under Criminal Investigation by officers and employees of the Internal Revenue Service, Department of Justice, Tax Division, pending possible statutory charges for alleged violations of 26 U.S.C. § 7203 – **Willful failure to file return, supply information, or pay tax.**

64.    The language of 26 U.S.C. § 7203, the statute under which the Plaintiffs may be charged, is as follows: "Any *person required under this title to pay any estimated tax or tax*, or *required by this title* or by regulations made under authority thereof *to make a return, keep any records, or supply any information*, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor . . ."

65.    In addition the statutory language of 26 U.S.C. § 7203, Congress enacted 26 U.S.C. § 6001 as an enforcement statute for an alleged violation of failing to act, the section of the Code that the Secretary must give notice commanding Plaintiffs to act, which states in pertinent part: "**Every person liable for any tax imposed by this title**, or for the collection thereof, **shall keep such records, render such statements, make such returns**, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the **Secretary** it is necessary, he **may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records**, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."

66.    Here the statutory language of section 6001 works *in pari materia* with, and is just as ambiguous as 7201 and 7203, employing phrases such as: (1) *every person liable*, (2) *any tax imposed*, (3) *that the Secretary may require any person by notice served upon him*, (4) *to keep books and records* – a statutory maze of internal revenue riddles. The language of 26 U.S.C. § 6001 appears to command an act of commission by the Secretary, in that he may require *any person* by notice served upon him to keep books and records.

67.    It is reasonable to presume that if the Secretary did not serve notice and the regulations do not serve notice (and there is no requirement for any person to serve notice upon himself),

then Plaintiffs cannot be presumed to have violated 26 U.S.C. § 7203, the statutory enforcement statute for failing to act pursuant to notice not given by the Secretary or by regulations under 26 U.S.C. § 6001, which indeed is an act or alleged crime of omission.

68.    Plaintiffs are with evidence sufficient to conclude that the statutory language and construction of 26 U.S.C. § 7203 is problematic in that it is overly broad and void for vagueness on its face; it appears to fail to disclose who *any* person required is, under the title, to keep *any* records or supply *any* information, giving Plaintiffs notice and opportunity to pay any estimated tax required by statute and regulation.

69.    Title 26 of the United States Code is a compilation of thousands of different classifications of income taxes imposed; however, the language of 26 U.S.C. § 7203 appears to stand moot, as it fails to disclose who the any person is that is required to keep books and records and therefore burdens the Secretary to give notice to such person at 26 U.S.C. § 6001.

70.    Congress effectively placed the burden on the Government to serve notice on *any person* required to keep books and records, supply information and identify the tax imposed to determine the liability of the TAXPAYER; however, 26 U.S.C. § 7203 is a enforcement statute that does not establish or create a liability.

71.    The statutory language of 26 U.S.C. § 7491(a)(1), **Burden shifts where TAXPAYER produces credible evidence,** states as follows: "*If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the TAXPAYER for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.*"

72.     As the Code constantly references "any tax imposed," the Defendants have failed to identify what tax has been, or will be imposed, by the title under which the Plaintiffs are presumed to be required to pay an estimated tax or tax.

73.     Without question one can assert that the phrase ". . . *Any person required* . . ." is overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know who *any person required* is, as such is the responsibility of the Secretary to inform the Plaintiffs of their duty to keep books and records – and if the Secretary fails to inform the Plaintiffs, it is his nonfeasance or failure to act that caused the Plaintiffs not to act.

74.     Plaintiffs have never received notice from the Secretary, and by regulations are not required to keep books and records or render statements, without notice from the Secretary prior thereto.

75.     Can the Plaintiffs establish that vagueness of this statute appears on its face to violate the fundamental principles of full disclosure and, therefore, due process? We must answer in the affirmative.

76.     Let's consider a like scenario using everyday life for the average Human being/ non-statutory Citizen or subject. In this example, TAXPAYER X, after securing a major contract with United States Oil Company (USOC), receives Letter 978 from the Secretary on January 15, 2004 explaining that because he sells Oil products throughout the United States of America, he is required to keep books and records to assess his tax liability and pay the tax on the oil products – and with such notice he proceeds accordingly.

77.     But TAXPAYER Z, after graduating from high school, became a self sufficient carpenter who worked with his hands and contracted to build single and multiple family dwellings with

various construction vendors in his local State of Honesty beginning in 1994; he never filed a federal income tax return, because he never received notice from the Secretary like TAXPAYER X that instructed him to do so – therein never filing a return, never keeping books or records and never keeping information.

78.     Because TAXPAYER Z never received a notice from the Secretary or area director, he had no reason to believe that he was legally required to file a federal income tax return or pay a tax.

