# RECEIVED

DEC 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>UNITED STATES, ET AL., )<br><br>Defendants. ) | Case No. 1:07-CV-01749-RMU<br><br>MOTION FOR LEAVE TO FILE<br>AMENDED COMPLAINT WITH<br>MEMORANDUM OF THE LAW<br><br>Fed.R.Civ.P. 15(a) and LCvR 15.1 |

COMES NOW Carl Roger Davis and Jo Elaine Davis, Plaintiffs proceeding in their own behalf, pursuant to Fed.R.Civ.P. 15(a) and LCvR 15.1, moving the Court for an Order granting leave to file an amend complaint attached hereto.

1. The original verified complaint was filed on September 28, 2007 and the summonses were issued on October 1, 2007.

2. Defendants have not answered the verified complaint; however, Defendants filed a Motion to Dismiss Complaint on December 7, 2007.

3. On December 13, 2007 at approximately 1:30 p.m. (Central Time), pursuant to LCvR 7(m), Plaintiff Carl Roger telephoned the United States Attorney Daniel Healy at (202) 305-3402 to confer regarding the filing a Motion for Leave to File Amended Complaint and a Motion for Enlargement of Time to Respond to the Motion to dismiss.

4. Attorney Healy was not available and his voice-mail message stated that he would be out of the office for the rest of the week, but would periodically be checking his messages. Plaintiff

then left a message on this voice mail stating that: This is Carl Roger D, Case No. 1:07-CV-01749-RMU. I am calling to confer because I am filing a Motion for Leave to File an Amend Complaint because I have discovered additional Causes of Action; and I am also filing an Enlargement of Time to Answer the Motion to Dismiss pending the Court's Order on the Motion for Leave to File an Amend Complaint; because filing the Amended Complaint will cause the Motion to Dismiss to become moot; and requested that Attorney Healy return his call as soon as possible.

5.  Plaintiffs must amend their complaint because they have discovered additional causes of action cognizable in this Court against Defendants.

6.  Pursuant to LCvR 15.1 the proposed First Amended Verified Complaint is attached as **Exhibit "A."**

## MEMORANDUM OF THE LAW

7.  Although pleading amendments are committed to the sound discretion of the trial court, *see Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997), Federal Rule of Civil Procedure 15(a) provides that *"leave shall be freely given when justice so requires."*

8.  The Seventh Circuit has characterized this as a "liberal" standard, *Doe v. Howe Military School,* 227 F.3d 981, 989 (7th Cir. 2000), and it has recognized that leave to amend should generally be granted absent some compelling reason for denying the motion: [C]ourts should generally allow such amendments unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Orix*, 125 F.3d at 480 (quoting *Foman v Davis,* 371 U.S. 178, 182 (1962)); *see also*

*King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994), *cert. denied*, 514 U.S. 1023 (1995); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993).

9. Courts focus heavily on the potential prejudice to the other side in determining whether a pleading amendment should be allowed. Although, as discussed below, the Plaintiffs have not unduly delayed in seeking this amendment, delay alone generally will not justify denying a motion to amend a pleading, absent a showing of prejudice from the delay. See *King*, 26 F.3d at 723. Indeed, the Seventh Circuit has held that district courts should permit amendment even after judgment, when there is no harm to the opposing party. See *Orix*, 125 F.3d at 480; *United States v. Security Pac. Bus. Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir. 1992). Even a substantive change in a pleading that Results from a party's new strategy will justify leave to amend, if no undue prejudice is shown. See, e.g., *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 676 (S.D.N.Y. 1996) (plaintiff's two-year delay in adding defendants, as a result of a change in litigation strategy, did not warrant denial of leave to amend pleadings).

10. Here, none of the potential reasons for denying leave to amend identified in *Orix* supra. First, the Plaintiffs have not engaged in undue delay. Plaintiffs' Complaint was filed on September 29, 2007, and the Motion to Dismiss was subsequently filed on December 7, 2007.

11. In sum, Plaintiffs' proposed amendment will not cause prejudice to Defendants, and it does not raise any of the other concerns.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis Plaintiffs move this Court, for good cause as stated above, to grant this Motion for Leave to Amended and allow the filing of Plaintiffs' First Amended Complaint.

Respectfully submitted.

## VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury under the laws of the United States of America and of the state of Missouri that the foregoing is true and correct. All rights retained under the common law of the Organic Constitution for the United States of America.

On this _14_ᵗʰ day of December 2007

_(signature)_
Carl Roger Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

_(signature)_
Jo Elaine Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

## CERTIFICATE OF SERVICE

I, Carl Roger Davis, certify that on this ___14___ day of December 2007, I mailed a true and

correct copy of this Motion for Leave to File Amended Complaint and Memorandum of the Law.

on the following party:

      Daniel John Healy
      U.S. Department of Justice
      P.O. Box 227
      Washington, DC 20044
      Certified Mail: 7007 0220 0000 2023 1495

                                  Carl Roger Davis

Carl Roger Davis and Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]
Ph. (417) 334-1320

Plaintiffs, in *pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Carl Roger Davis and Jo Elaine Davis, | ) | **Case No. 1:07-CV-01749-RMU** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES, a Federal corporation; | ) | **FIRST AMENDED** |
| DEPARTMENT OF THE TREASURY; the | ) | **VERIFIED COMPLAINT** |
| INTERNAL REVENUE SERVICE; the | ) | |
| DEPARTMENT OF JUSTICE; Title 26 U.S.C. § | ) | |
| 7201; Title 26 U.S.C. §7203; Title 26 U.S.C. § | ) | |
| 7851; JAMES "TONY" STROTHER, in his | ) | |
| official capacity; TIMOTHY E. NOONAN; in his | ) | |
| official capacity; and DOES 1 through 5 | ) | **JURY TRIAL DEMANDED** |
| inclusively, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW; Carl Roger Davis and Jo Elaine Davis, Plaintiffs, proceeding on their own behalf, filing this First Amended Verified Complaint invoking the Constitution pursuant to 28 U.S.C. § 1331 *et seq.* to cede the jurisdiction of this Court, vesting it to act as an Article III Court under the Constitution for the United States of America to dispose of cases and controversy that fall within its constitutional ambit, since Article III *"serves to identify those disputes which are appropriately resolved through the judicial process." Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). It is well established that the "*Federal courts of limited jurisdiction are empowered to hear only those cases that the Constitution and Congress grant them authority to consider*." See *Finley v. United States*, 490 U.S. 545 (1989).

FIRST AMENDED
VERIFIED COMPLAINT                    1 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                       Notary page 44, Exhibits: 139 pages

The territorial authority of the United States is cited in *Balzac v. Porto Rico*, 258 U.S. 298 (1922). *"The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court." "It is a well established principal of law that the federal legislation applies only with the territorial jurisdiction of the United States unless a contrary intent appears."* *Foley Brothers v. Filardo*, 336, U.S. 281 (1948). *"Once challenged, jurisdiction cannot be 'assumed', it must be proved to exist."* *Stuck v. Medical Examiners*, 94 Ca2d 751.211 P2s 389. *"... Federal jurisdiction cannot be assumed, but must be clearly shown."* *Brooks v. Yawkey*, 200 F. 2d 633.

Plaintiffs have standing by virtue of the fact that Defendants' acts, commissions, and omissions have caused Plaintiffs to suffer an injury – an invasion of a legally-protected interest which is: (a) concrete and particularized (*Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n.16 (1972)) and (b) actual or imminent (Whitmore, supra, at 155 quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); secondly, there is a causal connection between the injury and the conduct complained of traceable to the challenged action of the Defendants (*Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)); and thirdly, it is likely that the injury will be redressed by a favorable decision, id. at 38, 43. *"In order to maintain a cause of action based on an allegation of constitution violations, a*

FIRST AMENDED
VERIFIED COMPLAINT                    2 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                        Notary page 44, Exhibits: 139 pages

*plaintiff must show that the actions complained of are 'fairly attributable' to the government.*"
(*Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).

Plaintiffs are at all times mentioned herein, proceeding in the capacity and standing as
Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Beings. Plaintiffs are
NOT appearing as a subclass statutory persons, citizens, collective entities, creatures of statute or
otherwise, but of a superior class and authority not enjoyed by the Defendants – corporate
entities void of conscience – given life and existence by their officials, officers, agents and
employees (see *Brasswell v. United States,* 487, U.S. 99 (1988) quoting *United States v. White,*
322 U.S. 694 (1944)).

The First, Fourth, Fifth, and Fourteenth Amendments to the Constitution secure Due
Process to the American people in the course of the Common Law, which necessarily includes
the right to trial by jury. See *Wayman v. Southard,* 23 U.S. 1; 6 L. Ed. 253; 10 Wheat 1(1825).
The United States Supreme Court established: "***The Constitution is to be interpreted according***
***to the Common Law Rules.***" *Schick v. United States,* 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99.
The Supreme Court stated further: "***It [U.S. Constitution] must be interpreted in the light of***
***Common Law, the principles and history of which are familiarly known to the framers of the***
***Constitution. The language of the Constitution could not be understood without reference to***
***the Common Law.***" *United States v. Wong Kim Ark,* 169 US 649; 18 S.Ct. 456. Therefore, this
Court is hereby provided with notice that, as a precaution, Plaintiffs are invoking the saving to
suitors clause at 28 U.S.C. § 1333(1) in order to secure and proceed in the course of the Common
Law in the event of controversy within special maritime and territorial jurisdiction of the United
States – which exists in this instant case.

