**RECEIVED**

DEC 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, </br></br>Plaintiffs, </br></br>vs. </br></br>UNITED STATES, ET AL., </br></br>Defendants. | ) </br>) **Case No. 1:07-CV-01749-RMU** </br>) </br>) </br>) **MOTION FOR ENLARGEMENT OF** </br>) **TIME TO RESPOND TO MOTION TO** </br>) **DISMISS PENDING COURT ORDER** </br>) **ON MOTION FOR LEAVE TO FILE** </br>) **AMENDED COMPLAINT** </br>) </br>) |

PLAINTIFFS Carl Roger Davis and Jo Elaine Davis under Fed.R.Civ.P. 6(b)(1) request an enlargement of time to respond to Defendants' Motion to Dismiss Complaint.

Pursuant to Local Rule LCvR 7(m), Plaintiff Carl Roger Davis took the following action:

1. On December 13, 2007, at approximately 1:30 p.m. (Central Time), Carl Roger Davis telephoned the United States Attorney Daniel Healy at (202) 305-3402 to confer regarding the motion for leave to file amended complaint because he has discovered new causes of action.

2. Attorney Healy was not available and his voice-mail message stated that he would be out of the office for the rest of the week, but would periodically be checking his messages. Plaintiff then left a message on this voice mail stating that: This is Carl Roger D, Case No. 1:07-CV-01749-RMU. I am calling to confer because I am filing a Motion for Leave to File an Amend Complaint because I have discovered additional Causes of Action; and I am also filing an Enlargement of Time to Answer the Motion to Dismiss pending the Court's Order on the Motion for Leave to File an Amend Complaint; because filing the Amended Complaint will

cause the Motion to Dismiss to become moot; and requested that Attorney Healy return his call as soon as possible.

## MEMORANDUM OF THE LAW

1. <u>Introduction.</u> Defendants filed the motion to dismiss on December 18, 2007.

2. <u>The time for the Plaintiffs to serve a response with a memorandum of points and authorities in support.</u> According to LCvR 7 Plaintiff have eleven (11) days to file a responsive memorandum. Accordingly Plaintiffs responsive memorandum with citation of authorities in opposition to the motion is due on December 18, 2007.

3. <u>Compliance with the pleading deadline.</u> The filing of Plaintiffs' first amended complaint will make responding to UNITED STATES' motion to dismiss moot, as Plaintiffs' first amended complaint must be served on all of the Defendants, who must then answer the first amended complaint.

4. <u>Relief requested.</u> Plaintiffs move for an enlargement of time by which to respond to the Defendants' motions to dismiss until thirty (30) days from the date the Court rules on Plaintiffs' pending motion for leave to file amended complaint.

5. <u>The Court has discretion to grant this motion.</u> Under Fed.R.Civ.P. 6(b)(1), the Court for cause shown, may enlarge the time for answering, moving, or otherwise pleading to the complaint. See *Poe v. Christina Cooper Mines, Inc.*, 15.F.R.D. 85, 87-88 (D.Del. 1953). A the revisers of Professor Moore's treaties on procedure have commented:

> "When a party requests an extension before the time period has elapsed, pursuant to Rule 6(b)(1), the district court usually will be liberal in granting the request. Rule 6(b) allows the court to enlarge time periods in its discretion "for cause shown." What cause must be shown is not specifically set out in Rule 6(b), but some justification for the enlargement seems to be required. The court generally will find that cause has been shown and grant the extension unless the moving

party has been negligent, shown bad faith, or abused the privilege of extensions."

1 Daniel R. Coquillette, et al., Moore's Federal Practice, § 6.06[2], p.6-4.01 (1999) (footnotes omitted); Baden v. Craig-Hallum, Inc., 115 F.R.D. 582, 585 (D. Minn. 1987).

6. Plaintiffs have not been guilty of negligence or bad faith, nor have Plaintiffs abused the privilege of extensions.

7. Summary. The Court should exercise its discretion to grant the requested enlargement of time in the interest of justice and for cause shown.

WHEREFORE, Plaintiffs move for an enlargement of time by which to respond to the Defendants' motions to dismiss until thirty (30) days from the date the Court rules on Plaintiffs' pending motion for leave to file amended complaint.

## VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, Plaintiffs, declare under penalty of perjury under the laws of the United States of America and of the state of Missouri that the foregoing is true and correct. All rights retained under the common law of the organic Constitution for the United States of America.

Respectfully submitted.

On this 14th day of December 2007

*[signature]*
Carl Roger Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

*[signature]*
Jo Elaine Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

## CERTIFICATE OF SERVICE

I, Carl Roger Davis, certify that on this _14th_ day of December 2007, I mailed a true and correct copy of this Motion for Enlargement of Time to Answer the Motion to Dismiss, etc. on the following party:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Certified Mail:  7007 0220 0000 2023 1495

                                        _____
                                        Carl Roger Davis



UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:07-CV-01749-RMU |
| ) | |
| vs. ) | |
| ) | |
| ) | [PROPOSED] ORDER |
| ) | |
| UNITED STATES, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Having considered the Plaintiffs' motion for enlargement of time to respond to respond to Defendants' Motion to Dismiss Complaint, pending the Court's resolution of the motion for leave to file amended complaint together with a memorandum in support thereof, and any opposition thereto, the Court concludes that the motion be granted. Accordingly, it is this ____ day of _____, 2007

**ORDERED** that Plaintiffs' motion for enlargement of time to respond to Defendants' Motion to Dismiss Complaint be and is **GRANTED**;

**ORDERED** that Plaintiffs are Granted an enlargement of time by which to respond to the Defendants' motions to dismiss until thirty (30) days from the date the Court rules on the Plaintiffs' pending motion for leave to file amended complaint; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

