IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL ROGER DAVIS and<br>JO ELAINE DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01749 (RMU) |
| | ) | |
| UNITED STATES, a Federal corporation; | ) | |
| DEPARTMENT OF THE TREASURY; | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| DEPARTMENT OF JUSTICE; | ) | |
| TITLE 26 U.S.C. §. 7201; | ) | |
| TITLE 26 U.S.C. §. 7203; | ) | |
| TITLE 26 U.S.C. §. 7851; | ) | |
| JAMES "TONY" STROTHER, in his | ) | |
| official capacity; | ) | |
| TIMOTHY E. NOONAN, in his | ) | |
| official capacity; and | ) | |
| DOES 1 THROUGH 5 inclusively, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>

DEFENDANTS, the United States, the Department of the Treasury, the Internal

Revenue Service, the Department of Justice, Special Agent James "Tony" Strother and

Special Agent Timothy E. Noonan,[1] move under Fed. R. Civ. P. 12(b)(1), (2), (5) and (6),

to dismiss plaintiffs' complaint.  As grounds for this motion, defendants submit that the

Court lacks jurisdiction over the defendants, over plaintiffs' claims for declaratory and

---

[1] Plaintiffs name three federal statutes in the caption of their complaint.  It is not clear why or how they are named, but this motion is not made on their behalf.  Further, the DOES 1 through 5 remain unknown to the defendants making this motion.

injunctive relief and over any cognizable claim the plaintiffs intended to make for

damages.  Further, the plaintiffs have failed to state a claim for damages.  A

memorandum of points and authorities  in support of this motion and a

proposed order are also submitted.

DATED: January 2, 2008.                    Respectfully submitted,


                                            /s/ Daniel J. Healy_____
                                           DANIEL J. HEALY, #476233
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Washington, DC  20044
                                           Tel./FAX:  (202) 305-3402/514-6866
                                           Email: Daniel.J.Healy@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CARL ROGER DAVIS, et al.                    )
                                            )
                    Plaintiffs,             )
                                            )
        v.                                  )        No. 1:07-cv-01749 (RMU)
                                            )
UNITED STATES, et al.                       )
                                            )
                    Defendants.             )

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION
<u>TO DISMISS THE AMENDED COMPLAINT</u>

DEFENDANTS, the United States, the Department of the Treasury, the Internal

Revenue Service, the Department of Justice, Special Agent James "Tony" Strother and

Special Agent Timothy E. Noonan,[1] move to dismiss this case.  The defendants

previously moved to dismiss the plaintiffs' complaint on December 7, 2007.  The

plaintiffs filed an amended complaint and the defendants now move to dismiss the

amended complaint.

## <u>PRELIMINARY STATEMENT</u>

Now after three prior dismissed federal lawsuits and an initial complaint in this

case, plaintiffs claim to have "discovered additional causes of action."   The only new

cause of action asserts that the Internal Revenue Service ("Service") lacks authority to

---

[1] Plaintiffs name three federal statutes in the caption of their complaint.  It is not clear why or how they are named, but this motion is not made on their behalf.  Further, the DOES 1 through 5 remain unknown to the defendants making this motion.

administer the internal revenue laws.  The amended complaint also adds vague references to damages.  But the fact remains that the amended complaint primarily seeks to enjoin the Service from investigating or ultimately collecting taxes from plaintiffs.

The forty-six page amended complaint regurgitates, largely word-for-word, the same fact pattern and causes of action set forth in the original complaint in this case and the plaintiffs' prior complaint dismissed for lack of jurisdiction by the United States District Court for the Western District of Missouri in an order dated June 25, 2007. (Davis, et al. v. United States, et al., 07-cv-3039 (RED) (USDC W.D. Mo.), Order of 6/25/07; see Healy Decl. Ex. 102.)  The minor additions to the amended complaint do not create jurisdiction.  Accordingly, for nearly the same reasons set forth in support of the defendants' December 7, 2007 motion to dismiss, the plaintiffs' amended complaint should be dismissed:

1)  Procedurally, plaintiffs failed to serve the original complaint properly and have failed to correct service.  Where the United States or its agencies or officials are defendants, service of process is a jurisdictional issue.  For this reason alone, the amended complaint should be dismissed.

2)  The plaintiffs continue demand declaratory and injunctive relief.  As explained in the defendants first motion to dismiss, such relief is jurisdictionally barred by the Anti-Injunction Act and the Declaratory Judgment Act.  Each count in the complaint should be dismissed in its entirety on this ground alone.  Each of the counts,

save the newly added Count VII, were dismissed by the Western District of Missouri on that ground.  (See Healy Decl. Ex. 102.)

3) Although the plaintiffs vaguely claim they were damaged, they fail to allege any factual support for a damage claim.  In any event, to the extent the plaintiffs allege any claim for money damages under 26 U.S.C. §§ 7431 or 7433, such claims are time barred.  All facts alleged in the complaint took place more than two years prior to the filing of this case.

Lastly, the defendants ask that, in addition to dismissing the complaint, the Court require the Davis' to seek leave of court before filing any further frivolous complaints.  The repeated filing of largely the same allegations is a waste of judicial time and resources and an unwarranted burden on the government's, limited resources.

## ARGUMENT

### I.    Plaintiffs Failed to Serve the Defendants

The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) based on the Plaintiffs' failure to serve process on the United States, as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(c).

When the United States or any of its agencies or employees is named as a defendant, Rule 4(i) particular service by registered or certified mail.  Fed. R. Civ. P. 4(i)(1) & (2); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332, 332 (D.D.C. 1980).  In addition, rule 4(c)(2) prohibits parties from serving process. Fed. R. Civ. P. 4(c)(2).   Service effected by a party plaintiff is grounds for dismissal.

3

Reading v. U.S., 506 F. Supp.2d 13, 19 (D.D.C. 2007) (Urbina, J.).

Here, the return address on the envelopes used to mail the copies of the summonses and complaints indicate that they are from plaintiff Carl Roger Davis.  The envelopes show his own return address, evidencing that he mailed the documents in an improper attempt to serve them.  (Healy Decl. Ex. 105.)  The United States Attorney's office even notified the plaintiffs that service was improper, but the plaintiffs refused to cure their improper attempt.  (Healy Decl. Exs. 103 & 104.)

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See Myers v. American Dental Ass'n, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

Plaintiffs have not properly served any of the named defendants because Carl Roger Davis mailed copies of the summons and complaint in violation of rule 4(c)(2). Despite filing an amended complaint, plaintiffs have failed to correct service.

4

Accordingly, the amended complaint should be dismissed for insufficiency of service.

## II.    The Court Lacks Jurisdiction over Plaintiffs' Claims

### A.  Plaintiffs Are Required to Establish Jurisdiction

In determining a motion to dismiss under rule 12(b)(1), dismissal for lack of jurisdiction, the Court may consider facts outside the complaint. Haase v. Sessions, 835 F.2d 902 (D.C. Cir. 1987).  Moreover, plaintiffs bear the burden of proving that jurisdiction does in fact exist.  Cheyenne-Arapaho Tribes of Oklahoma v. United States, --- F. Supp.2d ----, 2007 WL 2800372 (D.D.C. 2007) (stating further that the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts).

Despite the Court's duty to construe *pro se* complaints liberally, the Court should review the plaintiffs' allegations under a rule 12(b)(1) analysis with more scrutiny than under a rule 12(b)(6) analysis and may not hear a matter over which it does not have jurisdiction.  Ludvigson v. U.S., --- F. Supp.2d ----, 2007 WL 4172071 (D.D.C. 2007).  The court lacks jurisdiction if the complaint fails to meet any threshold jurisdictional requirement.  Id. (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

### B.  Plaintiffs Cannot Establish Jurisdiction

It is well-settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976);

5

United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947). Waivers of sovereign immunity cannot be inferred and must be explicit and strictly construed in favor of the United States. Thompson v. Kennickell, 797 F.2d 1015, 1026 (D.C. Cir. 1986) (holding that sovereign immunity cannot be waived by implication), cert. denied, 480 U.S. 905 (1987); Gandy v. United States, 234 F.3d 281, 283 (5th Cir. 2000) (affirming dismissal of plaintiff's complaint for lack of jurisdiction where complaint was brought more than two years after the alleged disclosure). In Gandy, for example, there was a factual issue as to when the plaintiff learned of the alleged unauthorized disclosure and the Fifth Circuit upheld the district court's determination that the plaintiff's claim of lack of knowledge of the disclosure was not credible. Id. at 283-84.

As a basis for jurisdiction here, Plaintiffs invoke the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the United States' waiver of sovereign immunity under that statute. (Amended Compl. pp. 4, 9 & 43) Courts have recognized that the APA does not confer independent grounds for jurisdiction and cannot override another statute that makes clear Congress' intent to limit the remedies available as against the United States. 5 U.S.C. § 701(a)(1); Patent Office Professional Ass'n v. Federal Labor Relations Auth., 128 F.3d 751, 753 (D.C. Cir. 1997) (holding the APA cannot serve as an

independent ground for jurisdiction because it does not provide jurisdiction where a statute precludes jurisdiction and holding that the claim was properly dismissed in that case); Lac Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft, 360 F. Supp.2d 64, 66-67 (D.D.C. 2004) (even interpreting the APA to provide a presumption of judicial review, such presumption is overridden by Congressional intent to preclude judicial review and holding there was no jurisdiction because another statute precluded review of the challenged action).

As further explained below, plaintiffs request in each of their counts and in their *ad damnum* clauses both injunctive and declaratory relief.  The Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, bars injunctive relief for claims relating to the assessment or collection of taxes, like plaintiffs' claims, and the Declaratory Judgment Act ("DJA"),  28 U.S.C. § 2201, bars declaratory relief for claims respecting Federal taxes.  Those statutes expressly demonstrate Congress' intent to override the APA.  Murphy v. United States, 493 F.3d 170, 174 (D.C. Cir. 2007) (holding that the AIA and DJA preserve immunity from declaratory and injunctive relief, except in certain circumstances inapplicable here).  Accordingly, the APA does not provide jurisdiction for the plaintiffs' claims.

