Carl Roger Davis and Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]
(417) 334-1320

Plaintiffs, in *pro se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis,  ) | |
| ) | Case No. 1:07-CV-01749-RMU |
| Plaintiffs,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| ) | **PLAINTIFFS' JURY DEMAND** |
| UNITED STATES, a Federal corporation;  ) | |
| DEPARTMENT OF THE TREASURY; the  ) | |
| INTERNAL REVENUE SERVICE; the  ) | |
| DEPARTMENT OF JUSTICE; Title 26 U.S.C. §  ) | |
| 7201; Title 26 U.S.C. §7203; Title 26 U.S.C. §  ) | |
| 7851; JAMES "TONY" STROTHER, in his  ) | **RECEIVED** |
| official capacity; TIMOTHY E. NOONAN; in his  ) | |
| official capacity; and DOES 1 through 5  ) | DEC 3 1 2007 |
| inclusively,  ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| Defendants.  ) | U.S. DISTRICT COURT |

COMES NOW Carl Roger Davis and Jo Elaine Davis, Plaintiffs, proceeding on their own behalf, hereby request that this matter be tried before a jury.

## MEMORANDUM OF THE LAW

We begin with the fundamental principle that *"The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government."* See <u>Chambers v. Baltimore & Ohio Railroad</u>, 207 U.S. 148. Thus, *"Discretionary choices are not left to a court's inclination, but to its judgment, and its judgment is to be guided by sound legal principles."* (see <u>United States v. Burr</u>, 25 F.Cas. 30, 25 (C.C.Va. 1870) (no. 14, 692d) (Marshall, C.J.).

The Plaintiffs understand that *"In order to maintain a cause of action based on an allegation of constitution violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the government."* (Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)), and every cause of action is directly attribute to officers, agents and employees of the United States Governments' absolute abuse power.

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Thus, *"The Constitution is to be interpreted according to the Common Law Rules."* Schick v. United States, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: *"It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarly known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law."* United States v. Wong Kim Ark, 169 US 649; 18 S.Ct. 456.

Although the thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791, it has long been settled that the right extends beyond the common-law forms of action recognized at that time. Mr. Justice Story established the basic principle in 1830:

> "The phrase 'common law,' found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence .... *By common law, [the Framers of the Amendment] meant ... not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered .... In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights."* Parsons v. Bedford, 3 Pet. 433, 446-447 (1830) (emphasis in original).

The United States Congress predatorily and unconstitutionally converted much of the common law and the staple rights of American Citizens protected under the Constitution into statutory

enactments by legislation; such acts compelled the Supreme Court to create a remedy and establish the right to trial by jury – extending those rights as statutory rights ruling:

> "... *we have considered the applicability of the constitutional right to jury trial in actions enforcing statutory rights "as a matter too obvious to be doubted."* 467 F.2d, at 1114. *Although the Court has apparently never discussed the issue at any length, we have often found the Seventh Amendment applicable to causes of action based on statutes. See, e. g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) (trademark laws); *Hepner v. United States*, 213 U.S. 103, 115 (1909) (immigration laws); cf. *Fleitmann v. Welsbach Street Lighting Co.*, 240 U.S. 27 (1916) (antitrust laws), and the discussion of *Fleitmann* in *Ross v. Bernhard*, 396 U.S. 531, 535-536 (1970). <u>*Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand,*</u> *if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.*" See *Curtis v. Loether*, 415 U.S. 189, 194 (1974).

In this instant case, the Plaintiffs' Amended Verified Complaint cites the statutory jurisdiction of the Administrative Procedure Act codified at 5 U.S.C. §§ 701-706, authorizing civil suits against the United States when one of its officers cause a [person] to suffer "*... legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof...*" 5 U.S.C. 702.

Further, the right to trial by jury is cognizable under the *prima facie* internal revenue laws at 26 U.S.C. § 7429, authorizing civil actions to contest, dispute or challenge assessment procedures (or the lack thereof) exercised by officers, agents and employees of the Internal Revenue Service, a non-agency of the United States Federal Corporation.

Respectfully Submitted.

## VERIFICATION

I/we, Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief. All Rights retained without recourse.

On this __14__ day December 2007

_____
Carl Roger Davis, Plaintiff

_____
Jo Elaine Davis, Plaintiff

## NOTARY ACKNOWLEDGMENT

State of Missouri             )
                              ) Subscribed and Sworn.
County of __Biley__           )

Before me, the undersigned authority, on this __14__ day of __December__, 2007 appeared **Carl Roger Davis and Jo Elaine Davis** known to me to be the person whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the instrument for the purposes and consideration expressed in the instrument.

Witness my hand and official seal.

**KRISTINA D. NORDYKE**
Notary Public - Notary Seal
STATE OF MISSOURI
Taney County
07041935
My commission expires April 26, 2011

_____
Notary's Signature

My Commission Expires: __4-26-2011__

## CERTIFICATE OF SERVICE

I, <u>Carl Roger Davis</u>, certify that on this 19th day of December 2007, I served a true copy of the above Plaintiffs' Jury Demand by certified mail addressed as follows:

Daniel John Healy
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Certified Mail: <u>7007 0220 0000 2023 1495</u>

                                                                               Carl Roger Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Carl Roger Davis and Jo Elaine Davis, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07-CV-01749-RMU |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Having considered the Plaintiffs' Request for Trial Before a Jury, and any opposition thereto, the Court concludes that the request be granted. Accordingly, it is this ____ day of _____, 2007

**ORDERED** that Plaintiff's Request for Trial Before a Jury be and is **GRANTED**;

**ORDERED** that this matter shall be tried before a jury; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Bradley J. Schlozman, U.S.A.
Daniel J. Healy, Trial Attorney
U.S. Dept. of Justice Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

Carl Roger Davis and
Jo Elaine Davis
c/o PO Box 6207
Branson, Missouri [65615]