IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL ROGER DAVIS and<br>JO ELAINE DAVIS,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES, a Federal corporation;<br>DEPARTMENT OF THE TREASURY;<br>INTERNAL REVENUE SERVICE;<br>DEPARTMENT OF JUSTICE;<br>TITLE 26 U.S.C. §. 7201;<br>TITLE 26 U.S.C. §. 7203;<br>TITLE 26 U.S.C. §. 7851;<br>JAMES "TONY" STROTHER, in his<br>  official capacity;<br>TIMOTHY E. NOONAN, in his<br>  official capacity; and<br>DOES 1 THROUGH 5 inclusively,<br><br>        Defendants. | No. 1:07-cv-01749 (RMU) |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

This is a civil action in which the plaintiffs seek to enjoin, and to obtain declaratory relief preventing, federal tax assessment and collection.

Plaintiffs have failed to rebut the fact that this Court lacks jurisdiction over the defendants, over plaintiffs' claims for declaratory and injunctive relief and over any cognizable claim the plaintiffs intended to make for damages. Even the new facts asserted in the plaintiffs opposition to the defendants' motion to dismiss fail to demonstrate jurisdiction over their alleged claims and fail to state any other cognizable

claim.

I.  **Plaintiffs Improperly Seek Injunctive and Declaratory Relief That Is Barred By the Anti-Injunction Act and Declaratory Judgment Act**

Plaintiffs' opposition brief confirms that they seek in their amended complaint to enjoin the United States from investigating their tax liability and from ultimately collecting taxes from plaintiffs. As such, plaintiffs' claims are barred by the Anti-Injunction Act ("AIA") and the Declaratory Judgment Act ("DJA"), which prohibit taxpayers from obtaining judgments for such relief. The application of those statutes here is explained at length in the defendants' moving brief.

In their opposition, plaintiffs admit that they seek to enjoin the United States from assessing tax liability and from ultimately collecting that tax liability, in direct contravention of the AIA and DJA. (Opp. Brf. ¶ 23, 32.) The plaintiffs so state repeatedly. (*See, e.g.,* Id. ¶37 ("Plaintiffs in this case seek injunctive and declaratory relief.") and ¶ 40 ("The type of injunctive relief sought by Plaintiffs is clearly in the nature of the AIA...").) The plaintiffs further admit that they have not been assessed any tax liability as a result of the Service's investigation to date and, thus, are not contesting any specific tax or tax liability. (Amended Compl. ¶ 46; Opp. Brf. ¶¶ 42-44.)

The entire substance of the plaintiffs' amended complaint goes to their desire to enjoin the government from investigating the plaintiffs' potential tax liability, including by enjoining a grand jury investigation. The "Affidavit of Facts and Summary of Events" in their amended complaint singularly discusses the investigation of their tax

liability carried out by Internal Revenue Service ("Service") agents and a related grand jury investigation. (Amended Compl. ¶¶ 1-24.) These facts are essentially repeated in the proposed findings of fact that plaintiffs filed with their opposition brief.[1] No facts other than those relating to the investigation of the plaintiffs' tax liability are raised.

The relief the plaintiffs specifically request is to have this Court enjoin the Service from investigating the plaintiffs' tax liability (including an injunction against summonsing third-parties and empaneling a grand jury), from assessing tax liability against plaintiffs and from collecting any assessed tax liability. (Amended Compl. ¶¶ 26, 32, 33, 43, 47 and p. 42 ¶ a.) Nothing in their opposition brief indicates any other type of relief they are seeking.

In fact, plaintiffs argue that the prohibitions of the AIA do not apply and that is why they are entitled to injunctive and declaratory relief. (Opp. Brf. ¶ 34, 37 (stating "Plaintiffs in this case seek injunctive and declaratory relief.")) Seizing upon the two very different exceptions to the AIA mentioned in the defendants' motion to dismiss (Def. Motion 8-9), plaintiffs claim that both apply. First, plaintiffs argue that the exception from South Carolina v. Regan, 465 U.S. 367 (1983), applies where Congress failed to otherwise provide an alternative legal way to challenge a tax. (Opp. Brf. ¶ 33-34.) As stated above, plaintiffs admit that no tax has been assessed and do not challenge any tax here. They challenge the United States' investigation of their tax liability.

---

[1] It is unclear why plaintiffs submitted proposed findings of fact and conclusions of law with their opposition to a motion to dismiss.

