RECEIVED

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>UNITED STATES, a Federal corporation; )<br>DEPARTMENT OF THE TREASURY; the )<br>INTERNAL REVENUE SERVICE; the )<br>DEPARTMENT OF JUSTICE; Title 26 )<br>U.S.C. § 7201; Title 26 U.S.C. §7203; Title )<br>26 U.S.C. § 7851; JAMES "TONY" )<br>STROTHER, in his official capacity; )<br>TIMOTHY E. NOONAN; in his official )<br>capacity; and DOES 1 through 5 inclusively, )<br><br>Defendants. ) | Case No. 1:07-cv-01749-RMU<br><br>**PLAINTIFFS' RESPONSE TO**<br>**DEFENDANTS' MOTION TO DISMISS**<br>**THE AMENDED COMPLAINT** |

COMES NOW Carl Roger Davis and Jo Elaine Davis, Plaintiffs, proceeding on their own

behalf, moving this Court to deny the Defendants' Motion to Dismiss the Amended Complaint

as a matter of fact and law. Plaintiffs include evidence sufficient to establish that this Court has

both subject matter and personam jurisdiction over all verified claims alleged if the Court takes

into consideration the entire record. *". . . the court must consider the entire record in the*

*action, not just those pieces of evidence that have been singled out for attention by the*

*parties."* See *Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). The

Defendants are moving this Court dismiss all claims in the First Amended Verified Complaint.

Contrary the to the Defendants' position, this Court has both in personam and subject matter jurisdiction over the Defendants, as no other conclusion can be drawn.

Upon the Court's thorough nonbiased review of the case-in-chief, this Court will determine that as a matter of fact and law, the Plaintiffs have effectively established jurisdiction, leaving the Defendants compelled to answer the First Amended Verified Complaint. ***The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government."*** See *Chambers v. Baltimore & Ohio Railroad*, 207 U.S. 148.

### MEMORANDUM OF LAW AND BRIEF IN SUPPORT

### I.
### The Plaintiffs Have Established Article III Jurisdiction Before This Court

Article III standing is a fundamental prerequisite to any exercise of the court's jurisdiction, see *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and requires, at the "irreducible constitutional minimum," id., a showing that the litigants have suffered a concrete and particularized injury that is actual or imminent, traceable to the challenged act, and redressable by the court. See *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37-38, 41-42, (1976). A petitioner must support each element of its claim to standing "by affidavit or other evidence." *Defenders of Wildlife*, 504 U.S. at 561; *see Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir 2002).

The Plaintiffs, unable to afford an attorney, filed their First Amended Verified Complaint in *pro se*, and are not to be held to the high standards of a bar attorney. The substance of the Plaintiffs' Verified Complaint has effectively established the elements necessary to cede this Court's jurisdiction. The United States Supreme Court stated in *Frank Lyon Co. v. United States*, 435 U.S. 561 (1978) 98 S.Ct. 1291, ***"In applying this doctrine of substance over form,***

the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. The Court has never regarded 'the simple expedient of drawing up papers." *Commissioner v. Tower*, 327 U.S. 280, 291 (1946). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant*." *Commissioner v. Duberstein*, 363 U.S. 278, 286 (1960).

The Plaintiffs, prior to filing their First Amended Verified Complaint in an attempt to correct any oversight on their part, went through many pains and penalties in a good faith attempt to properly cite the causes of action and requisite jurisdictional grounds to foreclose on the type of aggrandizing the Defendants would employ in an attempt to get this case dismissed. Still, Plaintiffs are challenged with reestablishing what is already well established on the Court's record.

## II.
## Plaintiffs' Access To The Courts Has Been Denied, As They Have Refused To Allow Questions Of Law Regarding The Constitutionality Of Federal Statutes To Be Resolved

1.       As Counsel points out on pages 15 and 16 § IV at bullet points 1, 2 and 3, the Plaintiffs admit to seeking relief in these Courts to rule on matters and issues that continue to be ignored and dismissed without opinion and favorably to the governments' motion in *Davis v. United States, et al.*, No. 1:05-cv-02474, *Davis v. Strothers*, et al., No. 6:06-cv-3201 and *Davis v. United States, et al.*, No. 6:07-cv-3039, and now this case. In every case, the Plaintiffs complaint has fallen on deaf ears and the lower Courts have summarily denied access.

2.       Plaintiffs filed this action to challenge the constitutionality of a federal statute pursuant to Federal Rules of Civil Procedure 5.1. (See **Exhibit A** attached hereto and incorporated herein by reference). The court recognized in *Buchanan v. Maine*, 469 F.3d 158 (1st Cir. 2006) that because this case involves an attack on the constitutionality of a federal statute, this court must

notify the Attorney General, who in turn intervenes pursuant to 28 U.S.C. § 2403(a), yet no such notification has manifested.

3.      The Plaintiffs rely on the most quoted case, *Grayned v. City of Rockford*, 408 U.S. 104, 108 and 109 (1972), in petitioning this Court in their challenge of the "Void for Vagueness" prima facie language of 26 U.S.C. §§ 7201, 7203 and 7851 of the internal revenue laws. The *Grayned* Court held, ***"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.*** Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. ***Vague laws may trap the innocent by not providing fair warning***. Second, ***if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them***. ***A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.*** Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to "`steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." *Id* at 108 and 109. See also *Gonzales v. Carhart et al*., 53-380 (U.S. 4-18-07); *Virginia v. Black*, 538 U.S. 343 (2003).

4.      The right of the Plaintiffs' to challenge the constitutionality of a federal statute is fundamental, albeit discouraged under the constitutional avoidance doctrine. In *McConnell v. Federal Election Commission*, 540 U.S. 93 (2003) 124 S.Ct. 286, 619, the Court recognized that "*. . . the constitutional avoidance doctrine counsels us to adopt constructions of statutes to*

*"avoid decision of constitutional questions," not to deliberately create constitutional questions."* United States v. Thirty-seven Photographs, 402 U.S. 363, 373 (1971); see also United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U.S. 366, 408 (1909). Thus when statutes are written to be overbroad and ambiguous, avoidance cannot necessarily be circumvented.

5.    "In *Liparota v. United States*, 471 U.S. 419 (1985), the Supreme Court examined the constitutionality of a federal statute that criminalized the acquisition or possession of food stamps in any unauthorized manner. See *id.* at 420-21. *The statute contained no explicit mens rea requirement. The Court read into the statute the requirement that the government prove that "the defendant knew his conduct to be unauthorized by statute or regulations." Id.* at 425-26 (emphasis added) (noting that "to interpret the statute otherwise would be to criminalize a broad range of apparently innocent conduct") [fn4] (see *Humanitarian Law Project v. Mukasey*, 05-56753 (9th Cir. 12-10-2007)), as the Plaintiffs are no less faced with this same dilemma.

6.    In this instant case, as noted in the Plaintiffs' First Amended Verified Complaint ("FAVC") at Counts IV ¶ 48 to 71, V ¶ 72 to 93 and VI ¶ 94 to 108, the void for vagueness doctrine raises a constitutional challenge when we read the ambiguous language of 26 U.S.C. §§ 7201, 7203 and 7851 of the internal revenue laws that includes the term "any tax imposed," which incorporates no explicit *mens rea* requirement and discloses no means by which the criminal act can be construed (see Dkt#11 @ **Exhibit E**, and **Exhibit G**). The statutory language of 7851 clearly prescribes that the Code has not be constitutionally enacted, which calls into question its enforceability. The claims proven by the Plaintiffs are not imaginable, but are real and plausible.

7.      At best, the statutes have been drafted by Congress to be ambiguous and predatory - which gives great latitude in the successful prosecution of its victims when presented before a jury system ceded with citizens that have been stripped of giving consideration to the law. Thus, employees proceeding on behalf of their UNITED STATES employer choose to ignore these intrinsic facts – exploiting terms such as 'frivolous', 'without merit' and 'baseless' in regards to the Plaintiffs' reliance on the plain language of the statutes. The Plaintiffs have raised issues of the constitutionality of federal statutes, seeking relief that at best, if dismissal is the ultimate determination, a finding of facts and conclusion of law regarding the federal questions should be concocted.

### III.
### Service Was Made To The Civil Process Clerk For The United States Attorney

8.      Counsel asserts on page 3 § I *at* ¶ 1 of the supporting memorandum that Plaintiffs violated Fed.R.Civ.P. 4(c), asserting that the Plaintiffs failed to serve process on the United States. To the contrary, the Plaintiffs caused Service of Process to effectuate on the United States Defendant through a third party via Fed.R.Civ.P. Rules 4(i)(1)(A) and 4(i)(2)(A), sending a copy of the summons and complaint by Certified Mail addressed to the Civil Process Clerk at the office of the United States Attorney and the Attorney General of the United States at Washington, District of Columbia. *"Rule 4(i) provides the method for service on the United States, or its agencies, officers or corporations."* See *McMaster v. United States*, 260 F.3d 814, 817-818 (7th Cir. 2001). (See **Exhibit B** attached hereto and incorporated herein by reference.)

9.      In grasping for straws, Counsel attempts to mislead the Court with linguistic gymnastics, asserting that Plaintiff Carl Roger Davis himself served the summonses and complaint. The literal reading of Fed.R.Civ.P. 4(c)(2) states in pertinent part: *"Service may be effected by any person who is not a party and who is at least 18 years of age."* See *Sheppard v. Riverview*

*Nursing Center, INC.*, 88 F.3d 1332 (4th Cir. 1996). In this instant case, Chad R. Davis, who is not a party to this action, caused the service of the summonses and complaints. (See **Exhibit B** attached hereto and incorporated herein by reference.)

10.     The reading of the rule states ***"Service may be . . . by any person who is not a party . . ."*** The court held in *Chairez v. United States*, 355 F.3d 1099 (7th Cir. 2004) that Service by certified mail has long been considered an acceptable means to provide notice. See *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 796 n. 3, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (citing *Hess v. Pawloski,* 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); *Nibagwire v. Gonsales,* 04-2254 (4th Cir. 2006). "Under a service by certified mail scheme, *Grijalva* held that a "strong presumption" of delivery attaches. *Grijalva,* 21 I. & N. Dec. at 37. "The strong presumption of delivery is justified for certified mail because of the extra assurances of effective delivery provided by the U.S. Postal Service. When certified mail is used, the Postal Service's delivery efforts are documented: there is a return receipt or written proof of attempted delivery and notification to the addressee of certified mail."