79.     The above scenario is relative to the number of different unknown taxes imposed by the income tax laws. The statutory construction and language of 26 U.S.C. § 7203 fails to disclose the particular *"person required,"* leaving the Plaintiffs without knowledge of which tax they are presumed to have willfully failed to file.

**The question of law that must be answered is:**

80.     Can a person be penalized and punished to suffer the possible loss of life and liberty, to become United States property based on a statutory enactment that commands the Secretary to perform an act that does not create a known legal duty Plaintiffs can effectively violate? The statutory obligation to notice the Plaintiffs is that of the Secretary's – not the Plaintiffs.

81.     On its face, the statutory construction and language of 26 U.S.C. § 7203 acts as a stand-alone enforcement statute – unsupported by an enhancement statute, and not self-executing for prosecutorial purposes.

82.     Does the statutory construction and/or language of 26 U.S.C. § 7203 – in its present form as a stand-alone enforcement statute that is not self-executing – violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs of the statutory *"person required"* by the *Secretary* to perform the Act? Plaintiffs must answer in the positive.

83.     The statutory construction of 26 U.S.C. § 7203 charged as a stand-alone enforcement statute that is not self-executing appears to be <u>unconstitutional</u> on its face, in direct violation of the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) of <u>which of</u> the 1000 plus taxes is the *". . . tax imposed by this title . . ."* that they are presumed to have violated.

84.     The statutory language and construction of 26 U.S.C. § 7203 violates the substantive elements of constitutional due process as: (1) is not in harmony with the Common Law, (2) it cannot be imposed upon Citizens (TAXPAYERs) equally, (3) it is a Pandora's Box for selective prosecution, (4) it is unreasonable, (5) it does not have a real or substantial objective to be obtained, (6) the objective is not a reasonable and proper one for the legislature to seek, (7) the ends are not legitimate nor the means acceptable for meeting that end, and (8) it violates substantive and constitutional due process of law for failure to give notice and opportunity to be heard, fails to disclose the nature and cause of the accusation, and violates equal protection of the law.

85.     The statutory language and construction of 26 U.S.C. § 7203 – presumed to be a stand-alone enforcement statute that is not self-executing – is herein challenged by the Plaintiffs as unconstitutional and void for vagueness because the statute clearly commands that the main element of the statute encompasses the undisclosed liability for *". . . any tax imposed by this title . . ."* which is the lynchpin for being charged by this statute.

        **WHEREFORE,** Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth a determination of the following:

a.  Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7203 is a statute void for vagueness because it is not in harmony with the Common Law of the Constitution and violates the due process clause of the Fifth Amendment and the nature and cause of the accusation of the Sixth Amendment.

b.  Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7203 is void for vagueness and is therefore unconstitutional and cannot operate as a stand-alone enforcement statute because it implies, but fails to identify, any tax imposed under the internal revenue laws that give rise to being charged by the statute itself.

c. Issue an Order under the Common Law of the Constitution prohibiting the Defendants from causing the Plaintiffs to be charged for possible violation of 26 U.S.C. § 7203 until such time a determination has been made to establish the constitutionality of the statute.

**COUNT VII.**
**Statutes Of The United States Not Legislatively Enacted by Congress**
**As Required Under The Constitution Have No Force Or Effect Of Law**

86.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

87.    Documentary intrinsic evidence is sufficient to establish that ALL statutes under Subtitle F of the Internal Revenue Code have not yet been enacted by an Act of Congress in violation of Article I § 7 Cl. 1 and 2 of the Constitution, including but not limited to, 26 U.S.C. § 6531, 7201, 7203, 7802, 7431, 7433, 6103 and 7602.

88.    The Internal Revenue Service was created by the Department of the Treasury at 26 U.S.C. § 7802(a) as an Oversight Board (not an Act of Congress under the Constitution) for which the original intent was for (internal affairs) governing federal employees.

89.    This is further established in the United States Government Manual 2006 on page 341 as listed under the Department of the Treasury. This is supported at Title 26 U.S.C. § 6103(b)(9) – Federal agency "means an agency of section 551(1) of title 5, United States Code."

90.    The Constitution for the United States of America does not authorize an agency of the Government, including the Department of the Treasury, to pass legislative enactments – thus, limiting the jurisdictional reach of the Service.

91.    The term "Act of Congress" means a law enacted in one of the ways prescribed by Article I § 7 Cl. 1 and 2 of the Constitution. Acts of Congress are published in the United States Statutes At Large, which constitutes "*legal evidence*" of what the law provides. Article I § 7 Cl. 1 and 2 of the Constitution states in pertinent part:

> Section 7 Cl. 1: "***All Bills for raising revenue shall originate in the House of Representatives . . .***" and;
>
> Section 7 Cl. 2: "***Every Bill which shall have passed the House of Representatives and the Senate, shall, before it becomes a Law, be presented to the President of the United States . . .***"

92.    Section 7851 of Title 26 comes under Subtitle F of the Internal Revenue Code (IRC) of 1954 and 1986 as amended to date.