FIRST AMENDED
VERIFIED COMPLAINT                    3 of 46         Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                      Notary page 44, Exhibits: 139 pages

This is an action seeking Common Law relief under the Constitution for the United States of America as amended, as a result of violations of the Plaintiffs' constitutional rights arising under the First, Fourth, Fifth, Fourteenth and Sixteenth Amendments. Further relief is sought pursuant to the Administrative Procedure Act (hereinafter called "APA") at 5 U.S.C. §§ 701-706, the Sherman Antitrust Act of 1890 and the Clayton Act of 1914 codified at 15 U.S.C. § 17, and the Commerce Clause. The following issues as alleged herein give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and is not extraordinary.

The Defendants' acts have effectively wreaked havoc on Plaintiffs' life, health, liberty, property and posterity, depriving Plaintiffs of their most fundamental rights as protected under the Constitution for the United States of America. The Plaintiffs reserve the right to amend this complaint at anytime in the event the Plaintiffs discover additional violations of the Constitution, State or Federal law cognizable as a cause of action, prior to and after the Defendants answer, by leave of the Court if necessary.

### Jurisdiction And Venue

This Court has Article III jurisdiction over this matter statutorily invoked pursuant to 28 U.S.C. §§ 1331 to engage the Common Law protections afforded to the Plaintiffs under the First, Fourth, Fifth, Ninth, Tenth, Thirteenth, Fourteenth and Sixteenth Amendments, and Article I, Section 7, Clauses 1 and 2, and Article I, Section 10, Clause 1 of the Constitution for the United States of America as Amended; the United States Code of Judicial Procedure; and the Administrative Procedures Act at 5 U.S.C. §§ 701-706. Jurisdictional claims arise under the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

FIRST AMENDED
VERIFIED COMPLAINT                    4 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

Venue is proper in this District pursuant to the United States Code of Judicial Procedure, 28 U.S.C. § 1391. The UNITED STATES is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). The DEPARTMENT OF THE TREASURY is an agency within the meaning of 5 U.S.C § 101, creating the Defendant INTERNAL REVENUE SERVICE as the internal affairs division within the Department as it is not an agency of the UNITED STATES.

A duly authorized officer and *qui tam* actor for the UNITED STATES federal corporation will answer on behalf of the acts committed by its officials, officers, agents from said district. *"The United States government is a foreign corporation with respect to a state."* (*In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942.) Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

The Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, the DEPARTMENT OF JUSTICE, Title 26 U.S.C. § 7201; Title 26 U.S.C. §7203; Title 26 U.S.C. § 7851; JAMES "TONY" STROTHER, in his official capacity; TIMOTHY E. NOONAN; in his official capacity; and DOES 1 through 5 inclusively, individually and collectively participated in causing damage and harm to Plaintiffs Roger Davis and Jo Elaine Davis' person and property; and Plaintiffs hereby enjoin all Defendants, pursuant to Fed.R.Civ.P. Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

## All References Made To Title 26 Of The United States Code aka The Internal Revenue Code Is Limited To "In The Nature Of" Only

The Plaintiffs, having documentary evidence sufficient to establish and conclude that the Internal Revenue Code was not enacted by the United States Congress as commanded under Article I, Section 7, Clauses 1 and 2 of the Constitution for the United States of America, make a limited reference to the Code "in the nature of" – only giving rise for the purpose of understanding the substance of the Plaintiffs' complaint – and no other inference should be drawn. Plaintiffs' reference to any statutes cited from the Code should not be construed or interpreted in any manner to validate that the Code was constitutionally enacted. To that end, the Plaintiffs cite Title 26 of the United States Code aka the Internal Revenue Code, as amended, herein and throughout.

## Defendants

i.     At all times relevant hereto, the corporate citizen Defendant the UNITED STATES aka the UNITED STATES OF AMERICA'S corporate headquarters is located at 500 N. Capitol Street NW, Washington, D.C. 20221.

ii.    At all times relevant hereto, the corporate citizen Defendant the DEPARTMENT OF THE TREASURY'S main office is located at 1500 Pennsylvania Avenue NW, Washington, D.C. 20220.

iii.   At all times relevant hereto, the corporate citizen Defendant the INTERNAL REVENUE SERVICE'S main office is located at 1111 Constitution Avenue NW, Washington, D.C. 20224, with a pilot office location at 3333 S. National, Suite 300, Springfield, Missouri 65807.

iv.    At all times relevant hereto, the corporate citizen Defendant the DEPARTMENT OF JUSTICE'S main office is located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

FIRST AMENDED
VERIFIED COMPLAINT                6 of 46            Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                    Notary page 44, Exhibits: 139 pages

v.    At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7201's main office is located at United States, c/o U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

vi.    At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7203's main office is located at United States, c/o U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

vii.    At all times relevant hereto, the corporate citizen Defendant Title 26 U.S.C. § 7851's main office is located at United States, c/o U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001.

viii.    JAMES "TONY" STROTHER is an employee of the Internal Revenue Service, Criminal Investigation Division located at 3333 S. National, Suite 300, Springfield, Missouri 65807.

ix.    TIMOTHY E. NOONAN is an employee of the Internal Revenue Service, Criminal Investigation Division, located at 3333 S. National Suite 300, Springfield, Missouri 65807.

x.    The true names and identities of DOES 1 through 5 are unknown to the Plaintiffs; however, when the true names and identities of the DOE Defendants are discovered, Plaintiffs will amend the complaint to include the true names and identities of DOES 1 through 5.

### Demand for Trial by Jury

Plaintiffs, Carl Roger Davis and Jo Elaine Davis, demand that the Federal Rules of Civil Procedure, Rule 1, Scope and Purpose of Rules shall govern this action, and Plaintiffs shall preserve inviolate, their **right of trial by jury** under Rule 38 and 57, and right of discovery disclosures without request prescribed under Rule 26, concurrent with Defendants' answer pursuant to Rule 7(a) and Rule 8(b), with no other pleadings allowed except upon Order of the

FIRST AMENDED
VERIFIED COMPLAINT                    7 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                Notary page 44, Exhibits: 139 pages

Court as provided by law. The **JURY** shall decide all issues including immunity, and shall decide upon all claims in this suit.

THEREFORE, demand is hereby made by Plaintiffs for a trial by jury to determine all facts and issues before the Court.

### The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

The United St*ates Supreme Court stated in Frank Lyon Co. v. United States*, 435 U.S. 561 (1978) 98 S.Ct. 1291, "In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. *"The Court has never regarded 'the simple expedient of drawing up papers,'"* Commissioner v. Tower, 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding*." Helvering v. Lazarus & Co., 308 U.S., at 255. See also Commissioner v. P. G. Lake, Inc., 356 U.S. 260, 266-267 (1958); Commissioner v. Court Holding Co., 324 U.S. 331, 334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant*." Commissioner v. Duberstein, 363 U.S. 278, 286 (1960).

### No Plain, Adequate And Complete Remedy, Statutory Or Otherwise, Exists For Plaintiffs To Challenge The Constitutionality Of A Federal Statute

Plaintiffs have invoked the tenable jurisdiction of the Administrative Procedure Act (APA). In this instant case, the Plaintiffs have no access to judicial review to challenge the constitutionality regarding the statutory language, construction or ambiguity of 26 U.S.C. § 7201, 7203 and 7851, as *". . . the Act was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax."* See

*South Carolina v. Regan,* 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). The Plaintiffs are seeking non-monetary relief under the APA regarding the procedural validity of the agency's actions.

The Administrative Procedure Act ("APA"), however, waives the United States' sovereign immunity for actions brought by [p]ersons *suffering a legal wrong* at the hands of an agency when those [p]ersons seek relief other than monetary damages pursuant to 5 U.S.C. § 702(a). *"Another waiver of sovereign immunity may be found in a statute that creates a federal agency, corporation or other artificial entity, and gives to that entity, the power to sue and be sued."* See *FDIC v. Meyer*, 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

In *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989), the court cited the intent of Congress in passing the APA in so stating: *". . . on its face, the 1976 amendment to § 702 waives sovereign immunity in all actions seeking relief from official misconduct except for money damages."* The court went on to state: ". . . *nothing in the legislative history of the 1976 amendment of § 702 suggests that Congress intended to limit the waiver of sovereign immunity to the specific forms of "agency action" enumerated in § 551(13). On the contrary, **Congress stated that "the time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a Federal agency or officer acting in an official capacity."*** H.Rep. No. 1656, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S. Code Cong. & Admin.News 6121, 6129 (emphasis supplied). ***"Congress singled out types of government conduct similar to the alleged INS conduct in this case — "tax investigations" and "control of subversive activities" — as appropriate for judicial review under the amended version of § 702."***

In this instant case, the UNITED STATES and named Defendants cannot and have not

pointed to a plain, adequate and complete remedy – statutory or otherwise – that would prove to have afforded the Plaintiffs a remedy to challenge the Constitutionality, validity or vagueness of an internal revenue statute – rendering the jurisdiction of the APA unquestionable.

### Affidavit of Facts And Summary Of Events

1.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

2.    That on or about October 25, 2000, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma, and provided an opportunity to the said District Director to produce competent evidence of Defendants' compliance, through its agent, with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and authority for operation of sections 6201, 6321, and 6331, Vol 68A, Stat 1, §§ 6201, 6321 and 6331, upon those denied the notice mandated in section 6001, subsection (d) (see **Exhibit A,** pages 1-3 attached hereto and incorporated herein by reference).

3.    That on or about November 8, 2000, Plaintiffs' Attorney, Milton Baxley, filed a complaint with the Treasury Inspector General Tax Administration regarding the failure of said District Director to produce competent evidence of Defendants' compliance with section 6001, subsection (d) of the Internal Revenue Code (see **Exhibit A,** pages 4-6 attached hereto and incorporated herein by reference).

4.    That the Chief, Automated Collection System, failed to produce competent evidence of defendant's claims for 1992, 1993, and 1994, in response to CPA Malatesta's correspondence.