**COPIES TO**:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Carl Roger Davis and
Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]]

Carl Roger Davis and Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

Plaintiffs, in *pro se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, | ) |
| | ) Case No. 1:07-CV-01749-RMU |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **PLAINTIFFS' JURY DEMAND** |
| UNITED STATES, a Federal corporation; DEPARTMENT OF THE TREASURY; the INTERNAL REVENUE SERVICE; the DEPARTMENT OF JUSTICE; Title 26 U.S.C. § 7201; Title 26 U.S.C. §7203; Title 26 U.S.C. § 7851; JAMES "TONY" STROTHER, in his official capacity; TIMOTHY E. NOONAN; in his official capacity; and DOES 1 through 5 inclusively, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

COMES NOW Carl Roger Davis and Jo Elaine Davis, Plaintiffs, proceeding on their own behalf, hereby request that this matter be tried before a jury.

## MEMORANDUM OF THE LAW

We begin with the fundamental principle that *"The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government."* See <u>Chambers v. Baltimore & Ohio Railroad</u>, 207 U.S. 148. Thus, *"Discretionary choices are not left to a court's inclination, but to its judgment, and its judgment is to be guided by sound legal principles."* (see <u>United States v. Burr</u>, 25 F.Cas. 30, 25 (C.C.Va. 1870) (no. 14, 692d) (Marshall, C.J.).

The Plaintiffs understand that *"In order to maintain a cause of action based on an allegation of constitution violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the government."* (Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)), and every cause of action is directly attribute to officers, agents and employees of the United States Governments' absolute abuse power.

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Thus, *"The Constitution is to be interpreted according to the Common Law Rules."* Schick v. United States, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: *"It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law."* United States v. Wong Kim Ark, 169 US 649; 18 S.Ct. 456.

Although the thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791, it has long been settled that the right extends beyond the common-law forms of action recognized at that time. Mr. Justice Story established the basic principle in 1830:

> "The phrase `common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence . . . . *By common law, [the Framers of the Amendment] meant . . . not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered . . . . In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights."* Parsons v. Bedford, 3 Pet. 433, 446-447 (1830) (emphasis in original).

The United States Congress predatorily and unconstitutionally converted much of the common law and the staple rights of American Citizens protected under the Constitution into statutory

enactments by legislation; such acts compelled the Supreme Court to create a remedy and establish the right to trial by jury – extending those rights as statutory rights ruling:

> "*... we have considered the applicability of the constitutional right to jury trial in actions enforcing statutory rights "as a matter too obvious to be doubted."* 467 F.2d, at 1114. *Although the Court has apparently never discussed the issue at any length, we have often found the Seventh Amendment applicable to causes of action based on statutes. See, e. g., Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477 (1962) (trademark laws); *Hepner v. United States,* 213 U.S. 103, 115 (1909) (immigration laws); cf. *Fleitmann v. Welsbach Street Lighting Co.,* 240 U.S. 27 (1916) (antitrust laws), and the discussion of *Fleitmann* in *Ross v. Bernhard,* 396 U.S. 531, 535-536 (1970). <u>*Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand,*</u> *if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.*" See *Curtis v. Loether,* 415 U.S. 189, 194 (1974).

In this instant case, the Plaintiffs' Amended Verified Complaint cites the statutory jurisdiction of the Administrative Procedure Act codified at 5 U.S.C. §§ 701-706, authorizing civil suits against the United States when one of its officers cause a [person] to suffer *"... legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof..."* 5 U.S.C. 702.

Further, the right to trial by jury is cognizable under the *prima facie* internal revenue laws at 26 U.S.C. § 7429, authorizing civil actions to contest, dispute or challenge assessment procedures (or the lack thereof) exercised by officers, agents and employees of the Internal Revenue Service, a non-agency of the United States Federal Corporation.

Respectfully Submitted.

## VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief. All Rights retained without recourse.

On this __14__ day December 2007

_____
Carl Roger Davis, Plaintiff

_____
Jo Elaine Davis, Plaintiff

## NOTARY ACKNOWLEDGMENT

State of Missouri )
                  ) Subscribed and Sworn.
County of __Taney__ )

Before me, the undersigned authority, on this __14__ day of __December__, 2007 appeared **Carl Roger Davis and Jo Elaine Davis** known to me to be the person whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the instrument for the purposes and consideration expressed in the instrument.

Witness my hand and official seal.

**KRISTINA D. NORDYKE**
Notary Public - Notary Seal
STATE OF MISSOURI
Taney County
07041935
My commission expires April 26, 2011

_____
Notary's Signature

My Commission Expires: __4-26-2011__

## CERTIFICATE OF SERVICE

I, <u>Carl Roger Davis</u>, certify that on this _14th_ day of December 2007, I served a true copy of the above Plaintiffs' Jury Demand by certified mail addressed as follows:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Certified Mail:  <u>7007 0220 0000 2023 1495</u>

_/s/ Carl Roger Davis_
Carl Roger Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Carl Roger Davis and Jo Elaine Davis, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07-CV-01749-RMU |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Having considered the Plaintiffs' Request for Trial Before a Jury, and any opposition thereto, the Court concludes that the request be granted. Accordingly, it is this ____ day of _____, 2007

**ORDERED** that Plaintiff's Request for Trial Before a Jury be and is **GRANTED**;

**ORDERED** that this matter shall be tried before a jury; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Bradley J. Schlozman, U.S.A.
Daniel J. Healy, Trial Attorney
U.S. Dept. of Justice Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

Carl Roger Davis and
Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]