### 1.  Under the AIA, Plaintiffs' Complaint Should Be Dismissed

The AIA prohibits the plaintiffs from seeking injunctive relief for alleged violations of the tax laws and this prohibition cannot be overridden by the APA.  Foodservice & Lodging Institute v. Regan, 809 F.2d 842, 844 (D.C. Cir. 1987).  The AIA provides, with limited exceptions, that

> ... no suit for the purpose of restraining the assessment of or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421.  The AIA furthers the policy of enabling the government to collect taxes expeditiously and with a minimum of pre-enforcement judicial interference, while permitting the legal right to any disputed sums to be determined post-collection in a refund suit.  See, e.g., Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974).  Furthering that policy, this Court has recognized that the AIA prohibits injunctions against any and all acts related to or that could culminate in the assessment or collection of taxes, as well as against specific acts of assessment and collection themselves.  Debt Buyers' Ass'n v. Snow, 481 F. Supp.2d 1, 8 (D.D.C. 2006).

As the AIA presents a jurisdictional bar to plaintiffs' claims for injunctive relief, those claims are barred unless they fall into one of the specifically enumerated exceptions to the AIA.  None of the statutorily identified exceptions in the AIA applies here.  See 26 U.S.C. § 7421(a).

Similarly, neither of the two narrow, judicially-created exceptions applies here. The first exception, the Williams Packing exception, applies when the plaintiff establishes:  (1) that when the facts and law are viewed in the light most favorable to the government, it is clear that under no circumstances could the government ultimately prevail; and (2) that "equity jurisdiction otherwise exists," due to a threat of irreparable injury for which the plaintiff has no adequate legal remedy.  Enochs v. Williams

Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Plaintiffs must establish *both* elements.
Bob Jones Univ., 416 U.S. at 736-37; Alexander v. 'Americans United', Inc., 416 U.S. 752,
758 (1974); Flynn v. United States, 786 F.2d 586 (3d Cir. 1986).

The second exception, the South Carolina v. Regan exception, permits a plaintiff
to seek injunctive relief only if there is no other remedy available. South Carolina v.
Regan, 465 U.S. 367 (1983).  Plaintiffs cannot establish that the government could not
prevail under any circumstances.  Moreover, plaintiffs have an adequate remedy at law:
a suit pursuant to 26 U.S.C. § 7433.  Thus, there is no equity jurisdiction.

### 2.  Under the DJA, Plaintiffs' Complaint Should Be Dismissed

Like the AIA, the DJA, 28 U.S.C. § 2201, bars plaintiffs from seeking declaratory
judgment.  It states that declaratory judgment is available in cases of actual controversy
"except with respect to Federal taxes other than actions brought under section 7428 of
the Internal Revenue Code of 1986...."  28 U.S.C. § 2201(a).  As Plaintiffs' complaint does
not implicate § 7428, the plain wording of § 2201(a) bars their claims seeking declaratory
relief.

For the same reasons as set forth in the above discussion of the AIA, the APA
does not override the specific intent of Congress in the DJA, which bars declaratory
relief in cases respecting federal taxes.  See, e.g., Patent Office Professional Ass'n, 128
F.3d at 753; Lac Vieux Desert Band of Lake Superior Chippewa Indians, 360 F. Supp.2d
at 66-67.  The DJA, like the AIA, is a statute that grants, or prohibits, jurisdiction.  See
Nat'l Taxpayers Union v. United States, 68 F.3d 1428, 1431-32 (D.C. Cir. 1995) (noting

that 28 U.S.C. §2201(a) imposes a jurisdictional barrier); <u>Foodservice & Lodging</u>

<u>Institute</u>, 809 F.2d at 844 (D.C. Cir. 1987) (same).   Thus, the DJA presents a jurisdictional

barrier to Plaintiffs' claims for declaratory relief and it is not overridden by the APA.

### 3. All of Plaintiffs' Counts Improperly Seek Both Injunctive and Declaratory Relief

Each of plaintiffs' counts improperly seeks both injunctive and declaratory relief

with respect to the investigation and possible assessment and collection of Federal taxes.

Having already lost on these grounds in a prior lawsuit (<u>Davis, et al. v. United States, et</u>

<u>al.</u>, 07-cv-3039 (RED) (USDC W.D. Mo.), Order of 6/25/07), the plaintiffs made minor

alterations to the wording of their prior complaint and repeat the demand made in their

original complaint in this case, asking this Court to "set forth a determination and order

the Defendants to cease and desist with continued persecution and pending prosecution

of Plaintiffs . . . ."  (Amended Compl. ¶¶ 33, 40, 47.)

Plaintiffs now have added in Counts I, II, & III, that they are "entitled to a review

of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq*."  (Id.)  Such a review is

appropriate only in circumstances involving jeopardy assessments, which are not at

issue here and are not raised in the amended complaint.

In Counts V-VI, plaintiffs similarly replaced their prior prayer for relief in their

Missouri complaint (Healy Decl. Ex. 101), which stated:

> Plaintiffs . . . pray for declaratory and injunctive relief as follows . . . (a) an
> order declaring . . . . (b) and order declaring . . . . (c) injunctive relief from .
> . . .  (Healy Decl. Ex. 106, pp. 18-19, 24-25, 29).

With prayers for relief in the amended complaint Counts IV-V that state:

> Plaintiffs . . . pray the Court set forth a determination of the following: (a) set forth a written judicial determination [that a statute is void] . . . (b) set forth a written judicial determination [that the statute is unconstitutional] . . . (c) Issue an Order under the Common Law of the Constitution prohibiting the defendants [from investigating or prosecuting the plaintiffs for tax violations].  (Amended Compl. pp. 26, 32.)

Likewise, Count VI of the amended complaint prays for a written judicial determination that a statute must have been enacted under Article I of the United States Constitution, that it was not so enacted and "[s]et forth a judicial determination under the common Law of the Constitution for injunctive relief, prohibiting the Defendants from causing the prosecution of the Plaintiffs [under the internal revenue laws]..." (Amended Compl. p. 36.)

In their only new count, plaintiffs again pray for "written judicial determination[s]" that the Service was not created under the Constitution, is not an agency of the United States and, thus, the defendants acted beyond their authority in investigating the plaintiffs' tax liability (*i.e.*, declaring that the defendants cannot investigate the plaintiffs' tax liability or prosecute them for any tax offenses or liability). (Amended Compl. p. 41.)

Removing any doubt about the relief they seek in this case, the plaintiffs *ad damnum* clauses request this Court:

> a.  Set forth a written judicial determination under the Common Law of the Constitution that the Defendants are statutorily prohibited from seeking prosecution of the Plaintiffs . . . (Amended Compl. p. 42, ¶ a.)

11

Additionally, plaintiffs neglected to remove their request for "declaratory and injunctive" relief.  (Amended Compl. p. 43 ¶ e.)

The plaintiffs' allegations plainly seek both declaratory and injunctive relief for each and every count.  Accordingly, the complaint should be dismissed in its entirety for lack of jurisdiction, as each of the plaintiffs' claims is barred by both the AIA and the DJA.

**III.    Plaintiffs Do Not State a Claim for Damages**

Plaintiffs' allegations regarding damages are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Plaintiffs purport to state a claim for damages in Counts I-II.  Sections 7431 and 7433 permit a taxpayer to bring a civil action for damages against the government.  26 U.S.C. §§ 7431 & 7433.[2]  Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  But, here, there are no facts in the amended complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim.  See Bell Atlantic Corp. v. Twombly,

---

[2] Section 7431 permits a taxpayer to bring a civil action for damages against the government "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103."  26 U.S.C. § 7431.

Section 7433 permits a permits a taxpayer to bring a civil action for damages "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433.

127 S. Ct. 1955, 1964-65 (2007). Plaintiffs merely add the in the last paragraphs of Counts I & II that "The Plaintiffs have been damaged . . . ," without explanation. (Amended Compl. ¶¶ 33, 40). They do not describe any injury or harm incurred. Plaintiffs admit that they have not been assessed any taxes. (Id. ¶ 46).

In contrast, the plaintiffs' intent to restrain the United States from investigating them is clear, as they continue to seek an order that the United States cease from doing exactly that (Id. ¶¶ 33, 40, 47) and, in their *ad damnum* clauses, they still specifically request "declaratory and injunctive relief under the APA." (Id. at 43, ¶ e). The plaintiffs' allegations regarding damages constitute belated attempt to save their claims, in response to the defendants motion to dismiss the initial complaint.

Accordingly, because the amended complaint fails to make any cognizable claim for damages and improperly seeks declaratory and injunctive relief, it should be dismissed in its entirety.

## VI. To the Extent Plaintiffs Do Make a Claim for Damages, Such Claim Is Barred by the Statute of Limitations

As explained above, the United States' sovereign immunity is waived only to the extent specified in statute. Accordingly, where the United States has not specifically waived its sovereign immunity, there is no jurisdiction. Here, to the extent that plaintiffs make any cognizable claim for damages under 26 U.S.C. §§ 7431 or 7433, the Court lacks jurisdiction over such claim because the statute of limitations has expired.

Section 7431 expressly states that any such cause of action must be brought

"within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure."  26 U.S.C. § 7431(d) (emphasis added).  Section 7433 also states that "an action to enforce liability created under this section may be brought . . . only within 2 years after the date the right of action accrues."  26 U.S.C. § 7433 (d)(3) (emphasis added).

Here, just as in their prior lawsuit and their original complaint, plaintiffs' claims are barred by the two year statute of limitations.  Plaintiffs allege that all of the purportedly improper acts underlying their claims took place more than two years prior to the date plaintiffs filed this case.

Plaintiffs allege that on May 18, 2004:

-they "suffered an invasion and raid" at their Farmhouse Family Restaurant ("Restaurant").  (Amended Compl. ¶ 49);

-they "were informed that they were under Criminal Investigation." (Id. ¶¶ 49, 73); and

-they and their Restaurant, along with approximately 18 other persons and entities, were served with summonses by the Service's Criminal Investigation Unit (Id. ¶¶ 16, 26, 35, 110).

Plaintiffs allege that the Service's Special Agents were known to be "*criminal investigator[s]*, as signified by the title 'Special Agent'" and "confirmed by the fact that the [May 18, 2004 summonses] at issue specifically identify [the] Special Agents ... as employees of the Department of the Treasury, Internal Revenue Service Criminal Investigation Division." (Id. ¶ 36 (emphasis original)).

Plaintiffs further allege that on November 23, 2004:

14

-at approximately 6:05 a.m., their Restaurant was raided by the Service's Special Agents.  (Id. ¶ 19); and

-Special Agents began "seeking prosecution" (Id. ¶ 42).

Lastly, plaintiffs allege that on January 28, 2005, they were served with subpoenas to appear before a grand jury.  (Id. at ¶¶ 20, 50.)