Accordingly, their argument fails.

Second, citing Enochs v. Williams Packing Co., 370 U.S. 1, 7 (1962), plaintiffs assert that the fact that no assessment has been made against them entitles them to obtain an injunction against the United States from performing the investigation required to make an assessment. (Id. ¶¶ 42-44.) This assertion is rebutted by the very case law plaintiffs quote, which states that the AIA is meant to prevent judicial intervention in the assessment and collection of taxes and to provide that the remedy for improper assessment or collection of taxes is a refund suit. (Id. ¶ 43.) Plaintiffs admit that there is neither an assessment nor collection. The very purpose of the AIA is to prevent lawsuits like this one, which interfere with the investigation of the plaintiffs that is needed to determine their tax liability, if any.

## II.   Plaintiffs State No Other Cognizable Claim over Which the Court Has Jurisdiction

Further searching for legal ground to stand upon, plaintiffs cite myriad statutes. None supports their claims and none states a claim upon the facts alleged.

- Plaintiffs cite 26 U.S.C. §§ 6212 and 6213. (Id. ¶¶ 46-48.) Those statutes require certain steps to be taken prior to an assessment. As there is no assessment here, those statutes have no relevance.

- Plaintiffs cite 26 U.S.C. § 7429. (Id. ¶ 15.) Section 7429 relates to jeopardy and termination levies and assessment procedures. Plaintiffs admit there is no assessment and never mention levies, as there were none.

- Plaintiffs cite 26 U.S.C. § 6531. (Id.) Section 6531 is a statue of limitations for criminal prosecution. No prosecution has been brought.

- Plaintiffs cite 26 U.S.C. § 6103. (Id.) Section 6103 relates to disclosures of tax payer information. No disclosures are alleged.

Moreover, a violation of any of these statutes would be actionable only under 26 U.S.C. §§ 7431 or 7433. As explained in the defendants' moving brief, plaintiffs allege no facts in their amended complaint that took place within the statute of limitations period for either § 7431 or § 7433. Accordingly, even had plaintiffs attempted to allege a violation of those statutes, it would be barred by the statute of limitations.

Plaintiffs appear to abandon their claim for damages, which remains unclear and wholly unsupported by any factual allegations. For that reason alone, their claim for damages should be dismissed.

### III.  Plaintiffs' Opposition Brief Is Further Evidence of the Need to Enjoin Them from Future Filings

Plaintiffs opposition brief is devoid of any merit and solidifies the conclusion that this lawsuit is simply the latest in a succession of frivolous lawsuits. Plaintiffs continued misuse of the legal system to launch frivolous lawsuits that are unsupported by law or fact should be enjoined. Their repeated installments of time-wasting and resource-sapping litigation is intended to harass the United States, its agencies and its employees, to the detriment of other taxpayers. The Court should remedy the situation, not by penalizing the plaintiffs for their prior conduct, but merely by preventing needless repetition of their conduct in the future.

### IV.  Service of Process

It initially appeared that Carl Roger Davis had effected defective service of his

own complaint. The plaintiffs have now filed affidavits of service completed by their son, stating that he affected service. Accordingly, the defendants withdraw their argument for dismissal based on improper service. For the reasons otherwise stated herein and in their moving brief, the defendants nonetheless believe this case should be dismissed in its entirety.

## CONCLUSION

Based on the foregoing, the defendants respectfully ask that the Court dismiss the plaintiffs' amended complaint in its entirety and enjoin the plaintiffs from filing further frivolous claims, as requested, together with such further relief the Court deems just and equitable.

DATED: February 21, 2008.                              Respectfully submitted,


                                                        /s/ Daniel J. Healy
                                                       DANIEL J. HEALY, #476233
                                                       Trial Attorney, Tax Division
                                                       U.S. Department of Justice
                                                       Post Office Box 227
                                                       Washington, DC 20044
                                                       Tel./FAX: (202) 305-3402/514-6866
                                                       Email: Daniel.J.Healy@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that defendants' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION DISMISS THE AMENDED COMPLAINT was served upon plaintiffs *pro se* on February 21, 2008 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

        Carl Roger Davis
        Jo Elaine Davis
        c/o P.O. Box 6207
        Branson, MO [65615]

                          /s/ Daniel J. Healy
                          DANIEL J. HEALY