11.     Due to the rather stringent requirements of the rule, Rule 4(i)(3) instructs the court to allow a reasonable time to cure the failure to serve multiple officers, if the Plaintiff has successfully served the U.S. attorney or the Attorney General. See *Flory v. United States*, 260, F.3d 24, 25-26 (5th Cir. 1996). Counsel's attempt to draw an inference that the Plaintiff Carl Roger Davis caused the summonses and complaint to be mailed because the return address *appears* to be his is without merit and therefore need not be addressed.

**IV.**
### Plaintiffs Submitted Documentary Evidence Sufficient To Establish That The UNITED STATES Waived Sovereign Immunity And Consented To Suit

12.     On page 5 at § B ¶ 1 of Defendants' memorandum, Counsel proceeds to deny Plaintiffs' access to the Court with the longstanding doctrine of "sovereign immunity" enjoyed by the UNITED STATES Defendant.  The issue of "sovereign immunity" has been the crux of the Plaintiffs' peril and demise when presenting valid and verifiable irrefutable evidence of fact and law, in past litigation, and now again before this Court.

13.     Addressing this tyrannical doctrine, Justice Oliver Wendell Holmes Jr., in *Kawananakoa v. Polyblank*, 205 U.S. 249, 27 S.Ct. 526, 51 L. Ed. 834 (1907), explained that a *". . . sovereign is exempt from suit, not because of any formal conception of obsolete theory, but on the logical and practical ground that <u>there can be no legal right as against the authority that makes the law on which the right depends,</u>"* and when applied, this means that one cannot sue the lawmaker, even though he is the lawbreaker of the laws he has made for others to abide by, and for which, being the maker, he himself is immune and suffers no consequences as the breaker of the law he has created.

14.     To further punctuate this feudal and systematic form of injustice that results in denial of access to the courts, in *Suburban Mortg. v. U.S. Dept.*, 480 F.3d 1116 (Fed. Cir. 2007), the court acknowledged the ugly and prejudicial history of sovereign immunity imposed by the courts to this day in stating, *"Sovereign immunity — <u>the notion cherished by the medieval English Kings and Queens that they could do no wrong, at least no wrong correctable in their own courts — is a privilege still granted by the federal courts to the Royals' successor, the United States Government</u>.* One consequence of this doctrine is that, absent a Constitutional grant of authority, if one wishes to sue the United States for a wrong committed by one of its agents (and

agencies), one must find an appropriate Act of Congress that waives the Government's immunity from suit for that particular wrong."

15.    In this case, the UNITED STATES Defendant has given statutory consent to suit as referenced in the Plaintiffs' First Amended Verified Complaint with specific relief pled in the *ad damnum*, pursuant to 26 U.S.C. § 7429 of the *prima facie* internal revenue laws. This civil action is proper to seek in light of the violations of 26 U.S.C. §§ 6103, 6212, 6213, 6531 and 7602 that have statutorily been committed by the Defendants under color of the internal revenue laws.

16.    Plaintiffs' Complaint seeks common law relief under the Constitution for the United States of America and the Administrative Procedure Act (APA) to effectively challenge 26 U.S.C. § 7851 *et seq.*, of the *prima facie* internal revenue laws, that by its language has not been enacted by Congress as required under Article I, Section 7, Clauses 1 and 2, and Article I, Section 10, Clause 1 of the Constitution for the United States of America as Amended; and to challenge the predatory language of 26 U.S.C. §§ 7201 and 7203 of the internal revenue laws as being void for vagueness.

17.    Counsel for the UNITED STATES asserts on page 13 § VI ¶ 1 of the memorandum that the 2 year statute of limitations has run out for any cognizable claims for damages under 7431 or 7433, which is not applicable here. In this instant case, it is the UNTIED STATES that has continued to resurrect these claims in seeking the grand jury to indict and criminally prosecute Plaintiffs for alleged tax evasion regarding tax years 1998 through 2003, extending the statute of limitations regarding those years.

18.    Thus, the UNITED STATES has waived its "sovereign immunity" pursuant to the doctrine of recoupment. ***The waiver can be by statutory consent to be sued or by the institution***

*of the particular action. Our conclusion is that when the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupment* — *arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim ... " Frederick v. United States*, 386 F.2d 481, 487-488 (5th Cir. 1967). However, a defendant may reduce the government's recovery by the assertion of a claim under the equitable doctrine of recoupment. See *Bull v. United States*, 295 U.S. 247, 258-63 (1935). Recoupment requires that the defendant's claim arise out of the same transaction as that sued upon by the United States. See *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296 (1946). See also *Frederick v. United States*, supra.

19.    The parameters of recoupment are derived from the common-law pleading . . . *"In the context of recoupment "transaction" is a word of flexible meaning depending not so much on the immediateness of connection of an occurrence or occurrences, as upon its logical relationship of the events. Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); In re *Pinkstaff*, 974 F.2d 113 (9th Cir. 1992); *Montgomery Ward Development Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991); *Tullos v. Parks*, 915 F.2d 1192 (8th Cir. 1990); *Savarese v. Agriss*, 883 F.2d 1194, 1208 (3d Cir. 1989). *When recoupment is used as a defense to a plaintiff's action, it is not barred by a statute of limitations as long as the main action itself is timely." United States v. Dalm*, 494 U.S. 596 (1990); *Bull v. United States*, supra, at 262; Matter of Coxson, 43 F.3d 189, 193-94 (5th Cir. 1995). In *Capital Transit Co.*, the court intelligibly held:

> "It is the Court's opinion that the United States in bringing such an action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved." *United States v. Capital Transit Co.*, 108 F. Supp. 348, 350 (1952). *"The Court concludes that if the United States waits until the two year period has expired and then brings the action for damages, it waives the right to assert the Statute of Limitations against a defendant interposing a counterclaim."*

20.    A similar decision was reached in *United States v. Southern Pacific Company*, 210 F.

Supp. 760, 763 (1962) which states:

> "*The court holds that counter claims under the Federal Tort Claims Act are to be allowed when the claim of the United States originates out of the same circumstances and is of the same nature as the counter claim; and that if the United States waits until the two year period has expired and then brings an action for damages it impliedly waives the right to assert the statute of limitations against a defendant interposing a counter claim.*"

**21.**    Thus, it is the UNITED STATES who initiated an action against Plaintiffs and waived

their right to assert the statute of limitations against Plaintiffs asserting a claim in the form of a

collateral attack. Finally, the UNITED STATES cannot have it both ways. Here, they are

seeking criminal prosecution of the Plaintiffs for tax years 1998, 1999 and 2000, outside the

statute of limitations set out by Congress at 26 U.S.C. § 6531, and seeking prosecution without

assessment in violation of 26 U.S.C. § 6213(a), to bar the Plaintiffs' right to challenge their

intent on proceeding as if these acts of Congress have no merit. The Plaintiffs have raised

matters of law that must be addressed by the Defendants, therefore the motion to dismiss the

First Amended Verified Complaint must be denied.

## V.
### Plaintiffs Cite Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

22.    The Plaintiffs filed the First Amended Verified Complaint on multiple jurisdictional

grounds in a good faith attempt to raise all related substantive violations committed by the

UNITED STATES Defendants under one umbrella. "*. . . if the joined claims do arise from the*

*same case or controversy, the court may exercise supplemental jurisdiction over the claims.*"

See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18*

*permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*"

(*Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991)).

23.     Unlike the Defendants, the Plaintiffs do not have unlimited time and resources in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against them by the Defendants and, therefore, enjoined their acts under a single action. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure. prohibit Plaintiffs from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary.

## VI.
## Plaintiffs Foreclosed On The Exhaustion Of Their Administrative Remedies, Leaving This Court With Subject Matter Jurisdiction

24.     Counsel asserts that the Plaintiffs' First Amended Verified Complaint should be dismissed in its entirety for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and includes an extensive memorandum that would appear to support his claims. Their memorandum of authorities is repetitious and redundant and does not address a single issue alleged in the Plaintiffs' First Amended Verified Complaint that would establish that this Court is without jurisdiction.

25.     Contrary to Counsel's assertion, as enumerated in the "Statement of the Case" at Section III *supra*, the Plaintiffs have attempted to communicate with the Defendants throughout the exhaustion of their administrative remedies, but all efforts have fallen on deaf ears. Thus, the courts have excused exhaustion when such a requirement *"would be futile because of the certainty of an adverse decision."* 3 K. Davis, *Administrative Law Treatise* 20.07 (1958). But since that is not the case here, the Court need only review the evidence of exhaustion as submitted herein.

26.    As cited above, between October 2000 and December 2002 Plaintiffs hired Attorney Milton Baxley to act on Plaintiffs' behalf in communicating with the IRS in the exhaustion of their administrative remedies and were completely ignored by Service employees, save their escalation of the matter. *"judgment for damages shall not be awarded under [section 7433] unless the court determines that the Plaintiff has exhausted the administrative remedies available to such Plaintiff within the Internal Revenue Service."* 26 U.S.C. § 7433(d)(1). *Several courts have "interpreted the exhaustion requirement as jurisdictional" in nature. Bennett v. United States*, 361 F. Supp.2d 510, 514 (W.D. Va. 2005); see, e.g., *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Simmons v. United States*, 875 F. Supp. 318, 319 (W.D. N.C. 1994); *Music Deli & Groceries, Inc. v. I.R.S.*, 781 F. Supp. 992, 997 (S.D. N.Y. 1991).

27.    The Plaintiffs' attempt to communicate with the Defendants through their tax attorney Milton Baxley and resolve this matter has been absolutely futile. *"The administrative remedy is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong."* *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). As cited in *Bivens v. Six Unknown Fed. Narcotics Agents*, 392, 403 U.S. 388 (1971).