93.    Subchapter B of Title 26 of the United States Code discloses the effective dates of enactment as codified at 26 U.S.C. § 7851 - Applicability of revenue laws:

> (1) **Subtitle A.** "(A) ***Chapters 1, 2, 4, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, <u>and ending after the date of enactment of this title</u>.***"
> (2) **Subtitle B.** "(A) ***<u>Chapter 11 of this title shall apply with respect to estates of decedents dying after the date of enactment of this title</u>, and with***

respect to such estates chapter 3 of the Internal Revenue Code of 1939 is hereby repealed."

(3) **Subtitle C.** "*Subtitle C of this title shall apply only with respect to remuneration paid after December 31, 1954*, except that chapter 22 of such subtitle shall apply only with respect to remuneration paid after December 31, 1954, which is for services performed after such a date."

(4) **Subtitle D.** "*Subtitle D of this title shall take effect on January 1, 1955.*"

(5) **Subtitle E.** "*Subtitle E* shall take effect on January 1, 1955 ..."

(6) **Subtitle F.** "(A) General rule. *The provisions of subtitle F shall take effect on the day after the date of enactment of this title* and shall be applicable with respect to any tax imposed by this title."

94.     In accordance with the Internal Revenue Code, United States Code Service and Annotated, Title 26 U.S.C. § 7802 is provisioned under Subtitle F – Procedures and Administration, Chapter 75. Crimes and Other Offenses – an Act that Congress failed to legislatively enact under the Constitution at Article I, Section 7, Clause 1 and 2 – giving rise to a Constitutional controversy. Accordingly, Subtitle A Income taxes, a Chapter 2 tax on self-employment as referenced at 26 U.S.C. § 7851(a)(1) come under this enforcement provision.

95.     A literal read of 26 U.S.C. § 7851(a)(1) states in pertinent part: "*Chapters . . . 2 . . . of this title shall apply. . . to taxable years beginning after December 31, 1953; and ending after the date of enactment of this title."*

96.     The construction of the statute reads: Subtitle F "(a) General rule. *The provisions of subtitle F shall take effect on the day after the date of enactment of this title,*" and there is no date of enactment for Subtitle F, no Public Law reference to the enactment of Subtitle F, no Enacting Clause for Subtitle F, or any other information to conclude that Subtitle F has ever been enacted under Congressional Mandate and legislative authorization.

97.     To further establish that Subtitle F has not yet been enacted by Congress, the following language is provisioned at 26 U.S.C. § 7851(c) – Crimes and forfeitures, which openly violates constitutional mandate and circumvents the required Acts of Congress in so stating:

(c) **Crimes and forfeitures.** "*All offenses committed*, and all penalties or forfeitures incurred, *under any provision of law hereby repealed, may be prosecuted and punished in the same manner and with the same effect as if this title had not been enacted*."

98.     This statute unambiguously establishes that even if Congress has failed to comply with the constitutional requirements prescribed by Article I § 7 of the Constitution, Plaintiffs can be prosecuted and punished without such an enactment.

99.     If Plaintiffs are to rely on the clear language of the statute, a man or woman of average intelligence would conclude that Subtitle F, which covers Chapters 61 through 80, has not yet been enacted – and upon enactment, Chapter 2 of Subtitle A is ended. Plaintiffs seek declaratory relief to determine the validity of an enforcement statute that has never been enacted by Congress – and upon its enactment, the Chapter to which the statute applies shall have ended.

   **The questions of law are as follows:**

   (a)     Can the Department of the Treasury cause statutes to be published in the Internal Revenue Code as if they are legislative enactments by Congress under the Constitution – even though they have never been enacted as prescribed by Article I § 7 Cl. 1 and 2 of the Constitution?

   (b)     Can Plaintiffs be persecuted and then prosecuted and punished by an Act of Congress related to any internal revenue law that has not been enacted by Congress as prescribed by Article I § 7 Cl. 1 and 2 of the Constitution?

   (c)     Does Congress have the power to circumvent the prescribed mechanisms established by Article I § 7 Cl. 1 and 2 of the Constitution as it relates to the internal revenue laws?

   (d)     Can Congress draft and publish an Act that has never been enacted which effectively usurps and circumvents Article I § 7 Cl. 1 and 2 of the Constitution that may

cause Plaintiffs to suffer punishment and prosecution in the same manner and with the same effect as if this title had not been enacted?