5.    That on or about October 22, 2001, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the IRS Service Center Director in Kansas City and provided an

FIRST AMENDED
VERIFIED COMPLAINT                    10 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                        Notary page 44, Exhibits: 139 pages

opportunity to the said Service Center Director to produce competent evidence of claims made in a CP71D, regarding 1992, 1993, and 1994 (see **Exhibit A,** pages 7-8 attached hereto and incorporated herein by reference).

6.      That said Service Center Director failed to produce competent evidence of Defendant's claims for 1992, 1993, and 1994.

7.      That on or about November 12, 2001, Plaintiffs' Attorney, Milton Baxley, filed a Complaint of due process violations with the Internal Revenue Service General Counsel regarding the failures of the Service Center Director and the Chief, Automated Collection System, to produce competent evidence of authority or claims (see **Exhibit A,** pages 9-12 attached hereto and incorporated herein by reference).

8.      That on or about June 18, 2002, an individual identifying himself as Special Agent Timothy E. Noonan contacted the Plaintiff, Roger Davis, and was instructed to contact Plaintiff's Attorney at that time, Milton Baxley.

9.      That on or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to the Plaintiff, setting a date of July 1, 2002 to discuss alleged tax years 1999 and 2000.

10.     That on or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons by appointment regarding the information sought (see **Exhibit A,** page 13 attached hereto and incorporated herein by reference).

11.     That on or about July 8, 2002, Plaintiffs' Attorney, Milton Baxley, objecting to third party contacts, notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code; section 7602's implementation through Title 27, Code of Federal

FIRST AMENDED
VERIFIED COMPLAINT                    11 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                        Notary page 44, Exhibits: 139 pages

Regulations; and of a possible action for damages under Internal Revenue Code section 7431. Said Attorney Correspondence also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution and the Internal Revenue Code, including unauthorized disclosure (see **Exhibit A,** pages 14-15 attached hereto and incorporated herein by reference).

12.     That on or about July 8, 2002, Attorney Baxley responded to Noonan's offer of a Collection Due Process hearing (see **Exhibit A,** pages 16-19 attached hereto and incorporated herein by reference).

13.     That on or about August 14, 2002, Attorney Baxley filed another TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority as required by law when demanded. (See **Exhibit A-20.**)

14.     TIGTA failed to respond.

15.     That on or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued Third Party Summonses "In the matter of Carl Roger Davis..." to the following third-party entities: Trans Union Corporation, CSC Credit Services, Experian, and also issued a third-party summons In the matter of Jo Elaine Davis..." to Martin Enterprises; seeking testimony and records (see **Exhibit B**, pages 1 to 4 attached hereto and incorporated herein by reference).

16.     That on or about On or about May 18, 2004, an individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued Third-Party Summonses "In the Matter of Carl Roger Davis..." to the following entities: Annette's Bookkeeping Services, Inc., Jeffrey Long, CPA, Ozark Mountain Bank, Branson Bank, Roger Carl Davis, Oak Bluff Management Trust, Hattie's Trust, Phoenix Trust, R.C.D. Investments, R.C.D. Marketing Group,

Goody Trust, Farmhouse Trust, Chariots Trust, Branson Mountain Trust, Bottom Line Employee Services of Missouri, Inc., Attic Creek Holding Co., American Financial Services Trust, AG Impact Management, Inc., Arizona Trust, First Premier Mortgage, and The Farmhouse Restaurant; and Revenue Special Agent James "Tony" Strother (sic) issued Third-Party Summonses "In the Matter of Jo Elaine Davis..." to the following entities: The Farmhouse Restaurant, Oak Bluff Management Trust, and Jo Elaine Davis (see **Exhibit B**, pages 5 to 29 attached hereto and incorporated herein by reference).

17.    That on or about November 22, 2004, Internal Revenue Special Agent James Strother obtained a Search Warrant in Case # 04-2419-JCE-01, to search for the records sought by Noonan (see **Exhibit C**, pages 1 to 11 attached hereto and incorporated herein by reference).

18.    No Affidavit in support of said search warrant or summonses have been produced.

19.    That on or about November 23, 2004 at 6:05 a.m., James A. Strother, Timothy E. Noonan and Ten (10) UNKNOWN AGENTS raided Plaintiffs Roger Carl Davis and Jo Elaine Davis' property known as the "Farmhouse Family Restaurant" located at 119 West Main Street, Branson, Missouri.

20.    Plaintiffs were served with subpoenas to testify on January 19, 2005 before Grand Jury 2004R01281-01 that was investigating possible violations of the internal revenue laws at Title 26, United States Code, Section 7201 – for alleged "willful failure to file federal income taxes" (see **Exhibit D** attached hereto and incorporated herein by reference).

21.    That Plaintiffs are with evidence that the statutory construction of 26 U.S.C. § 7201 is an enforcement statute which fails to identify the tax imposed by the title which Plaintiffs have been made liable and allegedly are subject to (see **Exhibit E** attached hereto and incorporated herein by reference).

FIRST AMENDED
VERIFIED COMPLAINT                    13 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                 Notary page 44, Exhibits: 139 pages

22.    That 26 U.S.C. § 7851(6) *et seq.*, at Subtitle F, is the statute presumed to be enacted in compliance with to Article I, § 7, Clauses 1 and 2 of the Constitution for the United States of America, as Congress has failed to enact this title, rendering its enforcement a nullity (see **Exhibit G** attached hereto and incorporated herein by reference).

23.    That the Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE, the DEPARTMENT OF THE TREASURY, Title 26 U.S.C. § 7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851, and DOES 1 through 5, individually and collectively participated in causing damage and harm to Plaintiffs Carl Roger Davis and Jo Elaine Davis' person and property, and Plaintiffs hereby enjoin all Defendants, pursuant to Fed.R.Civ.P Rule 18, *in pari materia* with 28 U.S.C. § 1367, engaging this Court's supplemental jurisdiction.

24.    Although the Plaintiffs are of the conviction that the facts and law speaks unambiguously to the matters present herein and throughout, having experienced first hand the peril of American Citizens acting as *pro se* litigants proceeding before a prejudice and biased judiciary acting with impunity and favoritism on behalf of the UNITED STATES and its employees regarding these serious life and liberty issues, having no confidence in the judiciary due to the fear of reprisal and the potential for abuse of process as previously experienced, the Plaintiffs have submitted a copy of this First Amended Verified Complaint to the appropriate fiduciary Congressional authorities to effect the record for oversight and review purposes (see **Exhibit L** attached hereto and incorporated herein by reference).

### COUNT I.
### Defendants Violated The Fifth Amendment, 26 U.S.C. § 6531 And The APA

25.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

FIRST AMENDED
VERIFIED COMPLAINT                    14 of 46           Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                          Notary page 44, Exhibits: 139 pages

26.     On or About May 18, 2004, or soon thereafter, alleged Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN of the Department of the Treasury, Internal Revenue Service Criminal Investigation Division, (and DOES 1 through 5, inclusively), caused to be issued Form 2039 Summonses to the following: Annette's Bookkeeping Services, Inc.; Jeffrey Long, CPA; Ozark Mountain Bank; Branson Bank; Roger Carl Davis; Oak Bluff Management Trust; Hattie's Trust; Phoenix Trust; R.C.D. Investments; R.C.D. Marketing Group; Goody Trust; Farmhouse Trust; Chariots Trust; Branson Mountain Trust; Bottom Line Employee Services of Missouri, Inc.; Attic Creek Holding Co.; American Financial Services Trust; AG Impact Management, Inc.; Arizona Trust; First Premier Mortgage; and The Farmhouse Restaurant, demanding the production of books and records pertaining to the Plaintiffs, Carl Roger Davis and Jo Elaine Davis, seeking testimony and records pursuant to a criminal investigation.

27.     Plaintiffs are presently under criminal investigation for tax years 1998 through 2003 for possible violations of the internal revenue laws for alleged tax evasion and willful failure to file.

28.     The authority to indict and prosecute for violations of the internal revenue laws is found at Title 26 U.S.C. § 6531, which states in pertinent part: *"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years . . ."*

29.     The Defendants are investigating and seeking indictment and prosecution of the Plaintiffs for tax years 1998 through 2003 as indicated on the criminal investigation third party Summonses issued by Special Agent TIMOTHY E. NOONAN. Accordingly, Section 6531 of

the Code provides for a period of limitation for indictment under the internal revenue laws of up to six years.

30.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively), acting in their official capacity and under color of legal authority, are proceeding in direct violation of 26 U.S.C. § 6531, as the Summonses were issued solely for criminal purposes - seeking information against Plaintiffs for possible charges of tax evasion and willful failure to file.

31.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN (and DOES 1 through 5, inclusively) well knew that 26 U.S.C. § 6531 provides for the statute of limitation for prosecution, and said Defendants and their Criminal Investigation Division Manager and the Criminal Investigation Division Supervisor were all personally responsible for compliance.

32.    The last year Plaintiffs could have been indicted under the internal revenue laws for tax year 1998 was 2004, and for tax year 1999 was 2005 and for tax year 2000 was 2006, yet the Defendants are seeking to enlarge the statute and indict and prosecute the Plaintiffs more than seven (7) years beyond the statute of limitations as imposed by Congress.

33.    The Plaintiffs have been damaged as a direct and proximate result of the Defendants' intent on prosecuting the Plaintiffs' outside the statute of limitations as proscribed pursuant to 26 U.S.C. § 6531, giving rise to an action cognizable under the Administrative Procedure Act; and the Plaintiffs are entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.* in light of their collusive acts. Furthermore, Plaintiffs are entitled to the have this Court set forth a determination and order the Defendants to cease and desist with the continued public persecution and pending statutory prosecution of Plaintiffs as prohibited by Congress and until such time the Defendants have been ordered by Court decree.