Plaintiffs allege that all of the relevant acts supporting their claims took place on May 18, 2004, November 23, 2004 or January 28, 2005.  Each of those dates is more than two years prior to the date plaintiffs brought suit.  Although no counts in the complaint sound in a claim under § 7431 and no disclosure is alleged, to the extent that the plaintiffs' references to any unauthorized disclosure that may purportedly have caused damage (Id. ¶¶ 11 & p. 43 ¶ d) could be construed as such a claim, the claim is time barred.

Similarly, no count sounds in a claim under § 7433.  To the extent any is intended to make such a claim, the claim would be time barred.  Accordingly, any claim for damages that might have been intended is time barred and the plaintiffs' complaint should be dismissed in its entirety.

## IV.    Plaintiffs Should Be Enjoined from Re-Filing These Same Frivolous Claims Again, or Filing Other Frivolous Claims

The constitutional right of access to the courts is not absolute or unconditional. In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981).  "[A] Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice" against litigants who persistently abuse the judicial process by

15

filing repetitive, frivolous lawsuits.  <u>Urban v. United States, et al.</u>, 768 F.2d 1497, 1500

(D.C. Cir. 1985).  Plaintiffs have a persistent record of filing frivolous lawsuits in this

and other courts:

- Plaintiffs filed the case <u>Davis, et al. v. United States</u>, No. 1:05-cv-02474 (RMC).

The complaint was filed on December 23, 2005 and dismissed under Fed. R. Civ. P.

12(b) on September 19, 2006.

- Plaintiffs filed the case <u>Davis, et al. v. Strother, et al.</u>, No. 6:06-cv-3201 (RED).

Th complaint was filed on May 15, 2006.  Several defendants were dismissed on

December 13, 2006 based on failure to effectuate service.  The official capacity claims in

that case were dismissed on January 3, 2007, with prejudice.  The remainder of the

complaint was dismissed with prejudice in a sealed order dated March 5, 2007.  It is

noteworthy that Count 18 of that Complaint was titled "26 U.S.C. § 7201 Is Void For

Vagueness And Constitutionally Defective" and Count 19 was titled "United States

Congress' Failure To Legislatively Enact Statutes Of The United States As Required

Under the Constitution Have No Force Or Effect Of Law."

- Plaintiffs filed the case <u>Davis, et al. v. United States, et al.</u>, No. 6:07-cv-3039

(RED).  The complaint was filed on February 2, 2007 and was dismissed pursuant to the

AIA and DJA on June 28, 2007.  That complaint also contained counts claiming "26

U.S.C. § 7201 Is Void For Vagueness And Constitutionally Defective" and Count 19 was

titled "United States Congress' Failure To Legislatively Enact Statutes Of The United

States As Required Under the Constitution Have No Force Or Effect Of Law."

• Plaintiffs filed the instant case on September 28, 2007 and asserted nearly identical claims to those in the case filed less than a year earlier, minus one claim (Count IV) and they did not even bother to renumber the remaining claims.  They again allege 26 U.S.C. § 7201 is void for vagueness and that congress failed to enact the tax code.

• Plaintiffs filed, in response to the defendants' motion to dismiss, the amended complaint in this case on December 14,  2007 and asserted nearly identical claims with one additional frivolous claim requesting that the Court declare that they cannot be prosecuted for violations of the internal revenue laws because the Service is not authorized to administer the tax laws.

Given their record of frivolous litigation against the United States and its agencies and employees, the defendants respectfully request that the Court order that plaintiffs be enjoined from bringing any further suits in this Court without (1) first obtaining leave to file from the Court; (2) certifying that any such complaint raises new matters never before decided on the merits by any federal court; (3) including a concise description of the allegations contained in his complaint; and (4) truthfully so certifying any complaint on penalty of contempt of this Court.

## CONCLUSION

Based on the foregoing, the defendants respectfully ask that the Court dismiss the plaintiffs' amended complaint in its entirety and enjoin the plaintiffs' from filing further frivolous claims, as requested, together with such further relief the Court deems just and equitable.

DATED: January 2, 2008.                  Respectfully submitted,


                                          /s/ Daniel J. Healy
                                         DANIEL J. HEALY, #476233
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 227
                                         Washington, DC  20044
                                         Tel./FAX:  (202) 305-3402/514-6866
                                         Email: Daniel.J.Healy@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

18

CERTIFICATE OF SERVICE

IT IS CERTIFIED that defendants' MOTION DISMISS THE AMENDED COMPLAINT, MEMORANDUM OF LAW IN SUPPORT THEREOF, DECLARATION OF JAMES STROTHER, DECLARATION OF DANIEL J. HEALY and proposed ORDER were served upon plaintiffs *pro se* on January 2, 2008 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

        Carl Roger Davis
        Jo Elaine Davis
        c/o P.O. Box 6207
        Branson, MO [65615]


                          /s/ Daniel J. Healy
                          DANIEL J. HEALY

19

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL ROGER DAVIS and<br>JO ELAINE DAVIS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01749 (RMU) |
| | ) | |
| UNITED STATES, a Federal corporation; | ) | |
| DEPARTMENT OF THE TREASURY; | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| DEPARTMENT OF JUSTICE; | ) | |
| TITLE 26 U.S.C. §. 7201; | ) | |
| TITLE 26 U.S.C. §. 7203; | ) | |
| TITLE 26 U.S.C. §. 7851; | ) | |
| JAMES "TONY" STROTHER, in his | ) | |
| official capacity; | ) | |
| TIMOTHY E. NOONAN, in his | ) | |
| official capacity; and | ) | |
| DOES 1 THROUGH 5 INCLUSIVELY, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF SPECIAL AGENT JAMES STROTHER

I, JAMES STROTHER, declare as follows:

1. I am a Special Agent employed by the Internal Revenue Service ("Service")
and am over eighteen years of age and not a party to the above-captioned case. As a
Special Agent, I have been involved in the investigation of Carl Roger Davis and Jo
Elaine Davis and am familiar with the documents relating to that investigation.

2. I have re-reviewed my records since submitting my April 6, 2007 declaration
in the Davis' prior lawsuit and all of the statements in that declaration remain true and

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2007.

James Strother
Springfield, Missouri

2909724.1

# EXHIBIT 101

2909724.1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CARL ROGER DAVIS, et al.,          )
                                   )
            Plaintiffs,            )
                                   )
    v.                             )       Civil No. 07-3039-CV-S-RED
                                   )
UNITED STATES, et al.,             )
                                   )
            Defendants.            )

## DECLARATION OF SPECIAL AGENT JAMES STROTHER

I, JAMES STROTHER, declare as follows:

1. I am a Special Agent employed by the Internal Revenue Service ("Service")
and am over eighteen years of age and not a party to the above-captioned case. As a Special
Agent, I have been involved in the investigation of Carl Roger Davis and Jo Elaine Davis and am
familiar with the documents relating to that investigation.

2. I have reviewed my records and no administrative summons ever was issued to
Raun Hamilton in connection with an investigation of Carl Roger Davis or Jo Elaine Davis.

3. No administrative summonses were issued in connection with the investigation
of Carl Roger Davis or Jo Elaine Davis after July 2, 2004.

I declare under penalty of perjury that the foregoing is true and correct. Executed on
April 6, 2007.

James Strother
Springfield, Missouri

2371457.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL ROGER DAVIS and | ) | |
| JO ELAINE DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-01749 (RMU) |
| | ) | |
| UNITED STATES, a Federal corporation; | ) | |
| DEPARTMENT OF THE TREASURY; | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| DEPARTMENT OF JUSTICE; | ) | |
| TITLE 26 U.S.C. §. 7201; | ) | |
| TITLE 26 U.S.C. §. 7203; | ) | |
| TITLE 26 U.S.C. §. 7851; | ) | |
| JAMES "TONY" STROTHER, in his | ) | |
| official capacity; | ) | |
| TIMOTHY E. NOONAN, in his | ) | |
| official capacity; and | ) | |
| DOES 1 THROUGH 5 inclusively, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF DANIEL J. HEALY**

I, DANIEL J. HEALY, declare as follows:

1.  I am a trial attorney employed by the United States Department of Justice, Tax

Division and am over eighteen years of age and not a party to the above-captioned case.

I submit this declaration in support of the defendants' motion to dismiss the complaint.

2.  Attached hereto as Exhibit 102 is a copy of the order of the United States

District Court for the Western District of Missouri dismissing the plaintiffs' complaint

in the case captioned <u>Davis, et al. v. United States, et al.</u>, 07-cv-3039 (RED).

3.  Attached hereto as Exhibit 103 is a copy of a letter from the United States Attorney's office for the District of Columbia to plaintiffs dated October 12, 2007.

4.  Attached hereto as Exhibit 104 is a copy a letter from plaintiff Carl Roger Davis to the United States Attorney's office for the District of Columbia dated October 29, 2007.

5.  Attached hereto as Exhibit 105 is a copy of each of the envelopes received by the undersigned with which service was attempted.

6.  Attached hereto as Exhibit 106 is a copy of the plaintiffs' complaint in the case captioned <u>Davis, et al. v. United States, et al.</u>, 07-cv-3039 (RED) (USDC W.D. Mo.).


I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2007.

 /s/ Daniel J. Healy
Daniel J. Healy
Washington, DC

2

# EXHIBIT 102

2912844.1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL ROGER DAVIS and JO ELAINE DAVIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 07-3039-CV-S-RED |
| UNITED STATES GOVERNMENT, THE, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Now before the Court is defendants' Motion to Dismiss (#5). After careful consideration, the Court **GRANTS** defendants' motion.

## BACKGROUND

On February 2, 2007, plaintiffs filed a seven count complaint against defendants seeking to enjoin defendants' investigation and prosecution of plaintiffs' suspected tax code violations and seeking to have certain tax statutes declared unconstitutional. The clear goal of plaintiffs' complaint is to prevent collection of taxes from plaintiffs and avoid prosecution for plaintiffs' refusal to pay taxes. Defendants moved to dismiss plaintiffs' complaint.

## DISCUSSION

### *Plaintiffs' claims are barred by the Anti-Injunction Act.*

The Anti-Injunction Act, 26 U.S.C. § 7421 ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." "The courts have repeatedly recognized that the [AIA] generally prohibits injunctions against any and all acts necessary or incidental to the assessment or collection of taxes, as well as

against the specific acts of assessment and collection themselves." *Nichols v. U.S.*, No. 95-0334-CV-W-8, 1995 WL 835041, *2 (W.D. Mo. Dec 18, 1995). The investigation and prosecution plaintiffs seek to enjoin is incidental to the assessment or collection of taxes, so the AIA bars the Court from issuing the requested injunction.