28.    The term "exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). The first, known as "non-jurisdictional exhaustion," is a "judicially created doctrine" that the court may, under certain circumstances and "in its discretion, excuse." Id. The second, called "jurisdictional exhaustion," is a statutory "predicate to judicial review . . . rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts." Id. (citing *E.E.O.C. v. Lutheran Soc. Servs.*, 186

F.3d 959, 963-64 (D.C. Cir.1999)). Because courts "presume exhaustion is non-jurisdictional," id. at 1248, there must be "[s]weeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

29.    *Etelson v. Office of Personnel Management*, 684 F.2d 918, 923 (D.C. Cir. 1982) "This court has emphasized that "[t]he purpose of exhaustion . . . is narrow . . . . So long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged." *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977); *York Apt. v. D.C. Zoning*, 856 A.2d 1079 (D.C. 2004) "We agree with the D.C. Circuit that "[s]o long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged." *Safir v. Kreps*, 179 U.S.App. D.C. 261, 266, 551 F.2d 447, 452 (1977); see also *Office of Communication of United Church of Christ v. FCC*, 250 U.S. App. D.C. 312, 316, 779 F.2d 702, 706 (1985) (footnote with citations to cases from the other U.S. Circuit Courts omitted); *Citizens for Clean Air  v. Spokane*, 114 Wn.2d 20 (1990) excused exhaustion on similar grounds. See *National Wildlife Fed'n v. Burford*, Page 32 835 F.2d 305, 317 (D.C. Cir. 1987) (excusing exhaustion when plaintiff had brought his complaints to the attention of officials through letters); *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir.) ("So long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged." (Italics ours.)), cert. denied, 434 U.S. 820 (1977); *Mich. Citizens for a Indep.  v. Thornburgh*, 868 F.2d 1300 (D.C. Cir. 1989) ... on appeal. *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946); *United States v. L.A. Tucker Trucklines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952); *Safir v. Kreps*, 551 F.2d 447, 452 (D.C. Cir. 1977); *National Wildlife E. Federation v. Burford*, 835 F.2d 305 (D.C. Cir. 1987)... Chicago M.,

St. P. & P.R. Co., 380 F.2d 605, 608, cert. denied, 389 U.S. 928, 88 S.Ct. 289, 19 L.Ed.2d 279 (1967).

30.     During the entire administrative process the Defendants made their hardline position clear: that they are committed to prosecuting the Plaintiffs, without first complying with the *prima facie* internal revenue laws themselves. ***"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."*** Id. (citing *Etelson v. Office of Pers. Mgnt.*, 684 F.2d 918, 925 (D.C. Cir. 1982). No more is necessary to establish that exhaustion has come to fruition in this instant case; and the UNITED STATES Defendants have waived sovereign immunity and have consented to being sued.

## VII.
## The United States, Department Of The Treasury And The Internal Revenue Service Are The Proper Parties Under The Administrative Procedure Act

31.     In their FAVC, Plaintiffs invoked the tenable jurisdiction of the Administrative Procedure Act (APA). In *America's Community Bankers v. FDIC*, 200 F.3d 822 (D.C. Cir. 2000) this court stated that, ***"If an agency errs, the agency is liable, to the extent that Congress has waived the government's immunity from suit."***

32.     Counsel incorrectly asserts on page 7 at ¶ 2 of his brief that the Plaintiffs' *ad damnum* clauses request both injunctive and declaratory relief. Counsel continues to mischaracterize Plaintiffs' claims in an attempt to controvert the Plaintiffs' separate and distinct APA claims for declaratory and injunctive relief as a claim for relief barred by the Anti-Injunction Act (AIA) and the Declaratory Judgment Act (DJA) with respect to federal taxes. In review of Counts I through VII of Plaintiffs' FAVC, the Court will find that Plaintiffs meticulously cited the

statutory authority that gives this Court jurisdiction to hear each cause of action applicable to its particular claim – one of the reasons Plaintiffs sought to amend their Complaint.

33.    Counsel for the UNITED STATES Defendants state in part that the *"The AIA prohibits the plaintiffs from seeking injunctive relief for alleged violation of the tax laws and this prohibition cannot overridden by the APA."* Here, Counsel is off-point and attempting to move this Court off-point, as it is well settled that *"the AIA bar to suit does not apply where Congress has not provided . . . an alternative legal method of challenging the validity of the tax." South Carolina v. Regan,* 465 U.S. 367, 378 (1984).

34.    Keeping all matters in perspective, the language and statutory construction of the AIA and the DJA have specific applications for declaratory and injunctive relief other than that of the APA. The issues raised in Plaintiffs' First Amended Verified Compliant, as applicable to the APA, do not in any way seek the prohibition of the assessment or the collection of any tax imposed – as no assessment was ever made. The *Regan* exception explicitly held, *". . . that the Act was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax."* See *South Carolina v. Regan,* 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). *Id.* at 373, 104 S.Ct. 1107.

35.    Plaintiffs' First Amended Verified Complaint clearly arises under a combination of several different statutes, which involve the term "final agency action" at 5 U.S.C. § 702. In this instant case, Congress has not provided Plaintiffs with an alternative legal way to challenge the validity of the tax as it pertains to the procedural violations, statutory construction, ambiguity and void for vagueness language of 26 U.S.C. §§ 7851, 7201 and 7203 of the *prima facie* internal revenue laws, thus the *Regan* exception does apply (see **Exhibit E** and **Exhibit G** at **Docket# 11** and incorporated herein by reference).

36.    In *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989)

states: "*. . . on its face, the 1976 amendment to § 702 waives sovereign immunity in all actions*

*seeking relief from official misconduct except for money damages.*" The court went on to

state: ". . . nothing in the legislative history of the 1976 amendment of § 702 suggests that

Congress intended to limit the waiver of sovereign immunity to the specific forms of "agency

action" enumerated in § 551(13). Congress stated that *"the time [has] now come to eliminate*

*the sovereign immunity defense in all equitable actions for specific relief against a Federal*

*agency or officer acting in an official capacity."* H.Rep. No. 1656, 94th Cong., 2d Sess. 9,

*reprinted in* 1976 U.S. Code Cong.

37.    This waiver is applicable to the UNITED STATES Defendants pursuant to the APA (see

5 U.S.C. §§ 701-706), and Plaintiffs in this case seek injunctive and declaratory relief.

Section 702. Right of review states in pertinent part:

> "*A person suffering legal wrong because of agency action, or adversely affected or*
> *aggrieved by agency action within the meaning of a relevant statute, is entitled to*
> *judicial review thereof. An action in a court of the United States* seeking relief
> other than money damages and stating a claim that an agency or an officer or
> employee thereof acted or failed to act in an official capacity or under color of legal
> authority *shall not be dismissed nor relief therein be denied on the grounds that it*
> *is against the United States or that the United States is an indispensable party. The*
> *United States may be named as a defendant in any such action, and a judgment or*
> *decree may be entered against the United States*: Provided, That any mandatory or
> injunctive decree shall specify the Federal officer or officers (by name or by title),
> and their successors in office, personally responsible for compliance."
>
> The APA at Section 703 states in pertinent part: "The form of proceeding for
> judicial review is the special statutory review proceeding relevant to the subject
> matter in a court specified by statute or, in the absence or inadequacy thereof, any
> applicable form of legal action, including actions for declaratory judgments or writs
> of prohibitory or mandatory injunction or habeas corpus, in a court of competent
> jurisdiction. *If no special statutory review proceeding is applicable, the action for*
> *judicial review may be brought against the United States, the agency by its official*
> *title, or the appropriate officer*. Except to the extent that prior, adequate, and
> exclusive opportunity for judicial review is provided by law, agency action is subject
> to judicial review in civil or criminal proceedings for judicial enforcement."

(See **Exhibit C** attached hereto and incorporated herein by reference).

38.    "As we held in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), when a statute speaks clearly to the issue at hand we ***"must give effect to the unambiguously expressed intent of Congress,"*** but when the statute "is silent or ambiguous" we must defer to a reasonable construction by the agency charged with its implementation." *Barnhart v. Thomas*, 540 U.S. 20 (2003). "***Another waiver of sovereign immunity may be found in a statute that creates a federal agency, corporation or other artificial entity, and gives to that entity, the power to sue and be sued.***" See *FDIC v. Meyer*, 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

39.    "We begin with the strong presumption that Congress intends judicial review of administrative action." *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986); see also, *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). This presumption favoring judicial review has been reaffirmed over many years by Congress, and is embodied in Sections 702, 703, and 704 of the APA. *Abbott Laboratories* at 140, 87 S.Ct. at 1511; *N.A.A.C.P. v. Secretary of Housing and Urban Development*, 817 F.2d 149, 152 (1st Cir. 1987). ***"[e]ven without an explicit provision for judicial review . . ., in the absence of strong indications that a statute commits a decision irrevocably to agency discretion . . ., the propriety of the agency's action presents a federal question cognizable in the district courts."*** *Bell v. New Jersey*, 461 U.S. 773, 792, 103 S.Ct. 2187, 2198, 76 L.Ed.2d 312 (1983) (citations omitted); see also *Hamilton*, 925 F.2d 1272 (10th Cir. 1991).

40.    The type of injunctive relief sought by the Plaintiffs is clearly in the nature of the APA and is not barred by the AIA or the DJA. Counsel's attempt to paint this statute with a broad

brush does not cancel the plain language of how Congress intended for the statute to be employed.

41.    Each *ad damnum* clause cited at the end of each Count in Plaintiffs' First Amended Verified Compliant seeks relief specific to that claim. At best, Counsel is attempting to get Plaintiffs' entire complaint dismissed regarding issues of form, not substance. *Commissioner v. Tower*, 327 U.S. 280, 291 (1946) *Id*. Therefore, Counts I through IX must not be dismissed and the UNITED STATES' Motion to Dismiss First Amended Counterclaim must be denied.