(e)    When Congress fails or refuses to comply with Article I § 7 Cl. 1 and 2 of the Constitution, does this not cause any Act *not* passed or enacted by Congress according to its terms to be null and void, having no force and effect in law?

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth a determination of the following:

a.  Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7851, *et seq.*, is a statute under the internal revenue laws that must be enacted pursuant to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America, which commands an Act of Congress.

b.  Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7851, *et seq.*, has not been enacted pursuant to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America pursuant to an Act of Congress and the statute is void – having no force or effect of law.

c.  Set forth a written judicial determination under the Common Law of the Constitution for Injunctive relief, prohibiting the Defendants from causing the prosecution of the Plaintiffs under the enforcement statues of the internal revenue laws pursuant to Title 26 U.S.C. § 7851(6) Subtitle F that have never been enacted at Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America and generally.

d. Issue an Order under the Common Law of the Constitution prohibiting the Defendants from causing the Plaintiffs to be prosecuted under the enforcement statues at

Title 26 U.S.C. § 7851(6) Subtitle F of the internal revenue laws that have never been enacted by any Act of Congress.

## CONCLUSION

100.   At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

101.   The acts of the Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE, the DEPARTMENT OF THE TREASURY and the DEPARTMENT OF JUSTICE are clear violations of the Constitution for the United States of America, Acts of Congress and the United States Supreme Court, committing pernicious acts under color of law.

102.   The reprehensible and vexatious conduct of and the illegal disclosure made by Criminal Investigation Division Special Agent JAMES "TONY" STROTHER and the other agents involved herein caused Plaintiffs substantial professional and personal embarrassment, loss of goodwill, and unnecessary attorneys fees and accountant fees, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

103.   The intentional and/or grossly negligent unlawful disclosure by Criminal Investigation Division Special Agent JAMES "TONY" STROTHER and the other agents involved herein entitles Plaintiffs to punitive damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis have been damaged by officials, officers, agents and employees of the Defendants and their agencies herein named due

to their individual and collective intentional, willful and reckless acts and Plaintiffs pray for other declaratory and injunctive relief as follows:

a.   Set forth a written judicial determination under the Common Law of the Constitution that the Defendants are statutorily prohibited from seeking prosecution of Plaintiffs pursuant to 26 U.S.C. § 6531, *et seq.*, which provides the statute of limitations for tax prosecutions under the internal revenue laws to six (6) years and that the Defendants are without jurisdiction to seek prosecution for years 1998, 1999 and 2000;

b.   Set forth a written judicial determination under the Common Law of the Constitution that the Defendants proceeded in violation of 26 U.S.C. § 7602(d)(1), *et seq.*, which prohibits the issuance of administrative summonses when a Justice Department referral is in effect pursuant to a criminal investigation, rendering all evidence obtained by the Defendants in this manner null and void;

c.   Set forth a written judicial determination under the Common Law of the Constitution that the Defendants are statutorily prohibited from seeking prosecution of Plaintiffs pursuant to 26 U.S.C. § 6212(a) and 6213(a) *et seq.*, which prohibit the Plaintiffs from being prosecuted for an alleged violation of the internal revenue laws until such time a notice of deficiency or determination letter has been issued.

d.   Set forth a written judicial determination under the Common Law of the Constitution that the Defendants proceeded in violation of 26 U.S.C. § 6103 *et seq.*, bringing the Plaintiffs harm and injury with the disclosure of personal information to third parties not authorized or entitled to such disclosure;

e.   Award Plaintiffs declaratory and injunctive under the APA;

f.    Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable attorneys fees and costs; and

g.    Any other remedy under Common Law of the Constitution, at law and in equity this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully Submitted.

**VERIFICATION**

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief. All Rights retained without recourse.

On this _____ day September, 2007

Signature: _____
Carl Roger Davis, Plaintiff

Signature: _____
Jo Elaine Davis, Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Carl Roger Davis and Jo Elaine Davis

**DEFENDANTS**

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE: the

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Carl Roger Davis and Jo Elaine Davis c/o PO Box
6207 Branson, Missouri [65615] Phone number
(417) 334-1320

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O  1 U.S. Government
Plaintiff

O  3 Federal Question
(U.S. Government Not a Party)

⊙  2 U.S. Government
Defendant

O  4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x in ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

O **A. Antitrust**

☐ 410 Antitrust

O **B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

O **D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**   **OR**   ⊙ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violations of APA at 5 U.S.C. §§ 701-706; 26 U.S.C. 7601, 7602(d)(1), 7603, 7851; and I, IV, V, IX, X, XIII, XIV and XVI Constitutional Amendments

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** zero   **JURY DEMAND:** Check YES only if demanded in complaint   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 9/27/07   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.