FIRST AMENDED
VERIFIED COMPLAINT                    16 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                  Notary page 44, Exhibits: 139 pages

## COUNT II.
### Violations Of Plaintiffs' Rights Under APA and the Fourth Amendment

34.     Plaintiffs reallege all allegations stated above, and further state and allege as follows:

35.     On or About May 18, 2004 or soon thereafter, alleged Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN of the Department of the Treasury, Internal Revenue Service Criminal Investigation Division, (and DOES 1 through 5, inclusively), caused to be issued Form 2039 Summonses to issue in violation of 26 U.S.C. § 7602(d)(1) when they well knew a Justice Department referral was in effect.

36.     The individual identifying himself as Special Agent James "Tony" Strother is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN as employees of the Department of the Treasury, Internal Revenue Service Criminal Investigation Division.

37.     Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, (and DOES 1 through 5, inclusively), acting in their official capacity and under color of legal authority, issued the above-referenced administrative Summonses in direct violation of 26 U.S.C. § 7602(d)(1), as they were issued solely for criminal purposes - seeking information against Plaintiffs for possible charges of tax evasion and willful failure to file (see **Exhibit F** attached hereto and incorporated herein by reference).

38.     Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, (and DOES 1 through 5, inclusively), well knew that issuing the Summonses solely for a criminal purpose was a violation of 26 U.S.C. § 7602(d)(1, and said Defendants and their Criminal Investigation Division Manager and the Criminal Investigation Division Supervisor were all personally responsible for compliance.

FIRST AMENDED
VERIFIED COMPLAINT                    17 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                        Notary page 44, Exhibits: 139 pages

39.     Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, while

leading an alleged criminal investigation under the internal revenue laws into the activities of the

Plaintiffs, did cause third party summonses to issue for purposes of a criminal investigation as

expressly prohibited pursuant to Title 26 U.S.C. § 7602(d)(1), in violation of the Administrative

Procedure Act.

40.     The Plaintiffs have been damaged as a direct and proximate result of the Defendants'

issuance of third party summonses to issue for purposes of a criminal investigation as expressly

prohibited pursuant to Title 26 U.S.C. § 7602(d)(1), giving rise to an action cognizable under the

Administrative Procedure Act; and the Plaintiffs are entitled to a review of the assessment

procedures pursuant to 26 U.S.C. § 7429 *et seq.* in light of their collusive acts. Plaintiffs are

entitled to the have this Court set forth a determination and order the Defendants to cease and

desist with the continued public persecution and pending statutory prosecution of Plaintiffs until

such time the Defendants have been ordered by Court decree.

### COUNT III.
### Defendants Are Seeking Prosecution In Violation Of 26 USC 6213(a), The Due Process Clause Of The Fifth Amendment And The Administrative Procedures Act

41.     Plaintiffs reallege all allegations stated above, and further allege:

42.     On or about November 23, 2004 or soon thereafter, Defendants JAMES "TONY"

STROTHER and TIMOTHY E. NOONAN, (and DOES 1 through 5 inclusively), employees of

the UNITED STATES, a Federal corporation; the DEPARTMENT OF THE TREASURY and

the INTERNAL REVENUE SERVICE and the DEPARTMENT OF JUSTICE, conspired with

intent to deprive Plaintiffs of their constitutionally-protected Rights, did in bad faith and under

color of law intentionally and recklessly, with willful disregard for the internal revenue laws,

began seeking prosecution prior to issuance of *a Notice of Deficiency* (90-day letter) for tax years

FIRST AMENDED
VERIFIED COMPLAINT                    18 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

1992, 1993 and 1994 as <u>required</u> by 26 U.S.C. § 6212(a) and 6213(a) and (b) and applicable

Treasury Regulations (see **Exhibit H** attached hereto and incorporated herein by reference).

43.    Pursuant to 26 U.S.C. § 6213(a), Restrictions applicable to deficiencies; petition to Tax

Court, states in pertinent part: ". . . *no . . . proceeding in court . . . shall be . . . prosecuted until*

*such notice has been mailed to the taxpayer . . .*" and the Plaintiffs are not in receipt of any such

notice (see **Exhibit H** attached hereto and incorporated herein by reference).

44.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, (and DOES 1

through 5, inclusively), acting in their official capacity and under color of legal authority, are

seeking prosecution in direct violation of 26 U.S.C. § 6213(a) – seeking information against

Plaintiffs for possible charges of tax evasion and willful failure to file.

45.    Defendants JAMES "TONY" STROTHER and TIMOTHY E. NOONAN, (and DOES 1

through 5, inclusively), well knew no notices of deficiency were issued, and proceeded in

violation of 26 U.S.C. § 6213(a), which prohibits prosecution in court until such notices have

been mailed; and said Defendants and their Criminal Investigation Division Manager and the

Criminal Investigation Division Supervisor were all personally responsible for compliance.

46.    The Defendants never assessed any tax or caused a notice and demand to pay any tax

imposed to issue as commanded by 26 U.S.C. § 6301 prior to empanelling the Grand Jury

investigation and seeking prosecution as prohibited by 26 U.S.C. § 6213(a), clearly violating the

Fifth Amendment due process clause and rights of the Plaintiffs.

47.    As a direct and proximate result of the Defendants' failure to fully comply with 26

U.S.C. §§ 6212 and 6213(a) and their illegal conduct, the Plaintiffs are entitled to a review of the

assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*, and the Defendants should be

FIRST AMENDED
VERIFIED COMPLAINT                    19 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                 Notary page 44, Exhibits: 139 pages

ordered to cease and desist seeking prosecution of the Plaintiff as herein prohibited by this act of Congress.

**COUNT IV.**
**26 U.S.C. § 7201 Is Void For Vagueness And Is Constitutionally Defective**

48.     Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

49.     On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo Elaine Davis suffered an invasion and raid at the Family Farmhouse Restaurant and were informed that they were under Criminal Investigation by officers and employees of the Internal Revenue Service, and the Department of Justice, Tax Division pending possible statutory charges for alleged violations of 26 U.S.C. § 7201 – Attempt to evade or defeat tax.

50.     On or about January 28, 2005 or soon thereafter, Plaintiffs were issued subpoenas from the United States District Court, Western District of Missouri, to witness and testify against themselves before a grand jury under cause number 2004R01281-01 as it relates to the possible pending criminal charges of tax evasion – a statutory violation of 26 U.S.C. § 7201.

51.     The statutory construction and plain language of 26 U.S.C. § 7201, the statute which the Plaintiffs are presumed to have violated, states in pertinent part: "Any person who willfully attempts in any manner to evade or defeat *any tax imposed* by this title ... shall ... be guilty of a felony..."

52.     Plaintiffs are with evidence sufficient to conclude that the statutory language of 26 U.S.C. § 7201 is not a standalone, "self-executing" enforcement statute; it is overly broad and void for vagueness on its face, as it fails in its present statutory construction to disclose which tax is imposed by Title 26 that would give notice – as commanded by the Sixth Amendment to the Constitution for the United States of America – and inform Plaintiffs of the nature and cause of

FIRST AMENDED
VERIFIED COMPLAINT                    20 of 46        Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                      Notary page 44, Exhibits: 139 pages

the accusation, thereby extending the common-law right and opportunity to properly defend against any potential action that might be brought against the Plaintiffs.

53.    Title 26 of the United States Code, also known as the Internal Revenue Code, is a compilation of thousands of <u>different classifications of income taxes imposed</u>; however, the language of 26 U.S.C. § 7201 stands <u>moot</u>, as it fails to disclose which tax is imposed by the title applicable to the Plaintiffs' alleged activities.

54.    To the degree that the statute may be determined to have passed Constitutional muster under Article I, Section 7, Clauses 1 and 2, Congress has effectively placed the burden of proof on the Defendants, particularly the UNITED STATES at large, to identify the tax imposed in order to determine the liability of the TAXPAYER. However, 26 U.S.C. § 7201 – an enforcement statute – does not establish or create an income tax liability under the internal revenue laws; it functions to punish for the alleged evasion and nonpayment of some a statutory tax imposed under the Code.

55.    The statutory language and construction of 26 U.S.C. § 7491(a)(1), Burden shifts where taxpayer produces credible evidence, states as follows: "*If, **in any court proceeding**, a taxpayer introduces credible **evidence with respect to any factual issue relevant to ascertaining the liability** of the TAXPAYER **for any tax imposed** by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue*," thus shifting the burden of proof on the Defendants to identify and establish which statutory tax has been imposed under Title 26 of the United States Code.

56.    As the Code ambiguously references "any tax imposed," the Defendants have not identified which statutory tax has been imposed, or will be imposed by the Title that the Plaintiffs are presumed to have attempted to evade or defeat. Without question one can assert

that the phrase "*. . . tax imposed by this title . . ."* is overly broad, vague, ambiguous, constitutionally deficient, and creates an impossibility for a man or woman of average intelligence to know <u>which income tax law or internal revenue laws</u> the Plaintiffs are presumed to have attempted to evade or defeat.

57.    Without question one can assert that the phrase "*. . . tax imposed by this title . . ."* is overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know <u>which income tax law or laws</u> the Plaintiffs are presumed to have attempted to evade or defeat.

58.    Can the Plaintiffs establish that the vagueness of this statute appears on its face to violate the fundamental principles of the Common Law under the Sixth Amendment and does not provide full disclosure to inform a man or woman of average intelligence of the nature and cause of the accusation? We must answer in the affirmative. Let us consider a like scenario using a man or woman of average intelligence. In this example, on Saturday, December 23, 2006, TAXPAYER A crosses the path of TAXPAYER B at a large shopping mall during the Christmas Season in a parking lot of more than 5,000 vehicles.