Plaintiffs argue that their claims are authorized under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. However, this Court previously held that "the provisions of the Administrative Procedure Act for judicial review do not override limitations of the Anti-Injunction Act." *Nichols v. U.S.*, No. 95-0334-CV-W-8, 1995 WL 835041, *3 (W.D. Mo. Dec 18, 1995) (citing *Fostevedt v. U.S.,* 978 F.2d 1201 (10th Cir. 1992); *O'Dweyer v. Commissioner,* 266 F.2d 515 (4th Cir. 1959)).

Plaintiffs also argue that their claims are exempt under the AIA pursuant to 26 U.S.C. § 6213(a) which, in certain circumstances, permits injunctions of ongoing assessment, levy, and collection proceedings when notice of a deficiency was not sent to the taxpayer. This is not the issue presented in this case, and 26 U.S.C. § 6213(a) does not apply.

### *Plaintiffs claims are barred by the Declaratory Judgement Act.*

The Declaratory Judgement Act, 28 U.S.C. § 2201 ("DJA"), permits the Court to declare the rights and other legal relations of parties "except with respect to Federal taxes." Accordingly, plaintiffs request for a declaratory judgment on the constitutionality of federal tax statutes is barred by the DJA. *See Wyoming Trucking Association v. Bentsen*, 82 F.3d 930, 933-34 (10th Cir. 1996); *Willis v. Alexander*, 575 F.2d 495, 496 (5th Cir. 1978); *McGraw v. U.S.*, 782 F. Supp. 1332, 1334 (E.D. Mo. 1992).

2

## CONCLUSION

For the reasons stated herein and in defendants' briefs, Defendants' Motion to Dismiss (#5)

is **GRANTED**.  All claims pled in plaintiffs' complaint are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

DATED:        June 25, 2007                    _____/s/ Richard E. Dorr_____
                                               RICHARD E. DORR, JUDGE
                                               UNITED STATES DISTRICT COURT

3

# EXHIBIT 103

2912844.1



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 12, 2007

Mr. Carl Roger Davis
Ms. Jo Elaine Davis
% P.O. Box 6207
Branson, MO 65615

    Re:    Davis v. United States, Civil Action No. 07-1749 (RMU) (D.D.C.)

Dear Mr. and Ms. Davis:

    On October 10, 2006, we received five separate packages each of which contained a copy of a Summons and Complaint for the above-referenced civil action. Each package and each summons was addressed to a different named defendant (i.e., Internal Revenue Service, Timothy E. Noonan, James "Tony" Strother, Department of Justice, and Department of the Treasury) in care of the Civil Process Clerk for our Office.

    To the extent that your correspondence was intended to effect service on the Internal Revenue Service, Mr. Noonan, Mr. Strother, the Department of Justice, and the Department of the Treasury, service is insufficient because no one in this Office is authorized to accept service of process on behalf of any of those parties. Service on those parties must be accomplished in the manner prescribed by Fed. R. Civ. P. 4(i).

Accordingly, we are returning those five packages herewith.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: RUDOLPH CONTRERAS
Chief, Civil Division

# EXHIBIT 104

2912844.1

Certified Mail No. 7007 0220 0000 6951 6386

Carl Roger Davis
c/o  PO Box 6207
Branson Missouri [65615]

October 29, 2007

Rudolph Contreras
Chief Civil Division
United States Attorney's Office
501 Third Street, NW
Washington D.C. 20530

RE:  <u>Davis v. United States , Case No. 07-cv-00749-RMU</u>

Dear Chief Contreras:

    This letter is in response of your letter dated October 12, 2007, stating: "To the extent that your correspondence was intended to effect service on the Internal Revenue Service, Timothy E. Noonan, James "Tony" Strother, Department of Justice, and Department of the Treasury this Office is not authorized to accept service on behalf of those parties.  Service on those parties must be accomplished in the manner prescribed by FE.R.Civ.P. 4(i)."

    Thank you for your concern, but I caused the parties to be served pursuant to **Federal Rules of Civil Procedure, Rule 4.(i) Serving the United States, Its Agencies, Corporations, Officers or Employees** (1) and (2)(A), which includes mailing a copy of each summons and complaint to your office by certified or registered mail, to the attention of the Civil Process Clerk.

            Sincerely,

            Carl Roger Davis

Enclosures 1

**EXHIBIT 105**

2912844.1



7006 2760 0004 7681 8378

FIRST CLASS

INSPECTED

OCT - 9 2007

DOJ MAILROOM
BY:
TIME:

Department of Justice
Attn: Civil Process
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001

RETURN RECEIPT
REQUESTED

Roger Davis
PO Box 8397
___, Missouri [65615]



7006 2760 0004 7681 8409

**FIRST CLASS**

**X-RAYED**

OCT - 9 2007

DOJ MAILROOM

**RETURN RECEIPT
REQUESTED**

INSPECTED I

Internal Revenue Service
c/o US Attorney General
Dept. of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Carl Roger Davis
c/o PO Box 6207
Branson, Missouri [65615]





CERTIFIED MAIL™

7006 2760 0004 7681 8354

FIRST CLASS

RETURN RECEIPT
REQUESTED

RECEIVED

OCT - 9 2007

DOJ MAILROOM
BY:
TIME:

INSPECTED S

Department of the Treasury
c/o US Attorney General
Dept. of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Roger Davis
P.O. Box 6207
Branson, Missouri 65615



**CERTIFIED MAIL**™

7006 2760 0004 7681 8446

**FIRST CLASS**

**RETURN RECEIPT REQUESTED**

RECEIVED
OCT - 9 2007
DOJ MAILROOM
BY: _____
TIME: _____

INSPECTED
I

United States of America
c/o US Attorney General
Dept. of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Carl Roger Dav
c/o PO Box 6207
Branson, Missouri [65615]



FIRST CLASS

X-RAYED

OCT - 9 2007

RUN MAILROOM
ANY
TIME:

Timothy E. Noonan
c/o US Attorney General
Dept. of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

RETURN RECEIPT
REQUESTED

RTE:
MSC:
1100 L ST

PCS: 1
RM:
BDG:
FLR
PH
TO: 1100 L ST
RCVD: 10/12/2007
TRK= ED728827541US
CARR= FEXG
FROM

Carl Roger Davis
c/o PO Box 6207
Branson, Missouri [65615]



CERTIFIED MAIL™

7006 2760 0004 7681 8460

FIRST CLASS

RETURN RECEIPT
REQUESTED

X-RAY'D
OCT 04 200_
DOJ MAILROOM
BY:
TIME:

James "Tony" Strother
c/o US Attorney General
Dept. of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Carl Roger Davis
c/o PO Box 6207
Branson, Missouri [___]

# EXHIBIT 106

2912844.1

Carl Roger Davis and Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]

Plaintiffs, *pro se*


## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, ) | Case No. 07-3039-CV-S-RED |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| UNITED STATES GOVERNMENT *a.k.a.* ) | |
| UNITED STATES OF AMERICA, a Federal ) | **JURY TRIAL DEMANDED** |
| Corporation; DEPARTMENT OF THE ) | |
| TREASURY and the INTERNAL REVENUE ) | |
| SERVICE OVERSIGHT BOARD a.k.a. ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendants. ) | |

This is an action seeking declaratory and injunctive relief pursuant to the Administrative

Procedure Act (hereinafter called "APA"), 5 U.S.C. §§ 701-706, the Internal Revenue Code at

Section 7802, 7431, 7433, 6103 and 7602 *et seq.* and the Constitution for the United States of

America as amended as a result of violations of the Plaintiffs' constitutional rights arising under

the First, Fourth, Fifth, Fourteenth and Sixteenth Amendments. The following issues as alleged

herein give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as

commanded upon the exhaustion of the administrative remedies, and is not extraordinary.

Plaintiffs are seeking actual and compensatory damages for harm and injuries caused by the Defendants for their intentional, reckless and willful acts. The Defendants' acts have effectively reeked havoc on Plaintiffs' life, health, liberty, property and posterity, depriving Plaintiffs of their most fundamental rights as protected under the Constitution for the United States of America. The Plaintiffs reserves the right to amend this complaint at anytime in the event the Plaintiffs discovers additional violations of the law cognizable as a cause of action, prior to and after the Defendants answer, by leave of the Court if necessary.

## Jurisdiction And Venue

1.    This Court has jurisdiction over this matter pursuant to the First, Fourth, Fifth, Fourteenth and Sixteenth Amendments to the Constitution for the United States of America; the Administrative Procedures Act at 5 U.S.C. §§ 701-706; the Internal Revenue Code, as amended; 26 U.S.C. §§ 7433, 6103, 7602 and 7802; the United States Code of Judicial Procedure; 28 U.S.C. §§ 1331 and 1346(a)(1); and. Other jurisdictional claims arise under the United States Constitution at Amendments I, IV, V, XIV, and XVI; and the laws of the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

2.    Venue is proper in this District pursuant to the United States Code of Judicial Procedure, 28 U.S.C. § 1391. The United States is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). The Department of the Treasury is an agency within the meaning of 5 U.S.C § 101, creating the INTERNAL REVENUE SERVICE OVERSIGHT BOARD as the internal affairs division within the Department. A duly authorized officer of the United States will answer on behalf of the acts committed by its officials, officers, agents from said district. *"The United*

States government is a foreign corporation with respect to a state." *In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

3.    The Defendants, the UNITED STATES a.k.a. UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE OVERSIGHT BOARD, DEPARTMENT OF THE TREASURY, individually and collectively participated in causing damage and harm to Plaintiffs Carl Roger Davis and Jo Elaine Davis' person and property, and Plaintiffs hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

### Plaintiffs' Capacity And The Invocation Of Jurisdiction Pursuant To The Common Law

4.    Plaintiffs Carl Roger Davis and Jo Elaine Davis have a mailing address at P.O. Box 6207, Branson, Missouri [65615] situated in these 50 United States of (North) America. Plaintiffs is, at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Being. Plaintiffs are NOT appearing as a subclass statutory person, citizen, collective entity, creature of statute or otherwise, but of a superior class and authority not enjoyed by the Defendants – corporate entities void of conscience – given life and existence by their officials, officers, agents and employees (see *Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944).