## VIII.
## The Anti-Injunction Act Does Not Bar The Plaintiffs' Action

42.    Counsel for the Defendants erroneously asserts on page 7 § 1 ¶ 1: "***The AIA prohibits the plaintiff from seeking injunctive relief for alleged violations of the tax laws and this prohibition cannot be overridden by the APA.***" In a brief discussion, the Plaintiffs provide evidence sufficient to conclude that the UNITED STATES Defendants have waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the lawful assessment and collection of federal income taxes, which is <u>not</u> the content, intent or extent of the Plaintiffs complaint.

43.    In *Aqua Bar & Lounge v. United States Department of the Treasury, 539 F.2d 934, 935* (3rd Cir. 1976) The Supreme Court has stated with respect to the Anti-Injunction Statute: "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." See *Enochs v. Williams Packing Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

44.     Since there has been NO ASSESSMENT made by the IRS, lawful or otherwise, Count III of Plaintiffs complaint is governed by the exception clause of the Act at 26 U.S.C. § 7421(a), rendering the statutory restriction inoperable and the jurisdictional bar proffered by the AIA does not apply here.

45.     Section 7421(a) of the Internal Revenue Code provides in relevant part as follows:

> "(a) Tax. Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person*, whether or not such person is the person against whom such tax was assessed."

46.     The AIA includes "exception" clauses, citing Sections 6212(a) and (c) and 6213(a) of the Code wherein the UNITED STATES Defendants expressly waive immunity under the Act and consent to being sued when no assessment has been made. The unambiguous language of 26 U.S.C. § 6213(a) states in pertinent part:  *"Except as otherwise provided* in section 6851, 6852, or 6861 *no assessment of a deficiency in respect of any tax imposed* by subtitle A, or B, chapter 41, 42, 43, or 44 *and no* levy or *proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer* . . ." (See **Exhibit D** attached hereto and incorporated herein by reference).

47.     The United States Supreme Court and Congress have repeatedly stated that, *"The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intention to the contrary, that language must be ordinarily regarded as conclusive."* See *Product Safety Comm'n v. GTE Sylvania*, 447 US 102 (1980), 100 S. Ct. 2051, further employing the term "shall," legislating mandatory language in its statutory construction.

48.     The statutory language of 26 U.S.C. § 6213(a) is without ambiguity, stating in pertinent part that: *"no assessment of a deficiency in respect of any tax imposed . . . and no proceeding*

*in court . . . shall be . . . prosecuted until such notice has been mailed to the taxpayer. . ."* *"The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives."* <u>CBS, INC. v. FCC</u>, 453 U.S. 367, 382 (1981), 69 L Ed 2d 706, 709 101 S.Ct. 2813 (emphasis added).

49.    The clear language of the statute uses the operative word 'prosecute,' which commands that no proceeding in court for collection, criminal or civil, shall be prosecuted until the assessment of a deficiency has been made under the *prima facie* internal revenue laws. Plaintiffs are unequivocally disputing the authority of the UNITED STATES Defendants putting the cart before the horse to 'prosecute' Plaintiffs criminally prior to mandatory assessment of an alleged federal tax liability under 26 U.S.C. 6213(a), *et al.*, giving rise to the waiver of sovereign immunity and consent to being sued under the exception clauses of the AIA.

**IX.**
**Daniel J. Healy Continues To Play The "Institutionalized–Control"**
**Card, Using His Position As A United States Tax Attorney In**
**Name-Calling And Attempting To Block Plaintiffs' Access To The Courts**

50.    Counsel asserts on page 15 and 16 § IV that, *"The Plaintiffs have a persistent record of filing frivolous lawsuits in this court and others . . ."* in an attempt to insure that Plaintiffs' access to the Courts for redress of grievance will be denied. We begin with the fact that *"[A]n unlawful or unauthorized exercise of power does not become legitimate or authorized by reason of habitude."* <u>In re Benny</u>, 29 B.R. 754, 762, (N.D. Cal. 1983), See also <u>Umpleby v. State</u>, 347 N.W.2d 156, 161 (N.D. 1984). With this in mind, a *". . . defendant may be personally involved in constructional deprivation by direct participation, failure to remedy*

*wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violations."* See *Gallegos v. Haggerty*, 689 F. Supp. 93 (N.D.N.Y. 1988).

51.    Thus, just because it is both policy and custom for Counsel to label *pro se* litigants who attempt to access these courts and exercise their First Amendment right of redress of grievance regarding tax law matters as "frivolous" does not controvert the facts and law of this case– in particular, when the Courts themselves are acting as protectionists on behalf of the IRS or any United States Government agency and ignore the clear language of *stare decisis* Supreme Court rulings that have never been overturned.

52.    The Court's willingness to abuse its discretionary authority and rubberstamp the UNITED STATES motions that ignore the Plaintiffs' valid legal positions, labeling them as 'frivolous', 'without merit' or a 'political issue,' does not make these acts of contempt valid or plausible. It merely punctuates the futility of an institutionally-controlled system of justice steeped in subjugation and absolute prejudice. A crime is a crime, be it committed under color of law by public officials in the courts or by private citizens on the streets. Counsel is thus reminded that Courts are but of *men*, and as such, *men* will often act to protect their political, social and economic agenda even if it concedes to committing a criminal act under the protection and color of law – as such is no less applicable in this instant case.  Men of great wisdom who have come before us, have warned of the consequences that would befall us from the collusive, tyrannical machinery of government, so stating:

> *"Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously.* Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. *Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for*

*law; it invites every man to become a law unto himself; it invites anarchy. <u>To</u>* <u>*declare that in the administration of the criminal law the end justifies the*</u> <u>*means — to declare that the Government may commit crimes in order to secure*</u> <u>*the conviction of a private criminal — would bring terrible retribution.*</u> Against that pernicious doctrine this Court should resolutely set its face." <u>*Olmstead v.*</u> <u>*United States*</u>, 277 U.S. 438, 485 (1928)

53.    In a recent standing Self-Representation Order by district judge John F. Walter filed in the United States District Court, Central District of California, in the case of <u>*Nicholas Toliver v.*</u> <u>*United States, et. al*</u>, Case No. 2:07-CV-08400-JC at page 2, bullet point 3, the Court states, **"The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between parties in accordance with the law. As such, the judge cannot assist . . . cannot answer . . . legal questions, and cannot take sides in the dispute."** And the Plaintiffs are demanding no less of this Court to provide neutral adjudication in its disposal of all matters presented before it in this instant case – giving the minimum appearance of fairness. (See **Exhibit E** attached hereto and incorporated herein by reference)

### CONCLUSION

**WHEREFORE;** In the interest of justice and considering the entire record, Plaintiffs move this Honorable Court to deny the Defendants' Motion to Dismiss all Counts in the Amended Complaint and Order Defendants to answer the First Amended Verified Complaint as the only just and proper remedy.

Respectfully submitted.

### VERIFICATION

I/we, <u>Carl Roger Davis and Jo Elaine Davis</u>, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our knowledge, understanding and belief.  All Rights retained without recourse.

On this  *13*  day February 2008

Signature: _____
Carl Roger Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
417-334-1320

Signature: _____
Jo Elaine Davis, Plaintiff
c/o PO Box 6207
Branson, Missouri [65615]
417-334-1320

**ATTACHMENTS:**

**Exhibit A:**  Report of the Civil Rules Advisory Committee and adoption of new Fed.R.Civ.P. Rule 5.1 (12 pages)

**Exhibit B:**  Summonses and Returns of Service Executed by Chad R. Davis (20 pages)

**Exhibit C:**  Title 5 U.S.C. §§ 702 – Right of review and 703 – Form and venue of proceeding (2 pages)

**Exhibit D:**  Title 26 U.S.C. §§ 7421 – Prohibition of Suits to Restrain the Assessment or Collection – Anti Injunction Act (2 pages)

**Exhibit E:**  Standing Order regarding function of the Court in pro se litigation (2 pages)

## CERTIFICATE OF SERVICE

I, <u>Carl Roger Davis</u> certified that on February _13_, 2008, I mailed a true and corrected copy

of the foregoing Plaintiffs' Response to Defendants' Motion to Dismiss The Amended

Complaint with memorandum of authorities and affidavit in support with exhibits A through E to

the following:

Daniel J. Healy
U.S. Dept. of Justice, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Certified Mail No._1007 0220 0000 6951 6454_

Carl Roger Davis



1 5 2008

Nancy Meyer Whittington, Clerk
US District Court, District of Columbia

**EXHIBIT A**

Report of the Civil Rules Advisory Committee and adoption of new Fed.R.Civ.P. Rule 5.1
(12 pages)

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE

OF THE

JUDICIAL CONFERENCE OF THE UNITED STATES

WASHINGTON, D.C. 20544

DAVID F. LEVI
CHAIR

PETER G. McCABE
SECRETARY

CHAIRS OF ADVISORY COMMITTEES

SAMUEL A. ALITO, JR.
APPELLATE RULES

THOMAS S. ZILLY
BANKRUPTCY RULES

LEE H. ROSENTHAL
CIVIL RULES

SUSAN C. BUCKLEW
CRIMINAL RULES

JERRY E. SMITH
EVIDENCE RULES

To:       Honorable David F. Levi, Chair, Standing Committee
          on Rules of Practice and Procedure

From:     Honorable Lee H. Rosenthal, Chair, Advisory Committee
          on Federal Rules of Civil Procedure

Date:     December 17, 2004

Re:       Report of the Civil Rules Advisory Committee

### Introduction

The Civil Rules Advisory Committee met in Santa Fe, New Mexico, on October 28 and 29, 2004.

\* \* \* \* \*

Part I of this report presents action items. Part I A recommends transmission for approval of new Civil Rule 5.1 and conforming amendments to Civil Rule 24(c). These proposals were published for comment in August 2003. They were discussed and revised at the April and October 2004 meetings. The Committee believes that the revisions do not require republication.