59.    While in the presence of TAXPAYER B, TAXPAYER A begins to have a heart attack, becoming short of breath and clenching his chest. Before loosing consciousness, in a swallowed breath TAXPAYER A communicates to TAXPAYER B that his vehicle is parked in the mall parking lot and his heart medicine is located in the glove compartment of the vehicle – pleading before his last breath that he go retrieve it – at which point TAXPAYER A loses consciousness.

60.    TAXPAYER B goes into a full panic because TAXPAYER A passed out prior giving TAXPAYER B a description and location that would enable TAXPAYER B to locate TAXPAYER A's vehicle, retrieve the heart medication and save his life. Thus, in this scenario,

FIRST AMENDED
VERIFIED COMPLAINT                    22 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                        Notary page 44, Exhibits: 139 pages

TAXPAYER B was unable to save the life of TAXPAYER A because he was not given the information necessary to determine which one of the more than 5,000 vehicles in the mall parking lot belonged to TAXPAYER A.

61.    The above scenario is relative to the number of different alleged *taxes imposed* under the internal revenue laws and the income tax laws. The statutory construction and language of 26 U.S.C. § 7201 fails to disclose the particular *"tax imposed,"* leaving the Plaintiffs without knowledge of which tax they are presumed to have attempted to evade or defeat – surely a life and death situation considering the seriousness of the possible indictment. How can a [p]erson (sentient flesh and blood being) be punished to suffer the possible loss of life and liberty to become property of the Federal Government via incarceration pursuant to an ambiguous statute that is an enforcement statute, is not self-executing and is unsupported by an underlying statute identifiable within the Code?

62.    **The question of law that must be answered is:**

> Because 26 U.S.C. § 7201 is an enforcement statute and is not self-executing, which statute identifiable under Title 26 of the United States Code (IRC) imposes a statutory tax liability that the Plaintiffs are presumed to have violated that would give rise to Plaintiffs being indicted for the alleged crime of tax evasion?

63.    On its face, the statutory construction and language of 26 U.S.C. § 7201 is not a self-executing standalone enforcement statute, and must be supported by an enhancement statute that discloses the statutory *"tax imposed"* by Title 26 that would inform the Plaintiffs of the nature and cause of the accusation, as required under the Common Law pursuant to the Sixth Amendment to the Constitution for the United States of America.

64.    Does the statutory construction and/or ambiguous language of 26 U.S.C. § 7201 in its present form as a self-executing standalone enforcement statute violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs of which *"tax*

FIRST AMENDED
VERIFIED COMPLAINT                    23 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

*imposed*" by the title (under the internal revenue laws) that the Plaintiffs are presumed to have violated? Plaintiffs must answer in the affirmative.

65.    The statutory construction and plain language of 26 U.S.C. § 7201, charged as a self-executing standalone enforcement statute, must be challenged as <u>unconstitutional</u> on its face in direct violation of both the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) <u>which</u> tax is the "*. . . tax imposed by this title . . .*", be it an income or an internal revenue tax he is presumed to have violated.

66.    How can the Plaintiffs, a man and woman of average intelligence, defend against an undisclosed and invisible *tax imposed* under the internal revenue laws that the Defendants have refused to identify? The placement of the burden on the Plaintiffs in this conundrum is wholly unconstitutional.

67.    The statutory construction and language of 26 U.S.C. § 7201 violates the Common Law and Constitutional due process as it: (1) is not in harmony with the Common Law, (2) cannot be imposed upon citizens/subjects/statutory slaves referred to as TAXPAYERS equally, (3) is a Pandora's Box for selective prosecution, (4) is unreasonable, (5) does not have a real or substantial objective to be obtained, save fear and collusion, (6) violates the constitutional due process of law at Amendments Five, Six, Nine, Ten and Fourteen for failure to give notice and opportunity to be heard and to disclose the nature and cause of the accusation and (8) violates equal protection of the law. . Furthermore, the objective is not a reasonable and proper one for the legislature to seek, as neither the ends are legitimate, nor the means acceptable for meeting that end.

FIRST AMENDED
VERIFIED COMPLAINT                    24 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

68.    The statutory construction of 26 U.S.C. § 7201, presumed to be a self-executing standalone enforcement statute, is herein challenged by the Plaintiffs as void for vagueness and, therefore, unconstitutional because the crux of the statute is incompetent, and thus benign, wherein it does not disclose in its own words a statutory liability for which *". . . any tax imposed by this title . . ."* which the Plaintiffs are presumed to have attempted to evade or defeat – the very lynchpin for being indicted by the statute.

69.    Unfortunately, in this quagmire of "Congressional Activism," trolling hand-in-hand with "Judicial Activism," the United States Congress and United States Supreme Court make it no secret and have openly admitted that Congress intentionally enacts legislation to be ambiguous, so as to allow judicial activism, political interpretation and abuse of discretion that results in the *"selective prosecution"* of issues before the Court – in essence making every act of Congress *void ab initio.*

70.    This practice in and of itself is in bad faith and unconstitutional, because ambiguous legislation fails to comply with the common-law jurisdiction established under the Constitution for the United States of America, based on principles of the Common Law, to effectively instruct Citizens of average intelligence the intent of the law and what the law commands or forbids.

71.    The Plaintiffs have been damaged as a direct and proximate result of the Defendants' *failure to identify the tax imposed under the internal revenue laws* pursuant to 26 U.S.C. § 7201, that would give rise to an assessment under 26 U.S.C. §§ 6301. The Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*

WHEREFORE, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth a determination of the following:

FIRST AMENDED
VERIFIED COMPLAINT                    25 of 46            Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                         Notary page 44, Exhibits: 139 pages

a.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7201 is a statute void for vagueness, because it is not in harmony with the Common Law of the Constitution and violates the due process clause of the Fifth Amendment and the nature and cause of the accusation of the Sixth Amendment.

b.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7201 is void for vagueness and is, therefore, unconstitutional and cannot operate as a standalone enforcement statute, because it implies but fails to identify any tax imposed under the internal revenue laws that give rise to being charged by the statute itself.

c.    Issue an Order under the Common Law of the Constitution prohibiting the Defendants from causing the Plaintiffs to be charged for possible violation of 26 U.S.C. § 7201 until such time a determination has been made to establish the constitutionality.

### COUNT V.
### 26 U.S.C. § 7203 Is Void For Vagueness And Constitutionally Defective

72.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

73.    On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo Elaine Davis were informed that they are under Criminal Investigation by officers and employees of the Internal Revenue Service, Department of Justice, Tax Division, pending possible statutory charges for alleged violations of 26 U.S.C. § 7203 – Willful failure to file return, supply information, or pay tax.

74.    The language of 26 U.S.C. § 7203, the statute under which the Plaintiffs may be charged, is as follows: *"Any person required under this title to pay any estimated tax or tax*, or *required by this title* or by regulations made under authority thereof *to make a return, keep any records, or supply any information*, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor . . ."

75.    In addition the statutory language of 26 U.S.C. § 7203, Congress enacted 26 U.S.C. § 6001 as an enforcement statute for an alleged violation of failing to act, the section of the Code that the Secretary must give notice commanding Plaintiffs to act, which states in pertinent part: *"Every person liable for any tax imposed by this title*, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."

76.    Here the statutory language of section 6001 works *in pari materia* with, and is just as ambiguous as 7201 and 7203, employing phrases such as: (1) *every person liable*, (2*) any tax imposed*, (3) *that the Secretary may require any person by notice served upon him*, (4) *to keep books and records* – a statutory maze of internal revenue riddles. The language of 26 U.S.C. § 6001 appears to command an act of commission by the Secretary, in that he may require *any person* by notice served upon him to keep books and records.

77.    It is reasonable to presume that if the Secretary did not serve notice and the regulations do not serve notice (and there is no requirement for any person to serve notice upon himself),

FIRST AMENDED
VERIFIED COMPLAINT                    27 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                    Notary page 44, Exhibits: 139 pages

then Plaintiffs cannot be presumed to have violated 26 U.S.C. § 7203, the statutory enforcement statute for failing to act pursuant to notice not given by the Secretary or by regulations under 26 U.S.C. § 6001, which indeed is an act or alleged crime of omission.

78.     Plaintiffs are with evidence sufficient to conclude that the statutory language and construction of 26 U.S.C. § 7203 is problematic in that it is overly broad and void for vagueness on its face; it appears to fail to disclose who *any* person required is, under the title, to keep *any* records or supply *any* information, giving Plaintiffs notice and opportunity to pay any estimated tax required by statute and regulation.

79.     Title 26 of the United States Code is a compilation of thousands of <u>different classifications of income taxes imposed</u>; however, the language of 26 U.S.C. § 7203 appears to stand <u>moot,</u> as it fails to disclose who the any person is that is required to keep books and records and therefore burdens the Secretary to give notice to such person at 26 U.S.C. § 6001.

80.     Congress effectively placed the burden on the Government to serve notice on *any person* required to keep books and records, supply information and identify the tax imposed to determine the liability of the TAXPAYER; however, 26 U.S.C. § 7203 is a enforcement statute that does not establish or create a liability.

81.     The statutory language of 26 U.S.C. § 7491(a)(1), Burden shifts where TAXPAYER produces credible evidence, states as follows: "*If, **in any court proceeding**, a taxpayer introduces credible **evidence with respect to any factual issue relevant to ascertaining the liability** of the TAXPAYER **for any tax imposed** by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.*"

FIRST AMENDED
VERIFIED COMPLAINT                    28 of 46              Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                            Notary page 44, Exhibits: 139 pages

82. As the Code constantly references "any tax imposed," the Defendants have failed to identify what tax has been, or will be imposed, by the title under which the Plaintiffs are presumed to be required to pay an estimated tax or tax.