5.    The First, Fourth, Fifth, and Fourteenth Amendments to the Constitution secure Due
      Process to the American people in the course of the Common Law, which necessarily
      includes the right to trial by jury. See *Wayman v. Southard*, 23 U.S. 1; 6 L. Ed. 253; 10
      Wheat 1(1825). The United States Supreme Court established: "*The Constitution is to be
      interpreted according to the Common Law Rules.*" *Schick v. United States*, 195 U.S. 65; 24
      S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: "*It [U.S. Constitution] must be
      interpreted in the light of Common Law, the principles and history of which are familiarly
      known to the framers of the Constitution. The language of the Constitution could not be
      understood without reference to the Common Law.*" *United States v. Wong Kim Ark*, 169 US
      649; 18 S.Ct. 456. Therefore, this Court is hereby provided with notice that, as a precaution,
      Plaintiffs are invoking the saving to suitors clause at 28 U.S.C. § 1333(1) in order to secure
      and proceed in the course of the Common Law in the event of controversy within special
      maritime and territorial jurisdiction of the United States.

### Defendants

6.    At all times relevant hereto the corporate citizen Defendant UNITED STATES a.k.a.
      UNITED STATES OF AMERICA's main office is located at c/o U.S. Attorney General, 10th
      and Constitution Ave., N.W., Washington, D.C. [20530].

7.    At all times relevant hereto the corporate citizen Defendant the DEPARTMENT OF THE
      TREASURY'S main office is located at 1500 Pennsylvania Avenue NW, Washington. DC
      [20225].

8.    At all times relevant hereto the corporate citizen Defendant the INTERNAL REVENUE
      SERVICE OVERSIGHT BOARD'S main office is located at 1500 Pennsylvania Avenue

NW, Washington. DC [20225] with a pilot office location at 310 West Church Street, Champaign Illinois [61820].

### Demand for Trial by Jury

Plaintiffs, Carl Roger Davis and Jo Elaine Davis demand that the Federal Rules of Civil Procedure, Rule 1, Scope and Purpose of Rules shall govern this action, and Plaintiffs shall preserve, inviolate, their **right of trial by jury** under Rule 38 and 57, and right of discovery disclosures without request prescribed under Rule 26, concurrent with Defendants answer pursuant to Rule 7(a) and Rule 8(b), with no other pleadings allowed except upon Order of the Court as provided by law. The **JURY** shall decide all issues including immunity, and shall decide upon all claims in this suit.

THEREFORE, demand is hereby made by Plaintiffs for a trial by jury to determine all facts and issues before the Court.

### Factual Background And Summary Of Events

9.      Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

10.     On or about October 25, 2000, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma, and provided an opportunity to the said District Director to produce competent evidence of Defendants' compliance, through its agent, with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and, authority for operation of sections 6201, 6321, and 6331, *Vol 68A, Stat 1, §§ 6201, 6321, 6331,* upon those denied the notice mandated in section 6001, subsection (d).

11.     On or about November 8, 2000, Plaintiffs' Attorney, Milton Baxley, filed a complaint with the Treasury Inspector General Tax Administration regarding the failure of said District Director to produce competent evidence of Defendants' compliance with section 6001, subsection (d) of the Internal Revenue Code.

12.     On or about October 22, 2001, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the IRS Service Center Director in Kansas City and provided an opportunity to the said Service Center Director to produce competent evidence of claims made in a CP71D, regarding 1992, 1993, and 1994.

13.     On or about November 12, 2001, Plaintiffs' Attorney, Milton Baxley, filed a Complaint of due process violations with the Internal Revenue Service General Counsel regarding the failures of the Service Center Director and the Chief, Automated Collection System to produce competent evidence of authority or claims.

14.     On or about June 18, 2002, an individual identifying himself as Special Agent Timothy E. Noonan contacted the Plaintiff, Roger Davis, and was instructed to contact Plaintiff's Attorney at that time, Milton Baxley.

15.     On or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to the Plaintiff, setting a date of July 1, 2002 to discuss alleged tax years 1999 and 2000.

16.     On or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons by appointment regarding the information sought.

17.     On or about July 8, 2002, Plaintiffs' Attorney, Milton Baxley, notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code, *68A Stat*

*1, § 6103*, objecting to third party contacts; of Internal Revenue Code section 7602's implementation through Title 27, Code of Federal Regulations; and of a possible action for damages under Internal Revenue Code section 7431. Said Attorney Correspondence also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution and the Internal Revenue Code, including unauthorized disclosure.

18.    On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger C. Davis P.O. Box 421 / 6167 Branson, Missouri 65615" to Trans Union Corporation seeking testimony and records for a planned criminal investigation.

19.    On or about November 23, 2004 at 6:05 a.m., Plaintiffs Roger Carl Davis and Jo Elaine Davis' property known as the "Farmhouse Family Restaurant" located at 119 West Main Street, Branson, Missouri was raided by alleged Government agents, JAMES A. STROTHER, TIMOTHY E. NOONAN and TEN (10) UNKNOWN AGENTS.

20.    On or about January 28, 2005, Plaintiffs were served with subpoenas to testify before Grand Jury 2004R01281-01 that was investigating possible violations of the internal revenue laws at Title 26, United States Code, Section 7201 – for alleged willful failure to file federal income taxes."

21.    Plaintiffs are with evidence that the statutory construction of 26 U.S.C. § 7201 is an enforcement statute and fails to identify the tax imposed by the title for which Plaintiffs have been made liable and allegedly subject to.

22.     That 26 U.S.C. § 7851(6) *et seq.*, at Subtitle F is the statute presumed to be enacted in compliance with to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America as Congress has failed to enact this title rendering its enforcement a nullity.

23.     The Defendants, the UNITED STATES a.k.a. UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE OVERSIGHT BOARD, DEPARTMENT OF THE TREASURY, individually and collectively participated in causing damage and harm to Plaintiffs Carl Roger Davis and Jo Elaine Davis' person and property, and Plaintiffs hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

## COUNT I.
### Violations Of Plaintiffs' Rights Under APA and the Fifth Amendment

24.     Plaintiffs reallege all allegations stated above, and further state and allege as follows:

25.     On or About May 18, 2004 or soon thereafter alleged Special Agents James "Tony" Strother and Timothy E. Noonan of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division caused to be issued Form 2039 Summonses to the following: Annette's Bookkeeping Services, Inc.; Jeffrey Long, CPA; Ozark Mountain Bank; Branson Bank; Roger Carl Davis; Oak Bluff Management Trust; Hattie's Trust; Phoenix Trust; R.C.D. Investments; R.C.D. Marketing Group; Goody Trust; Farmhouse Trust; Chariots Trust; Branson Mountain Trust; Bottom Line Employee Services of Missouri, Inc.; Attic Creek Holding Co.; American Financial Services Trust; AG Impact Management, Inc.; Arizona Trust; First Premier Mortgage; and The Farmhouse Restaurant demanding the production of books and records pertaining to the Plaintiffs, Carl Roger Davis and Jo Elaine Davis, seeking testimony and records pursuant to a criminal investigation.

26.    Plaintiffs are presently under criminal investigation for tax years 1998 through 2003 for possible violations of the internal revenue laws for tax evasion and willful failure to file.

27.    The authority to indict and prosecute for violations of the internal revenue laws is found at Title 26 U.S.C. § 6531, which states in pertinent part: *"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years . . ."*

28.    The Defendants are investigating and seeking indictment and prosecution of the Plaintiffs for tax years 1998 through 2003 as indicated on the criminal investigation third party summonses issued by Special Agents James "Tony" Strother and Timothy E. Noonan. Accordingly, Section 6531 of the Code provides for a period of limitation for indictment under the internal revenue laws of up to six years.

29.    The last year Plaintiffs could have been indicted under the internal revenue laws for tax year 1998 is 2004, and for tax year 1999 was 2005 and for tax year 2000 was 2006, yet the Defendants are seeking to enlarge statute and indict and prosecute the Plaintiffs more than seven (7) years beyond the statute of limitations as imposed by Congress.

30.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth, Fourteenth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to cease and desist from proceeding with the Grand Jury Investigation in violation of these provisions.

## COUNT II.
### Violations Of Plaintiffs' Rights Under APA and the Fourth Amendment

31.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

32.    On or About May 18, 2004 or soon thereafter, alleged Special Agents James "Tony" Strother and Timothy E. Noonan of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division caused to be issued Form 2039 Summonses to the following: Annette's Bookkeeping Services, Inc.; Jeffrey Long, CPA; Ozark Mountain Bank; Branson Bank; Roger Carl Davis; Oak Bluff Management Trust; Hattie's Trust; Phoenix Trust; R.C.D. Investments; R.C.D. Marketing Group; Goody Trust; Farmhouse Trust; Chariots Trust; Branson Mountain Trust; Bottom Line Employee Services of Missouri, Inc.; Attic Creek Holding Co.; American Financial Services Trust; AG Impact Management, Inc.; Arizona Trust; First Premier Mortgage; and The Farmhouse Restaurant demanding the production of books and records pertaining to the Plaintiffs, Carl Roger Davis and Jo Elaine Davis, seeking testimony and records pursuant to a criminal investigation.

33.    The individual identifying himself as Special Agent James "Tony" Strother is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agents James "Tony" Strother and Timothy E. Noonan as employees of the Department of the Treasury – Internal Revenue Service Criminal Investigation Division.

34.    Special Agents James "Tony" Strother and Timothy E. Noonan, while leading an alleged criminal investigation under the internal revenue laws into the activities of the Plaintiffs, did cause third party summonses to issue for purposes of a criminal investigation as expressly prohibited pursuant to Title 26 USC § 7602(d)(1), in violation of the Administrative Procedure Act.

35.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth, Fourteenth and Sixteenth Amendments

to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to cease and desist from proceeding with the Grand Jury Investigation in violation of this provision.

### COUNT III.
### Defendants' Conduct Of A Grand Jury Investigation Prior To Issuing A Notice Of Deficiency Violates The APA And The Due Process Clause Of The Fifth Amendment

36.     Plaintiffs reallege all allegations stated above, and further allege:

37.     On or About November 23, 2004 or soon thereafter, employees of the UNITED STATES a.k.a. UNITED STATES OF AMERICA, a Federal Corporation; the DEPARTMENT OF THE TREASURY and the INTERNAL REVENUE SERVICE OVERSIGHT BOARD conspired with intent to deprive Plaintiffs of their constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly, with willful disregard for the internal revenue laws begin a Grand Jury Investigation prior to issuance of *a Notice of Deficiency* (90-day letter) for tax years 1992, 1993 and 1994 as required by 26 U.S.C. § 6212(a) and 6213(a) and (b) and applicable Treasury Regulations.