\* \* \* \* \*

### I Action Items

A. Rules for Adoption: New Civil Rule 5.1 — Notice of Constitutional Question; Conforming Rule 24 Changes

The Advisory Committee recommends approval for adoption of new Civil Rule 5.1, and a conforming amendment of Civil Rule 24(c), as follow on the next pages:

## PROPOSED AMENDMENTS TO THE
## FEDERAL RULES OF CIVIL PROCEDURE'

### Rule 5.1. Constitutional Challenge to a Statute — Notice, Certification, and Intervention

**Ja) Notice by a Party.** A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it. if:

6      (A) a federal statute is questioned and neither the

7      United States nor any of its agencies, officers, or

8      employees is a party in an official capacity, or

9      **JB)**a state statute is questioned and neither the state

10      nor any of its agencies, officers, or employees is a

11      party in an official capacity; and

12      (2) serve the notice and paper on the Attorney General of

the United States if a federal statute is challenged — or

on the state attorney general if a state statute is challenged

— either by certified or registered mail or by sending it to

---

'New material is underlined; matter to be omitted is lined through.

2    FEDERAL RULES OF CIVIL PROCEDURE

16    an electronic address designated by the attorney general

17    for this purpose.

18    **(b) Certification by the Court.** The court must, under 28

19    U.S.C. § 2403, certify to the Attorney General of the United

20    States that there is a constitutional challenge to a federal

21    statute, or certify to the state attorney general that there is a

22    constitutional challenge to a state statute.

23    **(c) Intervention; Final Decision on the Merits.** Unless the

24    court sets a later time, the attorney general may intervene

25    within 60 days after the notice of constitutional question is

26    filed or after the court certifies the challenge, whichever is

27    earlier.  Before the time to intervene expires, the court may

28    reject the constitutional challenge, but may not enter a final

29    judgment holding the statute unconstitutional.

30    **(d) No Forfeiture.** A party's failure to file and serve the

31    notice, or the court's failure to certify, does not forfeit a

32    constitutional claim or defense that is otherwise timely

33    asserted.

**Committee Note**

Rule 5.1 implements 28 U.S.C. § 2403, replacing the final three sentences of Rule 24(c).  New Rule 5.1 requires a party that files a

FEDERAL RULES OF CIVIL PROCEDURE          3

pleading, written motion, or other paper drawing in question the constitutionality of a federal or state statute to file a notice of constitutional question and serve it on the United States Attorney General or state attorney general. The party must promptly file and serve the notice of constitutional question. This notice requirement supplements the court's duty to certify a constitutional challenge to the United States Attorney General or state attorney general. The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation. The court's certification obligation remains, and is the only notice when the constitutionality of a federal or state statute is drawn in question by means other than a party's pleading, written motion, or other paper.

Moving the notice and certification provisions from Rule 24(c) to a new rule is designed to attract the parties' attention to these provisions by locating them in the vicinity of the rules that require notice by service and pleading.

Rule 5.1 goes beyond the requirements of § 2403 and the former Rule 24(c) provisions by requiring notice and certification of a constitutional challenge to any federal or state statute, not only those "affecting the public interest." It is better to assure, through notice, that the attorney general is able to determine whether to seek intervention on the ground that the act or statute affects a public interest. Rule 5.1 refers to a "federal statute," rather than the § 2403 reference to an "Act of Congress," to maintain consistency in the Civil Rules vocabulary.    In Rule 5.1 "statute" means any congressional enactment that would qualify as an "Act of Congress."

Unless the court sets a later time, the 60-day period for intervention runs from the time a party files a notice of constitutional question or from the time the court certifies a constitutional challenge, whichever is earlier. Rule 5.1(a) directs that a party promptly serve the notice of constitutional question. The court may extend the 60-period on its own or on motion. One occasion for extension inay arise if the court certifies a challenge under § 2403 after a party files a notice of constitutional question.    Pretrial activities may continue without interruption during the intervention

4          FEDERAL RULES OF CIVIL PROCEDURE

period, and the court retains authority to grant interlocutory relief. The court may reject a constitutional challenge to a statute at any time. But the court may not enter a final judgment holding a statute unconstitutional before the attorney general has responded or the intervention period has expired without response. This rule does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action — including a constitutional challenge — at any time, even before service of process.

*Rule 24(c)*

The provisions of Rule 24(c) that now address the questions covered by new Rule 5.1 should be deleted if Rule 5.1 is approved for adoption:

**Rule 24. Intervention**

1                        * * * * *

2          **(c) Procedure. A** person desiring to intervene shall serve a

3          motion to intervene upon the parties as provided in Rule 5.

4          The motion shall state the grounds therefor and shall be

5          accompanied by a pleading setting forth the claim or defense

6          for which intervention is sought.  The same procedure shall

7          be followed when a statute of the United States gives a right

8          to intervene.   When the constitutionality of an Act of

9          Congress affecting the public interest is drawn in question in

10         any action in which the United States or an officer, agency, or

11         employee thereof is not a party, the court shall notify the

12         Attorney General of the United States as provided in Title 28,

FEDERAL RULES OF CIVIL PROCEDURE     5

13    ~~U.S.C., § 2403. When the constitutionality of any statute of~~

14    ~~a State affecting the public interest is drawn in question in~~

15    ~~any action in which that State or any agency, officer, or~~

16    ~~employee thereof is not a party, the court shall notify the~~

17    ~~attorney general of the State as provided in Title 28, U.S.C.~~

18    ~~§ 2403. A party challenging the constitutionality of~~

19    ~~legislation should call the attention of the court to its~~

20    ~~consequential duty, but failure to do so is not a waiver of any~~

21    ~~constitutional right otherwise timely asserted.~~

### Committee Note

New Rule 5.1 replaces the final three sentences of Rule 24(c), implementing the provisions of 28 U.S.C. § 2403. Section 2403 requires notification to the Attorney General of the United States when the constitutionality of an Act of Congress is called in question, and to the state attorney general when the constitutionality of a state statute is drawn into question.

*Changes Made After Publication and Comment*

Rule 5.1 as proposed for adoption incorporates several changes from the published draft. The changes were made in response to public comments and Advisory Committee discussion.

The Advisory Committee debated at length the question whether the party who files a notice of constitutional question should be required to serve the notice on the appropriate attorney general. The service requirement was retained, but the time for intervention was

6          FEDERAL RULES OF CIVIL PROCEDURE

set to run from the earlier of the notice filing or the court's certification. The definition of the time to intervene was changed in tandem with this change. The published rule directed the court to set an intervention time not less than 60 days from the court's certification. This was changed to set a 60-day period in the rule "[u]nless the court sets a later time." The Committee Note points out that the court may extend the 60-day period on its own or on motion, and recognizes that an occasion for extension may arise if the 60-day period begins with the filing of the notice of constitutional question.

The method of serving the notice of constitutional question set by the published rule called for serving the United States Attorney General under Civil Rule 4, and for serving a state attorney general by certified or registered mail. This proposal has been changed to provide service in all cases either by certified or registered mail or by sending the Notice to an electronic address designated by the attorney general for this purpose.

The rule proposed for adoption brings into subdivision (c) matters that were stated in the published Committee Note but not in the rule text. The court may reject a constitutional challenge at any time, but may not enter a final judgment holding a statute unconstitutional before the time set to intervene expires.

The published rule would have required notice and certification when an officer of the United States or a state brings suit in an official capacity. There is no need for notice in such circumstances. The words "is sued" were deleted to correct this oversight.

Several style changes were made at the Style Subcommittee's suggestion. One change that straddles the line between substance and style appears in Rule 5.1(d). The published version adopted the language of present Rule 24(c): failure to comply with the Notice or certification requirements does not forfeit a constitutional "right." This expression is changed to "claim or defense" from concern that reference to a "right" may invite confusion of the no-forfeiture provision with the merits of the claim or defense that is not forfeited.

FEDERAL RULES OF CIVIL PROCEDURE          7

*Discussion*

The impetus for adopting a new rule to implement the certification requirements of 28 U.S.C. § 2403 has been described in earlier reports. The Attorney General — and several state attorneys general — report that they experience imperfect implementation of the court's duty to certify a constitutional challenge to a statute. Present Rule 24(c) is intended to remind the parties and court of § 2403, but location of this provision in the rule governing intervention means that it is likely to be consulted only when someone is seeking to intervene. Relocation to a position at the beginning of the rules may better draw attention to the statute and its implementation.

Beyond relocation, several changes from present Rule 24(c) may improve the implementation of § 2403. Some of the changes are drawn from the model of Appellate Rule 44. The change most likely to make a difference is the creation of a dual-notice requirement. A party who files a notice of constitutional question must serve the notice on the Attorney General, while § 2403 itself continues to require that the court certify the question. The party's service will often occur well before the court even becomes aware of the question. Many states have similar dual-notice requirements. which seem to work well.

Rule 5.1 was published for comment in August 2003, along with conforming changes in Rule 24(c). The public comments and renewed discussion at the April Advisory Committee meeting raised questions that were discussed further at the October 2004 Advisory Committee meeting. Changes were made to reflect the discussion and the rule proposed for adoption was approved by e-mail Committee ballot.

The list of changes from the published draft may seem long, but the Advisory Committee believes that the revised Rule 5.1 can be recommended for adoption without republication. There was a point in the April meeting when republication was recommended because the Committee had decided to eliminate the published requirement that the party filing a Notice of Constitutional Question serve the notice on the Attorney General. Restoration of the service requirement eliminates the basis for the recommendation. Most of

**8**          FEDERAL RULES OF CIVIL PROCEDURE

the remaining changes clearly do not warrant republication — they involve style improvements, or bring into the text of the rule matters that were included in the published Committee Note. The only new issue that could not have been anticipated in the original comment period is the decision to run intervention time from the earlier of notice filing or certification. That change does not seem to warrant republication, particularly in light of the provision that allows the court to set a later time. Department of Justice representatives have worked closely with the Advisory Committee and are satisfied not only with the recommended rule but also with the notice and intervention-time changes made from the published draft.