83. Without question one can assert that the phrase "*. . . Any person required . . ."* is overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know who ***any person required*** is, as such is the responsibility of the Secretary to inform the Plaintiffs of their duty to keep books and records – and if the Secretary fails to inform the Plaintiffs, it is his nonfeasance or failure to act that caused the Plaintiffs not to act.

84. Plaintiffs have never received notice from the Secretary, and by regulations are not required to keep books and records or render statements, without notice from the Secretary prior thereto.

85. Can the Plaintiffs establish that vagueness of this statute appears on its face to violate the fundamental principles of full disclosure and, therefore, due process? We must answer in the affirmative.

86. Let's consider a like scenario using everyday life for the average Human being/non-statutory Citizen or subject. In this example, TAXPAYER X, after securing a major contract with United States Oil Company (USOC), receives Letter 978 from the Secretary on January 15, 2004 explaining that because he sells Oil products throughout the United States of America, he is required to keep books and records to assess his tax liability and pay the tax on the oil products – and with such notice he proceeds accordingly.

87. But TAXPAYER Z, after graduating from high school, became a self sufficient carpenter who worked with his hands and contracted to build single and multiple family dwellings with

various construction vendors in his local State of Honesty beginning in 1994; he never filed a federal income tax return, because he never received notice from the Secretary like TAXPAYER X that instructed him to do so – therein never filing a return, never keeping books or records and never keeping information.

88.    Because TAXPAYER Z never received a notice from the Secretary or area director, he had no reason to believe that he was legally required to file a federal income tax return or pay a tax.

89.    The above scenario is relative to the number of different unknown taxes imposed by the income tax laws. The statutory construction and language of 26 U.S.C. § 7203 fails to disclose the particular *"person required,"* leaving the Plaintiffs without knowledge of which tax they are presumed to have willfully failed to file.

### The question of law that must be answered is:

(a)    Can a person be penalized and punished to suffer the possible loss of life and liberty, to become United States property based on a statutory enactment that commands the Secretary to perform an act that does not create a known legal duty Plaintiffs can effectively violate? The statutory obligation to notice the Plaintiffs is that of the Secretary's – not the Plaintiffs.

(b)    On its face, the statutory construction and language of 26 U.S.C. § 7203 acts as a standalone enforcement statute – unsupported by an enhancement statute, and not self-executing for prosecutorial purposes.

(c)    Does the statutory construction and/or language of 26 U.S.C. § 7203 – in its present form as a standalone enforcement statute that is not self-executing – violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs

of the statutory *__person required__* by the _Secretary_ to perform the Act? Plaintiffs must answer in the positive.

90.    The statutory construction of 26 U.S.C. § 7203 charged as a standalone enforcement statute that is not self-executing appears to be <u>unconstitutional</u> on its face, in direct violation of the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) of <u>which of</u> the 1000 plus taxes is the "*. . . tax imposed by this title . . .*" that they are presumed to have violated.

91.    The statutory language and construction of 26 U.S.C. § 7203 violates the substantive elements of constitutional due process as: (1) is not in harmony with the Common Law, (2) it cannot be imposed upon Citizens (TAXPAYERs) equally, (3) it is a Pandora's Box for selective prosecution, (4) it is unreasonable, (5) it does not have a real or substantial objective to be obtained, (6) the objective is not a reasonable and proper one for the legislature to seek, (7) the ends are not legitimate nor the means acceptable for meeting that end, and (8) it violates substantive and constitutional due process of law for failure to give notice and opportunity to be heard, fails to disclose the nature and cause of the accusation, and violates equal protection of the law.

92.    The statutory language and construction of 26 U.S.C. § 7203 – presumed to be a standalone enforcement statute that is not self-executing – is herein challenged by the Plaintiffs as unconstitutional and void for vagueness because the statute clearly commands that the main element of the statute encompasses the undisclosed liability for "*. . . any tax imposed by this title . . .*" which is the lynchpin for being charged by this statute.

FIRST AMENDED
VERIFIED COMPLAINT                              31 of 46                 Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                        Notary page 44, Exhibits: 139 pages

93.     The Plaintiffs have been damaged as a direct and proximate result of the Defendants'
*failure to identify the tax imposed under the internal revenue laws* pursuant to 26 U.S.C. §
7203, that would give rise to an assessment under 26 U.S.C. §§ 6301. The Plaintiff is entitled to
a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth
a determination of the following:

a.  Set forth a written judicial determination under the Common Law of the Constitution
that 26 U.S.C. § 7203 is a statute void for vagueness because it is not in harmony with the
Common Law of the Constitution and violates the due process clause of the Fifth Amendment
and the nature and cause of the accusation of the Sixth Amendment.

b.  Set forth a written judicial determination under the Common Law of the Constitution
that 26 U.S.C. § 7203 is void for vagueness and is therefore unconstitutional and cannot
operate as a standalone enforcement statute because it implies, but fails to identify, any tax
imposed under the internal revenue laws that give rise to being charged by the statute itself.

c.  Issue an Order under the Common Law of the Constitution prohibiting the
Defendants from causing the Plaintiffs to be charged for possible violation of 26 U.S.C. § 7203
until such time a determination has been made to establish the constitutionality of the statute.

## COUNT VI.
### Statutes Of The United States Not Legislatively Enacted by Congress
### As Required Under The Constitution Have No Force Or Effect Of Law

94.     Plaintiffs restate and incorporate by reference all of the allegations contained in all of the
preceding paragraphs.

95.     Documentary intrinsic evidence is sufficient to establish that ALL statutes under Subtitle
F of the Internal Revenue Code have not yet been enacted by an Act of Congress in violation of

FIRST AMENDED
VERIFIED COMPLAINT                    32 of 46        Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                      Notary page 44, Exhibits: 139 pages

Article I § 7 Clauses 1 and 2 of the Constitution, including but not limited to, 26 U.S.C. § 6531, 7201, 7203, 7802, 7431, 7433, 6103 and 7602.

96.    The Internal Revenue Service was created by the Department of the Treasury at 26 U.S.C. § 7802(a) as an Oversight Board (not an Act of Congress under the Constitution) for which the original intent was for (internal affairs) governing federal employees.

97.    This is further established in the United States Government Manual 2006 on page 341 as listed under the Department of the Treasury. This is supported at Title 26 U.S.C. § 6103(b)(9) – Federal agency "means an agency of section 551(1) of title 5, United States Code."

98.    The Constitution for the United States of America does not authorize an agency of the Government, including the Department of the Treasury, to pass legislative enactments – thus, limiting the jurisdictional reach of the Service.

99.    The term "Act of Congress" means a law enacted in one of the ways prescribed by Article I § 7 Clauses 1 and 2 of the Constitution. Acts of Congress are published in the United States Statutes At Large, which constitutes *legal evidence* of what the law provides. Article I § 7 Clause 1 and 2 of the Constitution states in pertinent part:

> Section 7 Clause 1: "*All Bills for raising revenue shall originate in the House of Representatives . . .*" and;
>
> Section 7 Clause 2: "*Every Bill which shall have passed the House of Representatives and the Senate, shall, before it becomes a Law, be presented to the President of the United States . . .*"

100.    Section 7851 of Title 26 comes under Subtitle F of the Internal Revenue Code (IRC) of 1954 and 1986 as amended to date.

101.    Subchapter B of Title 26 of the United States Code discloses the effective dates of enactment as codified at 26 U.S.C. § 7851 - Applicability of revenue laws:

FIRST AMENDED
VERIFIED COMPLAINT                                   33 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                                Notary page 44, Exhibits: 139 pages

(1) **Subtitle A.** "(A) *Chapters 1, 2, 4, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, <u>and ending after the date of enactment of this title</u>,*"

(2) **Subtitle B.** "(A) <u>*Chapter 11 of this title shall apply with respect to estates of decedents dying after the date of enactment of this title*</u>, and with respect to such estates chapter 3 of the Internal Revenue Code of 1939 is hereby repealed."

(3) **Subtitle C.** "*Subtitle C of this title shall apply only with respect to remuneration paid after December 31, 1954,* except that chapter 22 of such subtitle shall apply only with respect to remuneration paid after December 31, 1954, which is for services performed after such a date."

(4) **Subtitle D.** "*Subtitle D of this title shall take effect on January 1, 1955.*"

(5) **Subtitle E.** "*Subtitle E* shall take effect on January 1, 1955 ..."

(6) **Subtitle F.** "(A) General rule. <u>*The provisions of subtitle F shall take effect on the day after the date of enactment of this title*</u> and shall be applicable with respect to any tax imposed by this title."

102.    In accordance with the Internal Revenue Code, United States Code Service and United States Code Annotated, Title 26 U.S.C. § 7802 is provisioned under Subtitle F – Procedures and Administration, Chapter 75. Crimes and Other Offenses – an Act that Congress failed to legislatively enact under the Constitution at Article I, Section 7, Clauses 1 and 2 – giving rise to a Constitutional controversy. Accordingly, Subtitle A Income taxes, a Chapter 2 tax on self-employment as referenced at 26 U.S.C. § 7851(a)(1) come under this enforcement provision.

103.    A literal read of 26 U.S.C. § 7851(a)(1) states in pertinent part: "*Chapters . . . 2 . . . of this title shall apply. . . to taxable years beginning after December 31, 1953; <u>and ending after the date of enactment of this title.</u>*"

104.    The construction of the statute reads: Subtitle F "(a) General rule. <u>*The provisions of subtitle F shall take effect on the day after the date of enactment of this title*</u>," and there is no date of enactment for Subtitle F, no Public Law reference to the enactment of Subtitle F, no Enacting Clause for Subtitle F, or any other information to conclude that Subtitle F has ever been enacted under Congressional Mandate and legislative authorization.