38.     Pursuant to 26 U.S.C. § 6213. Restrictions applicable to deficiencies; petition to Tax Court. states in pertinent part: "(a) *Except as otherwise provided* in section 6851, 6852, or *6861 no assessment of a deficiency in respect of any tax imposed* by subtitle A, or B, chapter 41, 42, 43, or 44 *and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer . . .*" as the "notwithstanding" clause authorizes a jeopardy assessment restricted to the provision of Sec. 6861 and the "except as otherwise provided" clause in Sec. 6861(a) concedes to the "notwithstanding clause of 6213(a), commanding a deficiency letter or notice be issued within 60 days of the jeopardy assessment.

39.     The Defendants never caused a notice and demand to pay any tax imposed as commanded by 26 U.S.C. § 6861(b) prior to empanelling the Grand Jury Investigation pending possible indictment and prosecution as prohibited by 26 U.S.C. § 6213(a), clearly violating the Fifth Amendment due process clause and rights of the Plaintiffs.

40.     The Defendants have effectively usurped this Act of Congress and intentionally blocked Plaintiffs' constitutionally-protected access to Due Process and Equal Protection of the law wherein they failed to allow Plaintiffs ninety (90) days to petition the Tax Court and effectively dispute Defendants' rebuttable presumption.

41.     As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth, Fourteenth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to cease and desist from proceeding with the Grand Jury Investigation in violation of this provision.

### COUNT IV.
### Defendants Proceeded In Violation Of The APA And The Fourth Amendment

42.     Plaintiffs reallege all allegations stated above, and further state and allege as follows:

43.     On or About November 23, 2004 or soon thereafter, the Defendant, with willful disregard for the internal revenue laws cause invalid administrative summonses to be issued in violation of the Privacy Act, and *knowingly and intentionally disclosed return information in violation of provision of section 6103*– causing public injury to the Plaintiffs' person and property.

44.     Special Agent Agent Strother, contacted the Plaintiff's close friend and business associate Raun Hamilton and informed him that they were conducting a criminal investigation pertaining to the Plaintiffs' financial activities under the internal revenue laws and without a

summons, demanded Mr. Hamilton produce copies of the Plaintiffs payment history regarding the joint investment of an airplane – with knowledge and forethought that such disclosure was in violation of the disclosure law.

45.     That Mr. Hamilton refused to produce any documents pertaining to the Plaintiffs without the issuance of a summons presumed to authorize such production, and soon thereafter Agent Strother and/or Noonan caused to be produced and served a summons construed to authorize such production.

46.     That a copy of the summons served on Mr. Hamilton was a summons that indicated the agents were conducting a criminal investigation into the activities of the Plaintiffs, causing much embarrassment and emotional distress to the livelihood.

47.     As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth, Fourteenth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief, and Defendants should be ordered to cease and desist from proceeding with the Grand Jury Investigation in violation of this provision.

## COUNT V.
### 26 U.S.C. § 7201 Is Void For Vagueness And Is Constitutionally Defective

48.     Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

49.     On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo Elaine Davis suffered an invasion and raid at the Family Farmhouse Restaurant and were informed that they were under Criminal Investigation by officers and employees of the Internal Revenue Service, and Department of Justice, Tax Division pending possible statutory charges for alleged violations of 26 U.S.C. § 7201 – **Attempt to evade or defeat tax.**

50.    On or about January 28, 2005 or soon thereafter, Plaintiffs were issued subpoenas from the United States District Court, Western District of Missouri, to witness and testify against themselves before a grand jury under cause number 2004R01281-01 as it relates to the possible pending criminal charges of tax evasion – a statutory violation of 26 U.S.C. § 7201.

51.    The language of 26 U.S.C. § 7201, the statute for which the Plaintiffs may be charged, is as follows: "Any person who willfully attempts in any manner to evade or defeat *any tax imposed* by this title . . . shall be guilty of a felony . . ."

52.    Plaintiffs are with evidence sufficient to conclude that the statutory language of 26 U.S.C. § 7201 is problematic in that it is overly broad and void for vagueness on its face; as it fails to disclose which tax is imposed by that title, which would give Plaintiffs notice and opportunity to properly defend any potential action that might be brought against them.

53.    Title 26 of the United States Code is a compilation of thousands of <u>different classifications of income taxes imposed</u>; however, the language of 26 U.S.C. § 7201 appears to stand <u>moot</u> as it fails to disclose which tax is imposed by the title applicable to the Plaintiffs' activities. Congress effectively placed the burden on the Government to identify the tax imposed in order to determine the liability of the TAXPAYER; however, 26 U.S.C. § 7201 – an enforcement statute – does not appear to establish or create a liability.

54.    The statutory language of 26 U.S.C. § 7491(a)(1) **Burden shifts where taxpayer produces credible evidence**; states as follows: "If, *in any court proceeding*, a taxpayer introduces credible *evidence with respect to any factual issue relevant to ascertaining the liability* of the TAXPAYER *for any tax imposed* by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."

55.    As the Code constantly references "any tax imposed," the Defendants have failed to identify what tax has been, or will be imposed by the title for which the Plaintiffs are presumed to have attempted to evade or defeat.

56.    Without question one can assert that the phrase "... *tax imposed by this title* . . ." is overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know which income tax law or laws the Plaintiffs are presumed to have attempted to evade or defeat.

57.    Can the Plaintiffs establish that vagueness of this statute appears on its face to violate the fundamental principles of full disclosure and therefore, due process? We must answer in the affirmative. Let's consider a like scenario using a man or woman of average intelligence. In this example, on Saturday, December 23, 2005, TAXPAYER A crosses the path of TAXPAYER B at a large shopping mall during the Christmas Season in a parking lot of more than 5,000 cars.

58.    While in the presence of TAXPAYER B, TAXPAYER A begins to have a heart attack, becoming short of breath and clenching his chest. Before loosing consciousness, in a swallowed breath TAXPAYER A communicates to TAXPAYER B that his car is parked in the mall parking lot and his heart medicine is located in the glove compartment of the car – pleading that he go retrieve it – at which point TAXPAYER A loses consciousness.

59.    TAXPAYER B goes into a full panic because TAXPAYER A passed out prior giving TAXPAYER B a description and location of his (TAXPAYER A's) car, enabling TAXPAYER B to locate TAXPAYER A's car, retrieve the heart medication and to save his life. In this scenario, TAXPAYER B was unable to save the life of TAXPAYER A because he was not given the information necessary to determine which one of the more than 5,000

cars in the mall parking lot belonged to TAXPAYER A – enabling him to retrieve the heart medication.

60.     The above scenario is relative to the number of different taxes imposed by the income tax laws. The statutory construction and language of 26 U.S.C. § 7201 fails to disclose the particular *"tax imposed,"* leaving the Plaintiffs without knowledge of which tax they are presumed to have attempted to evade or defeat – surely a life and death situation. How can a person be punished to suffer the possible loss of life, liberty and property based on an ambiguous statutory enactment unsupported by an underlying statute identifiable within the Code, necessary to create a known legal duty Plaintiffs can effectively violate?

61.     The question of law that must be answered is: What and where is the supporting statute or statutes within the Internal Revenue Code that Plaintiffs are presumed to have violated that gives rise to being charged with a crime under 26 U.S.C. § 7201? Here are but a few statutes that clearly impose a liability so stating as follows:

a. 26 U.S.C. § 5005(a):

> "The distiller or importer of distilled spirits ***shall be liable*** for ***the taxes imposed*** thereon by subsection 5001(a)(1)."

b. A few more examples include but are not limited to: 26 U.S.C. §§ 357, 801, 2603, 4081, 4091, 4131, 4461, 4611, 5701, 5703, 7501 etc.

62.     If the Plaintiffs are to rely on the statutory construction of 26 U.S.C. § 7201 – presently acting as a standalone, enforcement statute – then any person that is subject to the provisions of 26 U.S.C. § 5005(a), *supra,* that violated said provision by their willful acts could give rise to a charge under 26 U.S.C. § 7201, thereby satisfying notice and opportunity to be heard (the due process clause of the Fifth Amendment), and to be fully informed of the nature and cause of the accusation pursuant to the Sixth Amendment.

63. On its face, the statutory construction and language of 26 U.S.C. § 7201 appears to act as a standalone, enforcement statute, unsupported by an enhancement statute that discloses the statutory *"tax imposed"* by the title that the Plaintiffs are presumed to have attempted to evade or defeat.

64. Does the statutory construction and/or language of 26 U.S.C. § 7201 in its present form as a standalone-enforcement statute violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs of which *"tax imposed"* by the title that they are presumed to have violated? Plaintiffs must answer in the affirmative.

65. The statutory construction of 26 U.S.C. § 7201 charged as a standalone-enforcement statute appears to be <u>unconstitutional</u> on its face in direct violation of both the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) <u>which</u> tax is the *". . . tax imposed by this title . . ."*, be it an income or an internal revenue tax they are presumed to have violated.

66. How can the Plaintiffs, let alone any man or woman of average intelligence, defend against the crime of tax evasion of an undisclosed tax imposed under the internal revenue laws? This placement of the Plaintiffs in a conundrum is wholly unconstitutional. The United States Supreme Court stated in *Heiner v. Donnan,* 285 U.S. 312 (1932) 52 S.Ct. 385: *". . . a statute which imposes a tax upon an assumption of fact which the [presumed] taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment,"* citing *Schlesinger v. Wisconsin,* 270 U.S. 230 (1926) 46 S.Ct. 260; as 7201 is such a statute.

67.    The statutory language of 26 U.S.C. § 7201 violates the procedural elements of constitutional due process as: (1) it is not in harmony with the Common Law, (2) it cannot be imposed upon citizens/subjects/statutory slaves referred to as TAXPAYERS equally, (3) it is a Pandora's Box for selective prosecution, (4) it is unreasonable, (5) it does not have a real or substantial objective to be obtained, and (6) the objective is not a reasonable and proper one for the legislature to seek, (7) the ends are not legitimate nor the means acceptable for meeting that end, and (8) it violates substantive and constitutional due process of law for failure to give notice and opportunity to be heard, fails to disclose the nature and cause of the accusation, and violates equal protection of the law.

68.    The statutory construction of 26 U.S.C. § 7201 – presumed to be a standalone-enforcement statute is herein challenged by the Plaintiffs as unconstitutional and void for vagueness because the statute clearly commands that the main element of the statute encompasses the undisclosed liability for *". . . any tax imposed by this title . . ."* which is the lynchpin for being charged by this statute.