## AMENDMENTS TO THE
## FEDERAL RULES OF CIVIL PROCEDURE

### Rule 5.  Service and Filing of Pleadings and Other Papers

* * * * *

**(e) Filing with the Court Defined.**  The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.  A court may by local rule permit or require papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes.  A local rule may require filing by electronic means only if reasonable exceptions are allowed.  A paper filed by electronic means in compliance with a local rule

**2**      FEDERAL RULES OF CIVIL PROCEDURE

constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

## Rule 5.1.  Constitutional Challenge to a Statute — Notice, Certification, and Intervention

**(a) Notice by a Party.**  **A** party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and neither the United States nor any of its agencies, officers, or employees is a party in an official capacity, or

FEDERAL RULES OF CIVIL PROCEDURE          *3*

(**B**) a state statute is questioned and neither the state nor any of its agencies, officers, or employees is a party in an official capacity; and

(**2**) serve the notice and paper on the Attorney General of the United States if a federal statute is challenged — or on the state attorney general if a state statute is challenged — either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(**b**) **Certification by the Court.** The court must, under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a constitutional challenge to a federal statute, or certify to the state attorney general that there is a constitutional challenge to a state statute.

(**c**) **Intervention; Final Decision on the Merits.** Unless the court sets a later time, the attorney general

**EXHIBIT B**

Summonses and Returns of Service Executed by Chad R. Davis
(20 pages)

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me [1] | DATE<br>October 2, 2007 |
| NAME OF SERVER (PRINT)<br>**Chad R. Davis** | TITLE<br>N/A |

*Check one box to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ **Left** copies thereof at the defendant's dwelling house or usual place of abode with a person of satiable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

☐ Other (specify): I am over the age of 18 years and not a party to this suit. On October 2, 2007. I served true and correct copies of the Summons (with attachments) and the Complaint by Certified Mail on James "Tony" Strother addressed as follows:

James "Tony" Strother
Ann: Civil Process Clerk
501 Third Street. NW
Washington D.C. 20530 – Certified Mail No. <u>7006 2760 0004 7681 8453</u>

James "Tony" Strother
c/o United States Attorney General
Attn: Civil Process
950 Pennsylvania Ave NW
Washington, DC 20220 – Certified Mail No. <u>7006 2760 0004 7681 8460</u>

James "Tony" Strother
Internal Revenue Service, CID
3333 S. National, Suite 300
Springfield, Missouri 65807 – Certified Mail No. <u>7006 2760 0004 7681 8477</u>

The Summons and Complaint were delivered to the U.S. Attorney and the U.S. Attorney General on October 9, 2007 and delivered to James "Tony" Strother on October 3, 2007 (see U.S.P.S. Track and Confirms attached **as** Exhibit **A,** Exhibit B and Exhibit C).

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL<br>N/A | SERVICES<br>Certified Mail Postage $6.96 for each mailing | TOTAL<br>$20.88 |

| DECLARATION OF SERVER |
|---|

*I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on <u>October 2, 2007</u>          _____
            Date                     Signature of Server

Chad R. Davis
c/o PO Box 421
<u>Branson, Missouri 65616</u>
Address of Server

(1) a . to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelDetail.do


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 2760 0004 7681 8477
**Detailed Results:**

**Delivered, October 03, 2007, 10:55 am, SPRINGFIELD, MO 65807**
Acceptance, October 02, 2007, 4:09 pm, BRANSON, MO 65616

( < Back )                    ( Return to USPS.com Home > )                    ( Go > )

**Track & Confirm**

Enter Label/Receipt Number.

---

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

Site Map    Contact Us    Forms

Copyright© 1999-2007 USPS. All Ri

& Premier Accounts





For delivery information visit our website at www.usps.com®
SPRINGFIELD MO 65807
**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ $2.16 | 0805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.96 | 10/02/2007 |

Sent To: James "Tony" Strother
Street, Apt No.: Internal Revenue Service, CID
or PO Box No.: 3333 S. National, Suite 300
City, State, ZIP+4: Springfield, Missouri 65807

PS

7006 2760 0004 7681 8477

EXHIBIT   PAGE   of

11/12/2007 10:37 AM

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carl Roger Davis and Jo Elaine Davis

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE; the
DEPARTMENT OF JUSTICE:

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 912812007
Description: Pro Se Gen. Civil

TO: (Name and address of Defendant)

TIMOTHY E. NOONAN Internal Revenue Service, CID 3333
S. National, Suite 300  Springfield, Missouri 6580

**YOU** ARE HEREBY SUMMONED and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is served on you with this summons, within _____ **60** _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

SEP 2 8 2007

_ERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me [1] | DATE<br>October 2, 2007 |
| NAME OF SERVER (PRINT)<br>**Chad R. Davis** | TITLE<br>**N/A** |

*Check one box to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of satiable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

☒ Other (specify): I am over the age of 18 years and not a party to this suit. On October 2, 2007, I served true and correct copies of the Summons (with attachments) and the Complaint by Certified Mail on Timothy E. Noonan addressed as follows:

Timothy E. Noonan
Attn: Civil Process Clerk
501 Third Street, NW
Washington D.C. 20530 – Certified Mail No. <u>7006 2760 0004 7681 8491</u>

Timothy E. Noonan
c/o United States Attorney General
Dept of Justice, Civil Division
950 Pennsylvania Ave NW
Washington, DC 20220 – Certified Mail No. <u>7006 2760 0004 7681 8484</u>

Timothy E. Noonan
Internal Revenue Service, CID
3333 S. National, Suite 300
Springfield, Missouri 65807 – Certified Mail No. <u>7006 2760 0004 7681 8507</u>

The Summons and Complaint were delivered to the U.S. Attorney and the U.S. Attorney General on October 9, 2007 and delivered to Timothy E. Noonan on October 3, 2007 (see U.S.P.S. Track and Confirms attached as Exhibit **A**, Exhibit B and Exhibit C).

## STATEMENT OF SERVICE FEES

| TRAVEL<br>N/A | SERVICES<br>Certified Mail Postage $6.96 for each mailing | TOTAL<br>$20.88 |
|---|---|---|

## DECLARATION OF SERVER

*I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on  <u>October 2, 2007</u>
　　　　　　Date　　　　　　　　Signature of Server

Chad R. **Davis**
c/o PO Box 421
<u>Branson, Missouri 65616</u>
Address of Server

_____

(1) as to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

USPS - Track & Confirm    http://trkcnfrm1.sı    sps.com/PTSInternetWeb/InterLabelDetail.do


**UNITED STATES
POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 2760 0004 7681 8507
Detailed Results:

- Delivered, October 03, 2007, 10:55 am, SPRINGFIELD, MO 65807
- Acceptance, October 02, 2007, 4:07 pm, BRANSON, MO 65616

( < Back )        ( Return to USPS.com Home > )

**Track & Confirm** 
Enter Label/Receipt Number.

( Go > )

## Notification Options

Track & **Confirm** by email

Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map    Contact Us

Copyright© 1999-2007 US

xcounts



| U.S. Postal Service | | |
| **CERTIFIED MAIL™ RECEIPT** | | |
| (Domestic Mail Only; No Insurance Coverage Provided) | | |
| For delivery information visit our website at www.usps.com® | | |
| SPRINGFIELD, MO 65807 | | |
| Postage | $ | $2.16 | 0805 |
| Certified Fee | | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.96 | 10/02/2007 |

Sent Timothy E. Noonan
Street Internal Revenue Service, CID
or PO 3333 S. National, Suite 300
City, Springfield, Missouri 65807

PS F

EXHIBIT | PAGE | of
C

11/12/2007 10:25 AM

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carl Roger Davis and Jo Elaine Davis

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE; the
DEPARTMENT OF JUSTICE:

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 912812007
Description: Pro *Se* Gen. Civil

TO: (Name and address of Defendant)

*U.S. DEPT. OF JUSTICE*
*950 PENNSYLVANIA AVE.N.W.*
*WASHINGTON, D.C. 2c530*

**YOU** ARE HEREBY SUMMONED and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is served on you with this summons, within _____ **60** _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    SEP 2 8 2007

CLERK                                        DATE

(By) DEPUTY CLERK



**UNITED STATES POSTAL SERVICE.**

Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 2760 0004 7681 8378
Detailed Results:

- Delivered, October 09, 2007, 4:34 am, WASHINGTON, DC 20530
- Arrival at Unit, October 07, 2007, 1:56 am, WASHINGTON, DC 20022
  Acceptance, October 02, 2007, 4:12 pm, BRANSON, MO 65616

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

## Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WASHINGTON DC 20530-0001

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $  $2.16 | 0805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $  $6.96 | 10/02/2007 |

Sent To  Department of Justice
Street, Attn: Civil Process
or PO  950 Pennsylvania Avenue NW
City, S  Washington, D.C. 20530-0001

PS Fo

---

EXHIBIT  PAGE  of

C

'AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carl Roger Davis and Jo Elaine Davis

### SUMMONS IN A CIVIL CASE

V.

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE: the
DEPARTMENT OF JUSTICE;

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 912812007
Description: Pro Se Gen. Civil

TO: (Name and address of Defendant)

Internal Revenue Service Attn:  Civil Process 1111
Constitution Avenue NW Washington, D.C. 20224

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is sewed on you with this summons, within _____ 60 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    SEP 2 8 2007

_ERK                                         DATE

(By) DEPUTY CLERK

USPS - Track & Confirm    http://trkcnh1.sm    ps.com/PTSInternetWeb/InterLabelDetail.do





Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7006 2760 0004 7681 8415
Detailed Results:

Delivered, October **09, 2007, 8:34** am, WASHINGTON, DC 20220
**Notice Left**, October 07, 2007, **6:00** am, WASHINGTON, DC 20220
Arrival at Unit, October **07, 2007, 3:24** am, WASHINGTON, DC 20022
Acceptance, October 02, **2007, 4:16** pm, **BRANSON, MO 65616**

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

( < Back )        ( Return to USPS.com Home > )

### Notification Options

Track & Confirm **by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $2.16 | 0805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $6.96 | 10/02/2007 |

Sent To  Internal Revenue Service
Street  Atn: Civil Process
or PO  1500 Pennsylvania Avenue NW
City, S  Washington, DC 20223

*20220*

---

EXHIBIT | PAGE |
C

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carl Roger Davis and Jo Elaine Davis

### SUMMONS IN A CIVIL CASE

V.