FIRST AMENDED
VERIFIED COMPLAINT                    34 of 46            Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                          Notary page 44, Exhibits: 139 pages

105.   To further establish that Subtitle F has not yet been enacted by Congress, the following language is provisioned at 26 U.S.C. § 7851(c) – Crimes and forfeitures, which openly violates constitutional mandate and circumvents the required Acts of Congress in so stating:

> (c) **Crimes and forfeitures.** "*All offenses committed*, and all penalties or forfeitures incurred, *under any provision of law hereby repealed, may be prosecuted and punished in the same manner* and with the same effect *as if this title had not been enacted*."

106.   This statute unambiguously establishes that even if Congress has failed to comply with the constitutional requirements prescribed by Article I § 7 of the Constitution, Plaintiffs can be prosecuted and punished without such an enactment.

107.   If Plaintiffs are to rely on the clear language of the statute, a man or woman of average intelligence would conclude that Subtitle F, which covers Chapters 61 through 80, has not yet been enacted – and upon enactment, Chapter 2 of Subtitle A is ended. Plaintiffs seek declaratory relief to determine the validity of an enforcement statute that has never been enacted by Congress – and upon its enactment, the Chapter to which the statute applies shall have ended.

**The questions of law are as follows:**

(a)   Can the Department of the Treasury cause statutes to be published in the Internal Revenue Code as if they are legislative enactments by Congress under the Constitution – even though they have never been enacted as prescribed by Article I § 7 Clauses 1 and 2 of the Constitution?

(b)   Can Plaintiffs be persecuted and then prosecuted and punished by an Act of Congress related to any internal revenue law that has not been enacted by Congress as prescribed by Article I § 7 Clauses 1 and 2 of the Constitution?

(c)   Does Congress have the power to circumvent the prescribed mechanisms established by Article I § 7 Clauses 1 and 2 of the Constitution as it relates to the internal revenue laws?

FIRST AMENDED
VERIFIED COMPLAINT                35 of 46          Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                     Notary page 44, Exhibits: 139 pages

(d)    Can Congress draft and publish an Act that has never been enacted which effectively usurps and circumvents Article I § 7 Clauses 1 and 2 of the Constitution that may cause Plaintiffs to suffer punishment and prosecution in the same manner and with the same effect as if this title had not been enacted?

(e)    When Congress fails or refuses to comply with Article I § 7 Clauses 1 and 2 of the Constitution, does this not cause any Act *not* passed or enacted by Congress according to its terms to be null and void, having no force and effect in law?

108.    The Plaintiffs have been damaged as a direct and proximate result of the Defendants' *failure to establish where* under Constitution for the United States of America Congress is authorized to ignore and not comply with Article I § 7 Clauses 1 and 2, regarding the enactment of laws generating revenue, a/k/a, internal revenue laws.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth a determination of the following:

a.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7851, *et seq.*, is a statute under the internal revenue laws that must be enacted pursuant to Article I, § 7, Clauses 1 and 2 of the Constitution for the United States of America, which commands an Act of Congress.

b.    Set forth a written judicial determination under the Common Law of the Constitution that 26 U.S.C. § 7851, *et seq.*, has not been enacted pursuant to Article I, § 7, Clauses 1 and 2 of the Constitution for the United States of America pursuant to an Act of Congress and the statute is void – having no force or effect of law.

c.    Set forth a written judicial determination under the Common Law of the Constitution for Injunctive relief, prohibiting the Defendants from causing the prosecution of the Plaintiffs

FIRST AMENDED
VERIFIED COMPLAINT                    36 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                 Notary page 44, Exhibits: 139 pages

under the enforcement statues of the internal revenue laws pursuant to Title 26 U.S.C. § 7851(6) Subtitle F that have never been enacted at Article I, § 7, Clauses 1 and 2 of the Constitution for the United States of America and generally.

**d.** Issue an Order under the Common Law of the Constitution prohibiting the Defendants from causing the Plaintiffs to be prosecuted under the enforcement statues at Title 26 U.S.C. § 7851(6) Subtitle F of the internal revenue laws that have never been enacted by any Act of Congress.

**COUNT VII.**
**The Internal Revenue Service IS NOT Authorized Under The**
**Constitution For The United States Of America Through Any**
**Act Of Congress To Administer The Internal Revenue Laws**

109.    Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

110.    On or About May 18, 2004, or soon thereafter, alleged Special Agents JAMES "TONY" STROTHER and TIMOTHY E. NOONAN of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division (and DOES 1 through 5, inclusively) caused to be issued Form 2039 Summonses to the following: Annette's Bookkeeping Services, Inc.; Jeffrey Long, CPA; Ozark Mountain Bank; Branson Bank; Roger Carl Davis; Oak Bluff Management Trust; Hattie's Trust; Phoenix Trust; R.C.D. Investments; R.C.D. Marketing Group; Goody Trust; Farmhouse Trust; Chariots Trust; Branson Mountain Trust; Bottom Line Employee Services of Missouri, Inc.; Attic Creek Holding Co.; American Financial Services Trust; AG Impact Management, Inc.; Arizona Trust; First Premier Mortgage; and The Farmhouse Restaurant, demanding the production of books and records pertaining to the Plaintiffs, Carl Roger Davis and Jo Elaine Davis, seeking testimony and records pursuant to a criminal investigation. (See **Exhibit B** attached hereto and incorporated herein by reference.)

FIRST AMENDED
VERIFIED COMPLAINT                37 of 46                Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

111.    The Form 2039 Summonses clearly identify the Department of the Treasury and Internal Revenue Service to include the logo of their seal, the Buzzard as their signature and mark representing their corporate offices. (See **Exhibit B** attached hereto and incorporated herein by reference).

112.    In 1862, during the Civil War, President Lincoln and Congress created the Office of Commissioner of Internal Revenue and enacted an income tax to pay war expenses (see Revenue Act of 1862). The position of Commissioner exists today as the head of the Internal Revenue Service (see **Exhibit I** attached hereto and incorporated herein by reference).

113.    The organization created that enforced the collection of these taxes without authority was named the Bureau of Internal Revenue, in contrast to U.S. government institutions that collected external revenue through duties and tariffs.

114.    This organization is further established in the United States Government Manual 2006 on page 341 as the Internal Revenue Service listed under the Department of the Treasury. The Office of the Commission of Internal Revenue, cited as the Internal Revenue Service Oversight Board at 26 U.S.C. § 7802(a), was originally intended to oversee internal affairs and governance of federal employees. However, INTERNAL REVENUE SERVICE as it exists today was never created by an Act of Congress under the Constitution. As early as the year 1929, the Bureau of Internal Revenue began using the name "Internal Revenue Service" on at least one tax form. In 1953 the name change to the "Internal Revenue Service" was formalized in Treasury Decision 6038 (see **Exhibit I** attached hereto and incorporated herein by reference).

115.    To further establish the non-agency status of the INTERNAL REVENUE SERVICE, pursuant to Title 26 U.S.C. § 6103(b)(9) - Federal agency, *"means an agency of section 551(1) of title 5, United States Code,"* where any established entity of the United States Government

FIRST AMENDED
VERIFIED COMPLAINT                    38 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                  Notary page 44, Exhibits: 139 pages

deemed an "agency" is defined; and IRS is not defined as such within that meaning. (See **Exhibit J** attached hereto and incorporated herein by reference.)

116.    As affirmed and established by Richard A. Ward on November 18, 1993 in the case of _Diversified Metal Products, Inc., v. Internal Revenue Service, et al_., Civil No. 93-405-E-EJL, on page 2 at ¶ 4 of Counsel's answer, he affirms that the Internal Revenue Service is not an agency of the United States in so stating in pertinent part: ***"Denies that the Internal Revenue Service is an agency of the United States Government . . ."*** (See **Exhibit J** attached hereto and incorporated herein by reference.)

117.    In a recently declassified document released by the National Archives and Records Administration (NARA) dated August 25, 1945 to Secretary Vinson from Messrs. Luxford and Brenner regarding the Administrative History of the Bureau of Internal Revenue (existing now as the defendant INTERNAL REVENUE SERVICE), Luxford states on page 27 at § VIII ¶ 1: ***"There has never been any statutory creation of the Bureau of Internal Revenue, although the Bureau is mentioned in several statutes . . ."*** affirming the alleged existence of the _nul tiel_ entity, not created by any act of Congress – Constitutionally or otherwise – and, therefore, rendering the INTERNAL REVENUE SERVICE'S enforcement authority a nullity. (See **Exhibit K** attached hereto and incorporated herein by reference.)

118.    The Constitution for the United States of America does not authorize any agency of the Government, including the Department of the Treasury, to pass legislative enactments – thus, limiting the jurisdictional scope and reach of the INTERNAL REVENUE SERVICE and its _qui tam_ officers, agents and employees proceeding on behalf of the UNITED STATES Federal Corporation.

FIRST AMENDED
VERIFIED COMPLAINT                              39 of 46                  Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                         Notary page 44, Exhibits: 139 pages

**The questions of law are as follows:**

(a)   What part of the Constitution for the United States of America authorized the INTERNAL REVENUE SERVICE to act on behalf of the UNITED STATES or the DEPARTMENT OF THE TREASURY being created by any act of Congress to collect revenues within the meaning of Article I § 7 Clauses 1 and 2 of the Constitution?

(b)   What part of the Constitution for the United States of America authorized the DEPARTMENT OF THE TREASURY to create and employ the INTERNAL REVENUE SERVICE to act on behalf of the UNITED STATES to collect revenues from American Citizens pursuant to an act of Congress within the meaning of Article I § 8 Clause 1 of the Constitution?

(c)   What act of Congress created the INTERNAL REVENUE SERVICE under the Constitution for the United States of America that authorized its officers, agents and employees to collect revenues within the meaning of Article I § 8 Clause 1 of the Constitution?