69.    The United States Congress and United States Supreme Court make it no secret and have openly admitted that they intentionally enact legislation to be ambiguous, allowing judicial activism and discretion that results in the "selective prosecution" of issues before the Court. This practice in and of itself is in bad faith and unconstitutional, because ambiguous legislation fails to follow the Constitution – based on principles of the Common Law, to instruct Citizens of average intelligence the intent of the law and what the law commands or forbids.

WHEREFORE, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray for declaratory and injunctive relief as follows:

a. An Order declaring that 26 U.S.C. § 7201 is a statute void for vagueness because it is not in harmony with the Common Law of the Constitution and violates the due process clause of the Fifth Amendment and the nature and cause of the accusation of the Sixth Amendment.

b. An Order declaring that 26 U.S.C. § 7201 is void for vagueness and is therefore unconstitutional and cannot operate as a standalone-enforcement statute because it implies but fails to identify any tax imposed under the internal revenue laws that give rise to being charged by the statute itself.

c. Injunctive relief from being charged for possible violation of 26 U.S.C. § 7201 until such time a determination has been made to establish the constitutionality of the statute in its present ambiguous construction.

<div align="center">

**COUNT VI.**
**26 U.S.C. § 7203 Is Void For Vagueness And Constitutionally Defective**

</div>

70. Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

71. On or about May 18, 2004 or soon thereafter, Plaintiffs Carl Roger Davis and Jo Elaine Davis were informed that they are under Criminal Investigation by officers and employees of the Internal Revenue Service, Department of Justice, Tax Division, pending possible statutory charges for alleged violations of 26 U.S.C. § 7203 – **Willful failure to file return, supply information, or pay tax.**

72. The language of 26 U.S.C. § 7203, the statute for which the Plaintiffs may be charged, is as follows: "Any *person required under this title to pay any estimated tax or tax*, or *required by this title* or by regulations made under authority thereof *to make a return, keep*

*any records, or supply any information,* who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor ..."

73.     In addition the language of 26 U.S.C. § 7203, Congress enacted 26 U.S.C. § 6001 as an enforcement statute for an alleged violation of failing to act, the section of the Code that the Secretary must give notice commanding Plaintiffs to act, which states in pertinent part: "*Every person liable for any tax imposed by this title,* or for the collection thereof, *shall keep such records, render such statements, make such returns,* and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of *the Secretary* it is necessary, he *may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records,* as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."

74.     Here the statutory language of section 6001 works *in pari materia* and is just as ambiguous as 7201 and 7203, employing phrases such as: (1) every person liable, (2) any tax imposed, (3) that the Secretary *may* require *any person* by notice served upon him, (4) to keep books and records. The language of 26 U.S.C. § 6001 appears to command an act of commission by the Secretary, in that he may require *any person* by notice served upon him to keep books and records.

75.     Here it can be reasoned that if the Secretary did not serve notice and the regulations do not serve notice (and there is no requirement for any person to serve notice upon himself), then Plaintiffs cannot be presumed to have violated 26 U.S.C. § 7203, the statutory

enforcement statute for failing to act pursuant to notice not given by the Secretary or by regulations under 26 U.S.C. § 6001, which indeed is an act or alleged crime of omission.

76.    Plaintiffs are with evidence sufficient to conclude that the statutory language of 26 U.S.C. § 7203 is problematic in that it is overly broad and void for vagueness on its face; it appears to fail to disclose who *any* person required is, under the title, to keep *any* records or supply *any* information, giving Plaintiffs notice and opportunity to pay any estimated tax required by statute and regulation.

77.    Title 26 of the United States Code is a compilation of thousands of <u>different classifications of income taxes imposed</u>; however, the language of 26 U.S.C. § 7203 appears to stand <u>moot</u> as it fails to disclose who the any person is that is required to keep books and records and therefore burdens the Secretary to give notice to such person at 26 U.S.C. § 6001.

78.    Congress effectively placed the burden on the Government to serve notice on *any person* required to keep books and records, supply information and identify the tax imposed to determine the liability of the TAXPAYER; however, 26 U.S.C. § 7203 is an enforcement statute that does not establish or create a liability.

79.    The statutory language of 26 U.S.C. § 7491(a)(1) **Burden shifts where TAXPAYER produces credible evidence.** states as follows: "If, *in any court proceeding*, a taxpayer introduces credible *evidence with respect to any factual issue relevant to ascertaining the liability* of the TAXPAYER *for any tax imposed* by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."

80.    As the Code constantly references "any tax imposed," the Defendants have failed to identify what tax has been, or will be imposed by the title for which the Plaintiffs are presumed to be required to pay an estimated tax or tax.

81.    Without question one can assert that the phrase ". . . *Any person required . . .*" is overly broad, vague, constitutionally deficient and creates an impossibility for a man or woman of average intelligence to know who *any person required* is, as such is the responsibility of the Secretary to inform the Plaintiffs of their duty to keep books and records – and if the Secretary fails to inform the Plaintiff, it is his nonfeasance or failure to act that caused the Plaintiffs not to act.

82.    Plaintiffs have never received notice from the Secretary, and by regulations are not required to keep books and records or render statements, without notice from the Secretary prior thereto.

83.    Can the Plaintiffs establish that vagueness of this statute appears on its face to violate the fundamental principles of full disclosure and, therefore, due process? We must answer in the affirmative. Let's consider a like scenario using everyday life for the average Human being/ non-statutory Citizen. In this example, TAXPAYER X, after securing a major contract with United States Oil Company (USOC), receives Letter 978 from the Secretary on January 15, 2004 explaining that because he sells Oil products throughout the United States of America, he is required to keep books and records to assess his tax liability and pay the tax on the oil products – and with such notice he proceeds accordingly.

84.    But TAXPAYER Z, after graduating from high school, became a self sufficient carpenter who worked with his hands and contracted to build single and multiple family dwellings with various construction vendors in his local State of Honesty beginning in 1994; never filed a

federal income tax return, because he never received notice from the Secretary like TAXPAYER X instructing him to do so – therein never filing a return, never keeping books or records and never keeping information.

85.    Because TAXPAYER Z never received a notice from the Secretary or area director, he had no reason to believe that he was legally required to file a federal income tax return or pay a tax.

86.    The above scenario is relative to the number of different taxes imposed by the income tax laws.  The statutory construction and language of 26 U.S.C. § 7203 fails to disclose the particular *"person required,"* leaving the Plaintiffs without knowledge of which tax they are presumed to have willfully failed to file.

The question of law that must be answered is:

87.    How can a person be penalized and punished to suffer the possible loss of life and liberty, to become United States property based on a statutory enactment that commands the Secretary to perform an act, that does not create a known legal duty Plaintiffs can effectively violate? The statutory obligation to notice the Plaintiffs is that of the Secretary – not of the Plaintiffs.

88.    On its face, the statutory construction and language of 26 U.S.C. § 7203 appears to act as a standalone-enforcement statute – unsupported by an enhancement statute that discloses the statutory *"person required"* by the _Secretary_ to perform the Act.

89.    Does the statutory construction and/or language of 26 U.S.C. § 7203 – in its present form as a standalone-enforcement statute – violate the due process clause of the Fifth and Fourteenth Amendments wherein it fails to inform the Plaintiffs of the statutory *"person required"* by the _Secretary_ to perform the Act? Plaintiffs must answer in the positive.

90.    The statutory construction of 26 U.S.C. § 7203 charged as a standalone-enforcement statute appears to be <u>unconstitutional</u> on its face in direct violation of the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the United States Constitution, because <u>it fails to inform</u> the Plaintiffs (or any man or woman of average intelligence) <u>which of</u> the 1000 plus taxes is the "*. . . tax imposed by this title . . .*" that they are presumed to have violated.

91.    The statutory language of 26 U.S.C. § 7203 violates the substantive elements of constitutional due process as: (1) is not in harmony with the Common Law, (2) it cannot be imposed upon Citizens (TAXPAYERS) equally, (3) it is a Pandora's Box for selective prosecution, (4) it is unreasonable, (5) it does not have a real or substantial objective to be obtained, (6) the objective is not a reasonable and proper one for the legislature to seek, (7) the ends are not legitimate nor the means acceptable for meeting that end, and (8) it violates substantive and constitutional due process of law for failure to give notice and opportunity to be heard, fails to disclose the nature and cause of the accusation, and violates equal protection of the law.

92.    The statutory construction of 26 U.S.C. § 7203 – presumed to be a standalone-enforcement statute – is herein challenged by the Plaintiffs as unconstitutional and void for vagueness because the statute clearly commands that the main element of the statute encompasses the undisclosed liability for "*. . . any tax imposed by this title . . .*" which is the lynchpin for being charged by this statute.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray for declaratory and injunctive relief as follows:

a.  An Order declaring that 26 U.S.C. § 7203 is a statute void for vagueness because it is not in harmony with the Common Law of the Constitution and violates the due process clause of the Fifth Amendment and the nature and cause of the accusation of the Sixth Amendment.

b.  An Order declaring that 26 U.S.C. § 7203 is void for vagueness and is therefore unconstitutional and cannot operate as a standalone-enforcement statute because it fails to identify any tax imposed under the internal revenue laws that gives rise to being charged by the statute itself.

c.  Injunctive relief from being charged for possible violation of 26 U.S.C. § 7203 until such time a determination has been made to establish the constitutionality of the statute under its present ambiguous construction.

### COUNT VII.
### Statutes Of The United States Not Legislatively Enacted by Congress As Required Under The Constitution Have No Force Or Effect Of Law

93.     Plaintiffs restate and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

94.     Plaintiffs have evidence that ALL statutes under Subtitle F of the Internal Revenue Code have not yet been enacted by an Act of Congress, including but not limited to, 26 U.S.C. § 6531, 7201, 7203, 7802, 7431, 7433, 6103 and 7602. The Internal Revenue Service was created by the Department of the Treasury at 26 U.S.C. § 7802(a) as an Oversight Board (not an Act of Congress under the Constitution) for which the original intent was for (internal affairs) governing federal employees.

95.     This is further established in the United States Government Manual 2006 on page 341 as listed under the Department of the Treasury. This is supported at Title 26 U.S.C. §

6103(b)(9) – Federal agency "means an agency of section 551(1) of title 5, United States Code."

96.     The Constitution does not authorize an agency of the Government, including the Department of the Treasury to pass legislative enactments – thus, limiting the jurisdictional reach of the Service.