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE; the
DEPARTMENT OF JUSTICE;

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Pro Se Gen. Civil

TO: (Name and address of Defendant)

DEPARTMENT OF THE TREASURY Attn:  Civil Process
1500 Pennsylvania Avenue NW Washington, D.C. 20220

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    SEP 2 8 2007

_CLERK                                     DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | October 2, 2007 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| **Chad R. Davis** | N/A |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ **Left** copies thereof at the defendant's dwelling house or usual place of abode with a person of satiable age and discretion then residing therein..

Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

☒ Other (specify): I am over the age of 18 years and not a party to this suit. On October 2, 2007, I served true and correct copies of the Summons (with attachments) and the Complaint by Certified Mail on the Department of the Treasury addressed as follows:

Department of the Treasury
c/o United States Attorney's Office
**Attn:** Civil Process Clerk
501 Third Street, NW
Washington. D.C. 25030 – Certified Mail No. 7006 2760 0004 7681 8347

Department of the Treasury
c/o United States Attorney General
Attn: Civil Process
950 Pennsylvania Ave NW
Washington, DC 20220 – Certified Mail No. 7006 2760 0004 7681 8354

Department of the Treasury
**Attn:** Civil Process
1500 Pennsylvania Avenue NW
Washington, DC 20220 – Certified Mail No. 7006 2760 0004 7681 8361

The Summons and Complaint were delivered to the U.S. Attorney, the U.S. Attorney General and the Department of the Treasury on October 9, 2007 (see U.S.P.S. Track and Confirms attached as Exhibit A, Exhibit B and Exhibit C).

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| N/A | Certified Mail Postage $6.96 for each mailing | $20.88 |

## DECLARATION OF SERVER

*I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on  October 2, 2007       _____
 Date          Signature of Server



Chad R. Davis
c/o PO Box 421
Branson, Missouri 656 16
Address of Server

(1) as to who may serve a summons see Rule **4** of the Federal Rules of Civil Procedure



Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 2760 0004 7681 8361
Detailed Results:

- Delivered, October 09, 2007, 8:34 am, WASHINGTON, DC 20220
- Notice **Left**, October 07, 2007, 6:00 am, WASHINGTON, DC 20220
- Arrival at Unit, October 07, 2007, 3:24 am, WASHINGTON, DC 20022
- Acceptance, October 02, 2007, 4:16 pm, BRANSON, MO 65616

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

## Notification Options

Track & Confirm by **email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $2.16 | 0805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.96 | 10/02/2007 |

*Sent To* Department of the Treasury
*Street, Apt.* Attn: Civil Process
*or PO Box* 1500 Pennsylvania Avenue NW
*City, State* Washington, DC ~~20225~~ **20220**
PS Form

7006 2760 0004 7681 8361

---

EXHIBIT  PAGE  of

C

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT    RECEIVED

## District of Columbia

DEC **1 0** 2007

Carl Roger Davis and Jo Elaine Davis

NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

### SUMMONS IN A CIVIL CASE

V.

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE: the
DEPARTMENT OF JUSTICE;

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Pro Se Gen. Civil

TO: (Name and address of Defendant)

████████████ U.S. Attorney Attn: Civil Process Clerk
501 Third Street, NW Washington D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is served on you with this summons, within ____ 60 ____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                     SEP 2 8 2007

ERK                                         DATE

*M. Hopkins*

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>October 2, 2007 |
| NAME OF SERVER (PRINT)<br>**Chad R. Davis** | TITLE<br>N/A |

*Check one box to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of satiable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

☒ Other (specify): I am over the age of **18 years** and not a party to this suit. On October **2, 2007**, I served true and correct copies of the Summons (with attachments) and the Complaint by Certified Mail on the Department of Justice addressed as follows:

Department of Justice
c/o United States Attorney's Office
Attn: Civil Process Clerk
**501** Third Street, NW
Washington D.C. **20530** – Certified Mail No. **7006 2760 0004 7681 8385**

Department of Justice
c/o United States Attorney General
Attn: Civil Process
**950** Pennsylvania Ave **NW**
Washington, DC 20220 – Certified Mail No. **7006 2760 0004 7681 8514**

Department of Justice
**Attn:** Civil Process
**950** Pennsylvania Ave **NW**
Washington, **DC 20220** – Certified Mail No. **7006 2760 0004 7681 8378**

The Summons and Complaint were delivered to the U.S. Attorney, the U.S. Attorney General and the Department of Justice on October **9, 2007** (see U.S.P.S. Track and Confirms attached as Exhibit A, Exhibit B and Exhibit C).

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL<br>N/A | SERVICES<br>Certified Mail Postage **$6.96** for each mailing | TOTAL<br>**$20.88** |

| DECLARATION OF SERVER |
|---|

*I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on  October 2, 2007 _____        _____
                      Date                    Signature of Server


                                    Chad R. Davis
                                    c/o PO Box 421
                                    Branson, Missouri 65616
                                    Address of Server


(1) **as** to who may serve a summons see Rule **4** of the Federal Rules of Civil Procedure

JSPS - Track & Confirm                    http://trkcnfrm1.smi. .com/PTSInternetWeb/InterLabelDetail.do


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 2760 0004 7681 8422
Detailed Results:

   Delivered, October **09, 2007, 4:34** am, WASHINGTON, DC 20630
 • **Arrival** at Unit, October 07, **2007, 1:57** am, WASHINGTON, DC 20022
 • Acceptance, October 02, **2007, 4:14** pm, **BRANSON**, MO 65816

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

                                                        | Go >

## Notification Options

Track & Confirm by **email**

Get current event information or updates for your item sent to you or others by email  ( Go > )

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

WASHINGTON DC 7053

| | | |
|---|---|---|
| Postage | $2.16 | U805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $    $6.96 | 10/02/2007 |

Sent To
United States of America
Street, Apt. c/o United States Attorney's Office
or PO Bo Attn: Civil Process Clerk
City, Stat 501 Third Street, NW
Washington D.C. 20530

PS Form

7006 2760 0004 7681 8422

| EXHIBIT | PAGE | of |
|---|---|---|
| **A** | | |

11/12/2007 9:42 AM

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Carl Roger Davis and Jo Elaine Davis

### SUMMONS IN A CIVIL CASE

v

UNITED STATES, a Federal corporation;
DEPARTMENT OF THE TREASURY; the
INTERNAL REVENUE SERVICE; the
DEPARTMENT OF JUSTICE;

Case: 1:07-cv-01749
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/28/2007
Description: Pro Se Gen. Civil

TO: (Name and address of Defendant)
*U.S. ATTORNEY GENERAL*
Department of Justice Attn: Civil Process 950 Pennsylvania
Avenue NW Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFFS in Pro Se (name and address)

Carl Roger Davis and Jo Elaine Davis c/o PO Box 6207
Branson, Missouri [65615]

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                    SEP 2 8 2007

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | October 2, 2007 |
| NAME OF SERVER (PRINT)<br>**Chad R. Davis** | TITLE<br>N/A |

*Check one box to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ **Left** copies thereof at the defendant's dwelling house or usual place of abode with a person of satiable age and discretion then residing therein..

Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted: _____

_____

☐ Other (specify): I **am** over the **age** of **18 years** and not a **party** to this suit.  On October 2 , 2007, I mailed the a true and correct copies of the Summons (with attachments) and the Complaint by Certified Mail  on the United Stated of America addressed **as** follows:

United States of America
c/o United States Attorney's **Office**
Ann: Civil Process Clerk
501 Third Street, NW
Washington, D.C. 25030 – Certified Mail No.  7006 2760 0004 7681 8422

United States of America
c/o United States Attorney General
**Attn**: Civil Process
950 Pennsylvania Ave NW
Washington D.C. 20530-0001 – Certified Mail No.  7006 2760 0004 7681 8446

The Summons and Complaint  were delivered to the U.S. Attorney on  October 9, 2007 and to the U.S. Attorney General on October 9, 2007 (see U.S.P.S Track and Confirms attached **as** Exhibit A, Exhibit B

## STATEMENT OF SERVICE FEES

| TRAVEL<br>N/A | SERVICES<br>Certified Mail Postage $6.96 for each mailing | TOTAL<br>$13.92 |
|---|---|---|

## DECLARATION OF SERVER

*I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.*

Executed on October 2, 2007 _____    _____
                Date                Signature of Server


                Chad R. Davis
                c/o PO Box 421
                Branson, Missouri 65616 _____
                Address of Server

(1) as to who may serve a summons see Rule **4** of the Federal Rules of Civil Procedure



**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm | FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7006 2760 0004 7681 8446
Detailed Results:

- Delivered, October 09, 2007, 4:34 am, WASHINGTON, DC 20530
- Arrival at Unit, October 07, 2007, 1:57 am, WASHINGTON, DC 20022
- Acceptance, October 02, 2007, 4:13 pm, BRANSON, MO 65616

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email   ( Go > )



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
WASHINGTON DC 20530-0001

| | | |
|---|---|---|
| Postage | $  $2.16 | 0805 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $  $6.96 | 10/02/2007 |

Sent To United States of America
Street c/o US Attorney General
or PO Box Dept. of Justice, Civil Division
City, 950 Pennsylvania Avenue, NW
Washington, D C 20530-0001



EXHIBIT   PAGE

B

**EXHIBIT C**

5 U.S.C. § 702 – Right of review and 5 U.S.C. § 703 – Form and venue of proceeding
(2 pages)

5 USC 702

NB· This unofficial compilation of the U.S. Code is current as of Jan. 2, 2006 (see http://www.law.cornell.edu/uscode/uscprint.html)

**TITLE 5 - GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I - THE AGENCIES GENERALLY**
**CHAPTER 7 - JUDICIAL REVIEW**

## § 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein

(1)    affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or

(2)    confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

(Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 392; Pub. L. 94–574, § 1, Oct. 21, 1976, 90 Stat. 2721.)

### Historical and Revision Notes

| Derivation | U.S. Code | Revised Statutes and Statutes at Large |
|---|---|---|
| 5 U.S.C. 1009(a) | | June 11, 1946, ch. 324, § 10(a), 60 Stat. 243 |

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

### Amendments

1976 — Pub. L. 94–574 removed the defense of sovereign immunity as a bar to judicial review of Federal administrative action otherwise subject to judicial review.