(d)   Because the INTERNAL REVENUE SERVICE was not created by an act of Congress and is not an agency of the United States Government, without proceeding under abuse of power, color of law and color of authority, under what jurisdictional authority is the IRS authorized under the Constitution for the United States of America to act as a police power to enforce the collection of internal revenues allegedly owed by Plaintiffs within the meaning of Article I § 8 Clause 1 of the Constitution?

119.   The Plaintiff has been damaged as a direct and proximate result of the Defendants' *failure to establish where* under Constitution for the United States of America an act of Congress created the INTERNAL REVENUE SERVICE that would authorize its officers, agents or employees to act on behalf of the UNITED STATES Federal Corporation for the collection of internal revenue – or external revenue for that matter.

FIRST AMENDED
VERIFIED COMPLAINT                    40 of 46                Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                              Notary page 44, Exhibits: 139 pages

**WHEREFORE,** Plaintiffs Carl Roger Davis and Jo Elaine Davis pray the Court set forth a determination of the following:

a. Set forth a written judicial determination that the INTERNAL REVENUE SERVICE was not created under the Constitution for the United States of America pursuant to an act of Congress.

b. Set forth a written judicial determination that the INTERNAL REVENUE SERVICE is not an agency of the United States Government.

c. Set forth a written judicial determination that the INTERNAL REVENUE SERVICE is not an agency of the United States Government and its officers, agents and employees acted beyond their jurisdictional scope to issue administrative process and to petition the DEPARTMENT OF JUSTICE to empanel a Grand Jury to prosecute the Plaintiffs criminally for an alleged violation of the internal revenue laws.

## CONCLUSION

120.    At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

121.    The acts of the Defendants, the UNITED STATES Federal Corporation, the INTERNAL REVENUE SERVICE *nul tiel* corporation, the DEPARTMENT OF THE TREASURY and the DEPARTMENT OF JUSTICE are clear violations of the Constitution for the United States of America, Acts of Congress and the United States Supreme Court, committing pernicious acts under color of law.

122.    The reprehensible and vexatious conduct of and the illegal disclosure made by Criminal Investigation Division Special Agent JAMES "TONY" STROTHER and the other agents involved herein caused Plaintiffs substantial professional and personal embarrassment, loss of

FIRST AMENDED
VERIFIED COMPLAINT                    41 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                  Notary page 44, Exhibits: 139 pages

goodwill, and unnecessary attorneys fees and accountant fees, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

123.    The intentional and/or grossly negligent unlawful disclosure by Criminal Investigation Division Special Agent JAMES "TONY" STROTHER and the other agents involved herein entitles Plaintiffs to punitive damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis have been damaged by officials, officers, agents and employees of the Defendants and their agencies herein named due to their individual and collective intentional, willful and reckless acts and Plaintiffs pray for other declaratory and injunctive relief as follows:

a. Set forth a written judicial determination under the Common Law of the Constitution that the Defendants are statutorily prohibited from seeking prosecution of Plaintiffs pursuant to 26 U.S.C. § 6531, *et seq.*, which provides the statute of limitations for tax prosecutions under the internal revenue laws to six (6) years and that the Defendants are without jurisdiction to seek prosecution for years 1998, 1999 and 2000;

b. Set forth a written judicial determination under the Common Law of the Constitution that the Defendants proceeded in violation of 26 U.S.C. § 7602(d)(1), *et seq.*, which prohibits the issuance of administrative summonses when a Justice Department referral is in effect pursuant to a criminal investigation, rendering all evidence obtained by the Defendants in this manner null and void;

c. Set forth a written judicial determination under the Common Law of the Constitution that the Defendants are statutorily prohibited from seeking prosecution of Plaintiffs pursuant to 26

FIRST AMENDED
VERIFIED COMPLAINT                    42 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

U.S.C. § 6212(a) and 6213(a) *et seq.*, which prohibit the Plaintiffs from being prosecuted for an alleged violation of the internal revenue laws until such time a notice of deficiency or determination letter has been issued.

d.  Set forth a written judicial determination under the Common Law of the Constitution that the Defendants proceeded in violation of 26 U.S.C. § 6103 *et seq.*, bringing the Plaintiffs harm and injury with the disclosure of personal information to third parties not authorized or entitled to such disclosure;

e.  Award Plaintiffs declaratory and injunctive under the APA;

f.  Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable attorneys fees and costs; and

g.  Any other remedy under Common Law of the Constitution, at law and in equity this Court deems just and proper.

### JURY TRIAL DEMANDED

Respectfully Submitted.

### VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief. All Rights retained without recourse.

On this 14th day December, 2007

Signature _____
Carl Roger Davis, Plaintiff

Signature: _____
Jo Elaine Davis, Plaintiff

FIRST AMENDED
VERIFIED COMPLAINT                43 of 46        Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                  Notary page 44, Exhibits: 139 pages

# NOTARY ACKNOWLEDGMENT

State of Missouri            )
                             ) Subscribed and Sworn.
County of _Taney_            )

Before me, the undersigned authority, on this _14th_ day of _December_ , 2007

appeared **Carl Roger Davis  and  Jo Elaine Davis** known to me to be the person whose names

are subscribed to the foregoing instrument, and acknowledged to me that they executed the

instrument for the purposes and consideration expressed in the instrument.


Given under my hand and seal of office.

(Seal)

**KRISTINA D. NORDYKE**
Notary Public - Notary Seal
STATE OF MISSOURI
Taney County
07041935
My commission expires April 26, 2011

_Kristina D Nordyke_
Notary's Signature

My Commission Expires: _4·26·2011_


## ATTACHMENTS:

**Exhibit A:** Attorney Milton Baxley's Correspondence with the IRS in behalf of Plaintiffs
(19 pages)

**Exhibit B:** 2039 Summonses issued to Third-Party Entities (29 pages)

**Exhibit C:** Search Warrant to Search Family Farmhouse Restaurant (11 pages)

**Exhibit D:** Subpoenas to Testify Before a Grand Jury (10 pages)

**Exhibit E:** Title 26 U.S.C. § 7201 – Tax Evasion (1 page)

**Exhibit F:** Title 26 U.S.C. § 7602(d)(1) – Limitation of Authority To Issue Summons (2 pages)

**Exhibit G:** Title 26 U.S.C. § 7851, U.S. Constitution Article I § 7 Clause I and II  (12 pages)

**Exhibit H:** Title 26 U.S.C. §§ 6212 and 6213(a) – Restrictions Applicable to Deficiencies, 26
CFR §§ 301.6212 and 6213-1(a)(2)  (9 pages)

FIRST AMENDED
VERIFIED COMPLAINT                44 of 46                Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

**Exhibit I:** United States Government Manual 2005/2006 – Commissioner of Internal Revenue, Title 26 U.S.C. §§ 7801 and 7802 – Internal Revenue Service Oversight Board (12 pages)

**Exhibit J:** Diversified Metal Products, Inc., v. T-Bow Company Trust, Internal Revenue Service, etc – IRS Is Not An Agency Of the United States Government; and Title 26 U.S.C. § 6103(b)(9) - Federal agency (9 pages)

**Exhibit K:** NARA Declassified Document Dated August 25, 1945 Confirming That the Internal Revenue Service (Bureau of Internal Revenue) Has Never Been Created By Any Act Of Congress (38 pages)

**Exhibit L:** Letters to Chief Counsel William Smith, and Chief Counsel Preet Bharara of the U.S. Committee on the Judiciary, Senator Christopher S. "Kit" Bond, and to Senator Claire McCaskill. (6 pages)

FIRST AMENDED
VERIFIED COMPLAINT                    45 of 46                    Carl Roger Davis and Jo Elaine Davis, Plaintiffs
                                                                  Notary page 44, Exhibits: 139 pages

## CERTIFICATE OF SERVICE

I, Carl Roger Davis, certify that on this 13th day of December 2007, I served a true copy of the above First Amended Verified Complaint by certified mail addressed as follows:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Certified Mail:  7007 0220 0000 2023 1495


William Smith, Majority Chief Counsel
Preet Bharara, Minority Chief Counsel
US Committee on the Judiciary
Subcommittee Administrative Oversight/Courts
224 Dirksen Senate Office Building
Washington, D.C. 20510
Certified Mail: 7007 0220 0000 6951 6393


The Honorable Christopher S. "Kit" Bond
United States Senate
274 Russell Senate Office Bldg
Washington, D.C. 20510-2503
Certified Mail: 7007 0220 0000 6951 6409


The Honorable Claire McCaskill
United States Senate
717 Hart Senate Office Bldg
Washington, D.C. 20510-2504
Certified Mail: 7007 0220 0000 6951 6416


Carl Roger Davis

FIRST AMENDED
VERIFIED COMPLAINT                46 of 46                Carl Roger Davis and Jo Elaine Davis, Plaintiffs
Notary page 44, Exhibits: 139 pages

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis,<br><br>     Plaintiffs,<br><br>vs.<br><br>UNITED STATES, ET AL.,<br><br>     Defendants.<br><br> | Case No.  1:07-CV-01749-RMU<br><br><br>**[PROPOSED] ORDER** |

Having considered the Plaintiffs' motion for leave to file amended complaint, together with a memorandum in support thereof, and any opposition thereto, the Court concludes that the motion be granted.  Accordingly, it is this _____ day of _____, 2007

  **ORDERED** that Plaintiff's motion for leave to file amended complaint be and is **GRANTED**;

  **ORDERED** that Plaintiff is granted leave to file an Amended Complaint as set forth as Exhibit "A" attached to the Plaintiffs' motion; and it is further

  **ORDERED** pursuant to LCvR 15.1, the amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.


              _____
              UNITED STATES DISTRICT JUDGE

**COPIES TO**:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Carl Roger Davis and
Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]