97.     The term "Act of Congress" means a law enacted in one of the ways prescribed by Article I § 7 Cl. 1 and 2 of the Constitution. Acts of Congress are published in the United States Statutes At Large, which constitutes *"legal evidence"* of what the law provides. Article I § 7 Cl. 1 and 2 of the Constitution states in pertinent part:

> Section 7 Cl. 1: *"All Bills for raising revenue shall originate in the House of Representatives . . ."* and;
>
> Section 7 Cl. 2: *"Every Bill which shall have passed the House of Representatives and the Senate, shall, before it becomes a Law, be presented to the President of the United States . . ."*

98.     This section of the statute comes under Subtitle F of the Internal Revenue Code (IRC) of 1954 and 1986 as amended to date.

99.     Subchapter B of Title 26 of the United States Code discloses the effective dates of enactment as codified at 26 U.S.C. § 7851 - Applicability of revenue laws:

> (2) **Subtitle A.** "(A) *Chapters 1, 2, 4, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, <u>and ending after the date of enactment of this title</u>,"*
>
> (3) (2) **Subtitle B.** "(A) *<u>Chapter 11 of this title shall apply with respect to weestates of decedents dying after the date of enactment of this title</u>,* and with respect to such estates chapter 3 of the Internal Revenue Code of 1939 is hereby repealed."
>
> (4) **Subtitle C.** *"Subtitle C of this title shall apply only with respect to remuneration paid after December 31, 1954,* except that chapter 22 of such subtitle shall apply only with respect to remuneration paid after December 31, 1954, which is for services performed after such a date."
>
> (5) **Subtitle D.** *"Subtitle D of this title shall take effect on January 1, 1955."*
>
> (6) **Subtitle E.** *"Subtitle E* shall take effect on January 1, 1955,"

(7) **Subtitle F.** "(A) General rule. *The provisions of subtitle F shall take effect on the day after the date of enactment of this title* and shall be applicable with respect to any tax imposed by this title."

100.    In accordance with the Internal Revenue Code, United States Code Service and Annotated, Title 26 U.S.C. § 7802 is provisioned under Subtitle F – Procedures and Administration, Chapter 75. Crimes and Other Offenses – an Act that Congress failed to legislatively enact under the Constitution at Article I, Section 7, Clause 1 and 2, giving rise to a Constitutional controversy. Accordingly, Subtitle A Income taxes, a Chapter 2 tax on self-employment as referenced at 26 U.S.C. § 7851(a)(1) come under this enforcement provision.

101.    A read of 26 U.S.C. § 7851(a)(1) states in pertinent part: "*Chapters . . . 2 . . .of this title shall apply. . . to taxable years beginning after December 31, 1953; and ending after the date of enactment of this title.*"

102.    The construction of the statute reads: Subtitle F "(a)General rule. *The provisions of subtitle F shall take effect on the day after the date of enactment of this title,*" and there is no date of enactment for Subtitle F, no Public Law reference to the enactment of Subtitle F, no Enacting Clause for Subtitle F, or any other information to conclude that Subtitle F has ever been enacted under Congressional Mandate and legislative authorization.

103.    To further establish that Subtitle F has not yet been enacted by Congress, the following language is provisioned at 26 U.S.C. § 7851(c) – Crimes and forfeitures, which openly violates constitutional mandate and circumvents the required Acts of Congress in so stating:

(c) **Crimes and forfeitures.** "*All offenses committed,* and all penalties or forfeitures incurred, *under any provision of law hereby repealed, may be prosecuted and punished in the same manner* and with the same effect *as if this title had not been enacted.*"

104.    This statute unambiguously establishes that even if Congress has failed to comply with the constitutional requirements prescribed by Article I § 7 of the Constitution; Plaintiffs can be prosecuted and punished without such an enactment.

105.    If Plaintiffs are to rely on the clear language of the statute, a man or woman of average intelligence would conclude that Subtitle F, which covers Chapters 61 through 80, has not yet been enacted – and upon enactment, Chapter 2 of Subtitle A is ended. Plaintiffs seek declaratory relief to determine the validity of an enforcement statute that has never been enacted by Congress, and upon its enactment – the Chapter to which the statute applies shall have ended.

**The questions of law are as follows:**

(a)   Can the Department of the Treasury cause statutes to be published in the Internal Revenue Code as if they are legislative enactments by Congress under the Constitution – even though they have never been enacted as prescribed by Article I § 7 Cl. 1 and 2 of the Constitution?

(b)   Can Plaintiffs be prosecuted and punished by an Act of Congress related to any internal revenue law that has not been enacted by Congress as prescribed by Article I § 7 Cl. 1 and 2 of the Constitution?

(c)   Does Congress have the power to circumvent the prescribed mechanisms established by Article I § 7 Cl. 1 and 2 of the Constitution as it relates to the internal revenue laws?

(d)   Can Congress draft and publish an Act that has never been enacted which effectively usurps and circumvents Article I § 7 Cl. 1 and 2 of the Constitution that may cause Plaintiffs to suffer punishment and prosecution in the same manner and with the same effect as if this title had not been enacted?

(e) When Congress fails or refuses to comply with Article I § 7 Cl. 1 and 2 of the Constitution, does this not cause any Act *not* passed or enacted by Congress according to its terms to be null and void, having no force and effect in law?

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis pray for declaratory and injunctive relief as follows:

a. An Order declaring that 26 U.S.C. § 7851, *et seq.*, is a statute under the internal revenue laws that must be enacted pursuant to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America, which commands an Act of Congress.

b. An Order declaring that if 26 U.S.C. § 7851, *et seq.*, has not been enacted pursuant to Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America pursuant to an Act of Congress, the statute is void – having no force or effect of law.

c. Injunctive relief prohibiting the Defendants from causing the prosecution of the Plaintiffs under the enforcement statues of the internal revenue laws pursuant to Title 26 U.S.C. § 7851(6) Subtitle F that have never been enacted at Article I, § 7, Cl. 1 and 2 of the Constitution for the United States of America and generally.

d. Injunctive relief prohibiting the Defendants from causing the prosecution of the Plaintiffs under the enforcement statues at Title 26 U.S.C. § 7851(6) Subtitle F of the internal revenue laws that have been repealed by an Act of Congress.

## CONCLUSION

106. At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

107. The acts of the Defendants, the **UNITED STATES** a.k.a. **UNITED STATES OF AMERICA**, the **INTERNAL REVENUE SERVICE OVERSIGHT BOARD** and the

DEPARTMENT OF THE TREASURY are clear violations of the Constitution for the United States of America, Acts of Congress and the United States Supreme Court as relevant to the internal revenue laws.

108.    The reprehensible and vexatious conduct of and the illegal disclosure made by Criminal Investigation Division Special Agent James "Tony" Strother and the other agents involved herein caused Plaintiffs substantial professional and personal embarrassment, loss of goodwill, and unnecessary attorneys fees and accountant fees, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

109.    The intentional and/or grossly negligent unlawful disclosure by Criminal Investigation Division Special Agent James "Tony" Strother and the other agents involved herein entitles Plaintiffs' to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

**WHEREFORE**, Plaintiffs Carl Roger Davis and Jo Elaine Davis have been damaged by officials, officers, agents and employees of the Defendants and their agencies herein named due to their individual and collective intentional, willful and reckless acts and Plaintiffs prays for other declaratory and injunctive relief as follows:

   a.    An Order declaring that the Defendants are statutorily prohibited from seeking indictment and prosecution of Plaintiffs pursuant to 26 U.S.C. § 6531, *et seq.*, which provides the statute of limitations for tax prosecutions under the internal revenue laws to six (6) years and the Defendants are without jurisdiction to seek prosecution for years 1998, 1999 and 2000;

b. An Order declaring that the Defendants proceeded in violation of 26 U.S.C. § 7602(d)(1), *et seq.*, which prohibits the issuance of administrative summonses when a Justice Department referral is in effect pursuant to a criminal investigation rendering all evidence obtained by the Defendants' in this manner unusable;

c. An Order declaring that the Defendants are statutorily prohibited from seeking an indictment and prosecution of Plaintiffs pursuant to 26 U.S.C. § 6212(a) and 6213(a) *et seq.*, which prohibits the Plaintiffs from being prosecuted for an alleged violation of the internal revenue laws until such time a notice of deficiency or determination letter has been issued.

d. An Order declaring that the Defendants proceeded in violation of 26 U.S.C. § 6103 *et seq.*, bringing the Plaintiffs harm and injury with the disclosure of personal information to third parties not authorized or entitled to such disclosure;

e. Award Plaintiffs declaratory relief, as appropriate;

f. Award Plaintiffs preliminary and permanent injunctive relief, as appropriate;

g. Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable attorneys fees and costs; and

h. Any other remedy at law and in equity this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully Submitted.

## VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury pursuant to 28

U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our

knowledge, understanding and belief. All Rights retained without recourse.

On this _31st_ day January, 2007

Signature: _____
Carl Roger Davis, Plaintiff

Signature: _____
Jo Elaine Davis, Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CARL ROGER DAVIS and          )
JO ELAINE DAVIS,              )
                             )
            Plaintiffs,       )
                             )
      v.                      )          No. 1:07-cv-01749 (RMU)
                             )
UNITED STATES, a Federal corporation;  )
DEPARTMENT OF THE TREASURY;   )
INTERNAL REVENUE SERVICE;     )
DEPARTMENT OF JUSTICE;        )
TITLE 26 U.S.C. §. 7201;      )
TITLE 26 U.S.C. §. 7203;      )
TITLE 26 U.S.C. §. 7851;      )
JAMES "TONY" STROTHER, in his )
   official capacity;         )
TIMOTHY E. NOONAN, in his     )
   official capacity; and     )
DOES 1 THROUGH 5 inclusively, )
                             )
            Defendants.       )

**ORDER**

Upon consideration of the submissions of the parties and the record of this case,

it is by the Court, this ___ day of _____, 2008,

**ORDERED** that the plaintiffs' amended complaint be dismissed in its entirety;

and it is further

**ORDERED** that plaintiffs be enjoined from bringing any further suits in any

United States court without (1) first obtaining leave to file from the court; (2) certifying

that any such complaint raises new matters never before decided on the merits by any

2963276.1

federal court; (3) including a concise description of the allegations contained in his

complaint; and (4) truthfully so certifying any complaint on penalty of contempt of this

Court.

_____

RICARDO M. URBINA
United States District Judge