*NR  This unofficial compilation of the U.S. Code is current as of Jan  2, 2006 (see http //www.law.cornell.edu/uscode/uscprint.html)*

## TITLE 5 - GOVERNMENT ORGANIZATION AND EMPLOYEES
### PART I - THE AGENCIES GENERALLY
#### CHAPTER 7 - JUDICIAL REVIEW

## § 703. Form and venue of proceeding

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

(Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 392; Pub. L. 94–574, § 1, Oct. 21, 1976, 90 Stat. 2721.)

### Historical and Revision Notes

| Derivation | U.S. Code | Revised Statutes and Statutes at Large |
|---|---|---|
| 5 U.S.C. 1009(b). | | June 11, 1946, ch. 324, § 10(b), 60 Stat. 243. |

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

### Amendments

1976—Pub. L. 94–574 provided that if no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer as defendant.

**EXHIBIT D**

Title 26 U.S.C. § 7421 – Prohibition of Suits to Restrain the Assessment or Collection
(2 pages)

26 USC 7421

NB. This unofficial compilation of the U S Code is current as of Jan. 2, 2006 (see http.//www.law.cornell.edu/uscode/uscprint.html)

# TITLE 26 - INTERNAL REVENUE CODE
## Subtitle F - Procedure and Administration
### CHAPTER 76 - JUDICIAL PROCEEDINGS
#### Subchapter B - Proceedings by Taxpayers and Third Parties

## § 7421. Prohibition of suits to restrain assessment or collection

### (a) Tax

Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i) 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

### (b) Liability of transferee or fiduciary

No suit shall be maintained in any court for the purpose of restraining the assessment or collection (pursuant to the provisions of chapter 71) of—

(1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any internal revenue tax, or

(2) the amount of the liability of a fiduciary under section 3713 (b) of title 31, United States Code [1] in respect of any such tax.

### *Footnotes*

[1] So in original. Probably should be followed by a comma

(Aug. 16, 1954, ch. 736, 68A Stat. 876; Pub. L. 89–719, title I, § 110(c), Nov. 2, 1966, 80 Stat. 1144; Pub. L. 944455, title XII, § 1204(c)(11), Oct. 4, 1976, 90 Stat. 1699; Pub. L. 95- 628, § 9(b)(1), Nov. 10, 1978, 92 Stat. 3633; Pub. L. 97–258, § 3(f)(13), Sept. 13, 1982, 96 Stat. 1065; Pub. L. 105–34, title XII, 45 1222(b)(1), 1239 (e)(3), title XIV, § 1454(b)(2), Aug. 5, 1997, 111 Stat. 1019, 1028, 1057; Pub. L. 105–206, title III, § 3201(c)(3), July 22, 1998, 112 Stat. 740; Pub. L. 105–277, div. J, title IV, § 4002(c)(1), (f), Oct. 21, 1998, 112 Stat. 2681–906, 2681–907; Pub. L. 106–554, § 1(a)(7) [title III, §§ 313(b)(2)(B), 319 (24)], Dec. 21, 2000, 114 Stat. 2763, 2763A–642, 2763A–647.)

### Amendments

2000—Subsec. (a). Pub. L. 106–554 inserted "6330(e)(1)," after "6246(b)," and substituted "6672(c)" for "6672(b)".

1998– Subsec. (a). Pub. L. 105–277 substituted "6015(e)" for "6015(d)" and inserted "6331(i)," after "6246(b),".

Pub. L. 105–206 inserted "6015(d)," after "sections".

1997—Subsec. (a). Pub. L. 105–34, § 1454(b)(2), substituted "7429(b), and 7436" for "and 7429(b)".

Pub. L. 105- 34, § 1239(e)(3), inserted "6225(b)," after "6213(a),".

Pub. L. 105- 34, § 1222(b)(1), inserted "6246(b)," after "6213(a),"

1982—Subsec. (b)(2). Pub. L. 97–258 substituted "section 3713 (b) of title 31, United States Code" for "section 3467 of the Revised Statutes (31 U.S.C. 192)".

1978—Subsec. (a). Pub. L. 95–628 inserted references to sections 6672 (b) and 6694 (c).

1976—Subsec. (a). Pub. L. 94–455 substituted "7426(a) and (b)(1), and 7429(b)" for "and 7426(a) and (b)(1)".

1966—Subsec. (a). Pub. L. 89–719 inserted reference to section 7426 (a), (b)(1), and "by any person, whether or not such person is the person against whom such tax was assessed.

### Effective Date of 1998 Amendments

Amendment by Pub. L. 105–277 effective as if included in the provision of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105–206, to which such amendment relates, see section 4002(k) of Pub. L. 105–277, set out as a note under section 1 of this title.

*NB: This unofficial compilation of the U.S Code is current as (11:1(~2, 2006 (see l?tip//www.law ~.or~?edu/uscode/uscprint.html/).*

Amendment by Pub. L. 105–206 applicable to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before such date but remaining unpaid as of such date, see section 3201(g)(1) of Pub. L. 105–206, set out as a note under section 6015 of this title.

## Effective Date of 1997 Amendment

Amendment by section 1222(b)(1) of Pub. L. 105–34 applicable to partnership taxable years beginning after Dec. 31, 1997. see section 1226 of Pub. L. 105–34, as amended, set out as a note under section 6011 of this title.

Amendment by section 1239(e)(3) of Pub. L. 105–34 applicable to partnership taxable years ending after Aug. 5. 1997. see section 1239(f) of Pub. L. 105–34, set out as a note under section 6225 of this title.

Amendment by section 1454(b)(2) of Pub. L. 105–34, effective Aug. 5, 1997, see section 1454(c) of Pub. L. 105–34, set out as a note under section 6511 of this title.

## Effective Date of 1978 Amendment

Amendment by Pub. L. 95–628 applicable with respect to penalties assessed more than 60 days after Nov. 10, 1978, see section 9(c) of Pub. L. 95–628, set out as a note under section 6672 of this title.

## Effective Date of 1976 Amendment

Amendment by Pub. L. 94–455 applicable with respect to action taken under section 6851, 6861, or 6862 of this title where notice and demand takes place after Feb. 28, 1977, see section 1204(d) of Pub. L. 94–455, as amended, set out as a note under section 6851 of this title.

## Effective Date of 1966 Amendment

Amendment by Pub. L. 89–719 applicable after Nov. 2, 1966, regardless of when title or lien of United States arose or when lien or interest of another person was acquired, with certain exceptions, see section 114 (a)–(c) of Pub. L. 89–719. set out as a note under section 6323 of this title.

## Prohibition on Requests to Taxpayers To Give Up Rights To Bring Actions

Pub. L. 105–206, title III, $3468, July 22, 1998, 112 Stat. 770, provided that:

"(a) Prohibition. — No officer or employee of the United States may request a taxpayer to waive the taxpayer's right to bring a civil action against the United States or any officer or employee of the United States for any action taken in connection with the internal revenue laws.

"(b) Exceptions. — Subsection (a) shall not apply in any case where

"(1) a taxpayer waives the right described in subsection (a) knowingly and voluntarily; or

"(2) the request by the officer or employee is made in person and the taxpayer's attorney or other federally authorized tax practitioner (within the meaning of section 7525(a)(3)(A) of the Internal Revenue Code of 1986) is present, or the request is made in writing to the taxpayer's attorney or other representative."

EXHIBIT E

Standing Order regarding function of the Court in pro se litigation
(2 pages)

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11   Nicholas Toliver,              )   Case No. **CV 07-8400-JFW  (JCx)**
                                     )
12                   Plaintiff,      )   **SELF-REPRESENTATION ORDER**
                                     )
13        v.                         )
                                     )
14   United States, et al.,          )
                                     )
15                   Defendants.     )
                                     )
16   ────────────────────────────────

17       One or more of the parties to this action has elected to

18   appear pro se.  Persons appearing before this Court are not

19   required to retain the services of a lawyer or obtain the

20   advice of counsel.  Individual litigants may represent

21   themselves pro se, but corporations and associations must be

22   represented by counsel.  See Church of the New Testament v.

23   United States, 783 F.2d 771, 773 (9th Cir. 1986)

24   (unincorporated associations); In re Highley, 459 F.2d 554,

25   555 (9th Cir. 1972) (corporations).  In addition, non-

26   attorney litigants may not represent other individual

27   litigants or trusts for which they serve as trustee.  See

28   Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.

1  1997) (minor children); **C.E. Pope** Equity **Trust v.** United
2  States, 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); McShane
3  **v. United States**, 366 F.2d 286, 288 (9th Cir. 1996) (other
4  litigants).  **A partner may not represent his or her own**
5  **interest in a** partnership pro se, **and a sole shareholder may**
6  **not represent a** corporation.  See In re Am. West Airlines, **40**
7  F.3d **1058, 1059** (9th Cir. 1994) (per curiam) **(partner)**;
8  United States v. High Country Broad. Co., Inc., 3 F.3d 1244,
9  **1245** (9th Cir. 1993) (per curiam) **(shareholder).**
10      Proceeding pro se **has** significant risks, **and** this **Court**
11  wishes **to make some of those** risks **known at the outset of**
12  this proceeding:
13      ●    **Generally speaking, non-attorney litigants are less**
14           likely **to be** victorious **than** those assisted **by**
15           **counsel.**
16      ●    **The** opposing **party may have a lawyer, and that**
17           **lawyer's duty** is to achieve victory **for his or her**
18           client.  **He or she will take every step legally**
19           permissible **to that end.**
20      ●    **The Court is a neutral** adjudicator **of the law. The**
21           **role of the judge** is **to resolve disputes arising**
22           **between the** parties in **accordance with the law. As**
23           **such, the judge cannot** assist **you, cannot answer**
24           **your legal** questions, **and cannot take** sides **in the**
25           dispute. **Nor can any members of the judge's staff.**
26      ●    **You** will **be proceeding alone** in **a complex area where**
27           experience **and** professional training **are greatly**

2