**RECEIVED**

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Carl Roger Davis and Jo Elaine Davis, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES, a Federal corporation; ) <br> DEPARTMENT OF THE TREASURY; the ) <br> INTERNAL REVENUE SERVICE; the ) <br> DEPARTMENT OF JUSTICE; Title 26 ) <br> U.S.C. § 7201; Title 26 U.S.C. §7203; Title ) <br> 26 U.S.C. § 7851; JAMES "TONY" ) <br> STROTHER, in his official capacity; ) <br> TIMOTHY E. NOONAN; in his official ) <br> capacity; and DOES 1 through 5 inclusively, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-cv-01749-RMU <br><br> **PLAINTIFFS' PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW** |

## Proposed Findings of Fact

1. This is an action brought by the Plaintiffs Carl Roger Davis and Jo Elaine Davis against the UNITED STATES and its agencies for the actions of its employees in the course of their official and unofficial duties.

2. That on or about October 25, 2000, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma, and provided an opportunity to said District Director to produce competent evidence of Defendants' compliance with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and authority for operation of sections 6201, 6321, and 6331, Vol 68A,

Stat 1, §§ 6201, 6321 and 6331, as the purported authority to assess, lien or levy without issuing the Notice mandated in § 6001, subsection (d).

3. That on or about November 8, 2000, Plaintiffs' Attorney, Milton Baxley, filed a complaint with the Treasury Inspector General Tax Administration regarding the failure of said District Director to correct violations, and for failure to respond and produce competent evidence of Defendants' compliance with section 6001, subsection (d) of the Internal Revenue Code.

4. That on or about October 8, 2001, Plaintiffs' CPA, Bryan Malatesta, provided an opportunity to the Internal Revenue Service Chief, Automated Collection System, in Kansas City, Kansas, to produce competent evidence that said Chief was acting within the bounds of authority and of claims made in a CP 71A, regarding 1992, 1993, and 1994.

5. That the Chief, Automated Collection System, failed to produce competent evidence of Defendant's claims for 1992, 1993, and 1994, in response to CPA Malatesta's correspondence.

6. That on or about October 22, 2001, Plaintiffs' Attorney, Milton Baxley, filed a notice of due process violations with the IRS Service Center Director in Kansas City and provided an opportunity to the said Service Center Director to produce competent evidence of claims made in a CP71D, regarding 1992, 1993, and 1994.

7. That said Service Center Director failed to produce competent evidence of Defendant's claims for 1992, 1993, and 1994.

8. That on or about November 12, 2001, Plaintiffs' Attorney, Milton Baxley, filed a Complaint of due process violations with the Internal Revenue Service's General Counsel regarding the failures of the Service Center Director and the Chief, Automated Collection System, to produce competent evidence of authority or claims.

9.  Said General Counsel failed to respond or produce competent evidence of Defendant's claims for 1992, 1993, and 1994.

10. That on or about June 18, 2002, an individual identifying himself as Special Agent Timothy E. Noonan contacted the Plaintiff, Roger Davis, and was instructed to contact Plaintiff's Attorney (at that time) Milton Baxley.

11. That on or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to the Plaintiff, setting a date of July 1, 2002 to discuss alleged tax years 1999 and 2000.

12. That on or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons by appointment regarding the information.

13. That on or about July 8, 2002, Plaintiffs' Attorney, Milton Baxley, objecting to third party contacts, notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code; section 7602's implementation through Title 27, Code of Federal Regulations; and of a possible action for damages under Internal Revenue Code section 7431. Said Attorney Correspondence also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution and the Internal Revenue Code, including unauthorized disclosure.

14. That on or about July 8, 2002, Attorney Baxley responded to Noonan's offer of a Collection Due Process hearing.

15. That on or about August 14, 2002, Attorney Baxley filed another complaint to the Treasury Inspector General for Tax Administration for Agent Noonan's failure to produce

evidence of his enforcement authority as required by law when demanded and TIGTA failed to respond.

16. That on or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued Third Party Summonses "In the matter of Carl Roger Davis..." to the following third-party entities: Trans Union Corporation, CSC Credit Services, and Experian and also issued a third-party summons "In the matter of Jo Elaine Davis..." to Martin Enterprises; seeking testimony and records.

17. That on or about On or about May 18, 2004, an individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued Third-Party Summonses "In the Matter of Carl Roger Davis..." to the following entities: Annette's Bookkeeping Services, Inc., Jeffrey Long, CPA, Ozark Mountain Bank, Branson Bank, Roger Carl Davis, Oak Bluff Management Trust, Hattie's Trust, Phoenix Trust, R.C.D. Investments, R.C.D. Marketing Group, Goody Trust, Farmhouse Trust, Chariots Trust, Branson Mountain Trust, Bottom Line Employee Services of Missouri, Inc., Attic Creek Holding Co., American Financial Services Trust, AG Impact Management, Inc., Arizona Trust, First Premier Mortgage, and The Farmhouse Restaurant; and Revenue Special Agent James "Tony" Strother (sic) issued Third-Party Summonses "In the Matter of Jo Elaine Davis..." to the following entities: The Farmhouse Restaurant, Oak Bluff Management Trust, and Jo Elaine Davis.

18. That on or about November 22, 2004, Internal Revenue Special Agent James Strother obtained a Search Warrant in Case # 04-2419-JCE-01, to access books, records and other property belonging to Plaintiffs.

19. No Affidavit in support of said search warrant or summonses has been produced.

20. That on or about November 23, 2004 at 6:05 a.m., James A. Strother, Timothy E. Noonan and Ten (10) UNKNOWN AGENTS raided Plaintiffs Roger Carl Davis and Jo Elaine Davis' property known as the "Farmhouse Family Restaurant" located at 119 West Main Street, Branson, Missouri.

21. Plaintiffs were served with subpoenas to testify on January 19, 2005 before the Grand Jury (2004R01281-01) that was investigating possible violations of Title 26, United States Code, Section 7201 – [alleged] "willful failure to file federal income taxes."

22. On or about December 23, 2005, after the exhaustion of all administrative remedies under the *prima facie* internal revenue laws and IRS's continued harassment, Plaintiffs filed an action in a district court of the United States in the District of Columbia, cited as <u>Davis v. United States, et al.</u>, No. 1:05-cv-02474, which was dismissed without opinion on September 19, 2006 by district Judge Rosemary M. Collyer, effectively denying the Plaintiffs' First Amendment rights of redress of grievance and access to the Courts for judicial review of the agency actions.

23. On or about May 15, 2006, after the exhaustion of all administrative remedies under the *prima facie* internal revenue laws and IRS's continued harassment, Plaintiffs filed an action in a district court of the United States in the Western District of Missouri, cited as <u>Davis v. Strother, et al.</u>, No. 6:06-cv-03201, which was dismissed on January 3, 2007 by district Judge Richard E. Dorr, effectively denying the Plaintiffs First Amendment rights of redress of grievance and access to the Courts for judicial review of the agency actions.

24. On or about February 2, 2007 after the exhaustion of all administrative remedies under the *prima facie* internal revenue laws and IRS's continued harassment, Plaintiffs filed and action in a district court of the United States in the Western District of Missouri, cited as <u>Davis v. United States, et al.</u>, No. 6:07-cv-03039, which was dismissed on June 27, 2007 by Judge

Richard E. Dorr, prejudicially asserting that the clear goal of the Plaintiffs was to prevent the collection of taxes and to avoid prosecution for alleged refusal to pay - effectively denying the Plaintiffs' First Amendment rights of redress of grievance and access to the Courts for judicial review of the agency actions.

25. Employees working on behalf of the UNITED STATES for its instrumentality the IRS did not make an assessment of a tax liability against the Plaintiffs for tax years 1998 through 2003 and are statutorily prohibited from seeking prosecution of the Plaintiffs until such time an assessment has been made.

26. Plaintiffs are with documentary evidence sufficient to establish that the statutory construction of 26 U.S.C. §§ 7201 and 7203 are void for vagueness and are unsupported enforcement statutes that are not self-executing and fail to identify any tax imposed against the Plaintiffs, and the Defendants have collectively and individually refused to identify any statutory tax liability under the *prima facie* internal revenue laws presumed to be imposed against the Plaintiffs for tax years 1998 through 2003.

27. That 26 U.S.C. § 7851(6) *et seq.*, at Subtitle F, is the statute presumed to be enacted in compliance with to Article I, § 7, Clauses 1 and 2 of the Constitution for the United States of America, and Congress has failed to enact this title, rendering its enforcement a nullity.

28. That the Defendants, the UNITED STATES aka UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE, the DEPARTMENT OF THE TREASURY, Title 26 U.S.C. § 7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851 JAMES "TONY" STROTHER, TIMOTHY E. NOONAN, and DOES 1 through 5, individually and collectively participated in causing damage and harm to Plaintiffs Carl Roger Davis and Jo Elaine Davis' person and

property, and Plaintiffs hereby enjoin all Defendants, pursuant to Fed.R.Civ.P Rule 18, *in pari materia* with 28 U.S.C. § 1367, engaging this Court's supplemental jurisdiction.

29.     Although the Plaintiffs are of the conviction that the facts and law speak unambiguously to the matters presented herein and throughout, having experienced first hand the peril of American Citizens acting as *pro se* litigants proceeding before a prejudiced and biased judiciary, acting with impunity and favoritism on behalf of the UNITED STATES and its employees regarding these serious issues of life and liberty, and they have no confidence in the judiciary due to the fear of reprisal and the potential for abuse of process as previously experienced, the Plaintiffs have submitted a copy of this First Amended Verified Complaint to the appropriate fiduciary Congressional authorities to effect the record for oversight and review purposes.

## Proposed Conclusions of Law

1.1     The Plaintiffs Carl Roger Davis and Jo Elaine Davis filed suit against the UNITED STATES Federal corporation, it agencies and employees and have Article III standing. 28 U.S.C. § 1331; See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); See *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37-38, 41-42, (1976).

1.2     The Plaintiffs Carl Roger Davis and Jo Elaine Davis are pro se litigants and are not "to be held to the standards of a bar attorney." See *Haines v. Kerner*, 404 U.S. 519-521.

1.3     The Plaintiffs are sentient human beings that enjoy the common-law protection of the Constitution for the United States of America. See *Schick v. United States*, 195 U.S. 65; 24 S.Ct. 826; 49 L.Ed. 99; *United States v. Wong Kim Ark*, 169 US 649; 18 S.Ct. 456.

1.4     The Plaintiffs' First Amended Verified Complaint, as all others, are governed by the "substance over form" doctrine. See *Frank Lyon Co. v. United States*, 435 U.S. 561 (1978) 98

S.Ct. 1291, *Commissioner v. Tower*, 327 U.S. 280, 291 (1946) *Helvering v. Lazarus & Co.*, 308 U.S., at 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 334 (1945).

1.5   The UNITED STATES is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). (*In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942.)

1.6   Plaintiffs right to challenge the constitutionality of federal statutes 26 U.S.C. §§ 7201, 7203 and 7851 under the "void for vagueness" doctrine is codified under to Federal Rules of Civil Procedure 5.1. see *Buchanan v. Maine*, 469 F.3d 158  *Grayned v. City of Rockford*, 408 U.S. 104, 108 and 109 (1972); See *Gonzales v. Carhart et al.*, 53-380 (U.S. 4-18-07); *Virginia v. Black*, 538 U.S. 343 (2003); *McConnell v. Federal Election Commission*, 540 U.S. 93 (2003) 124 S.Ct. 286, 619; *United States v. Thirty-seven Photographs*, 402 U.S. 363, 373 (1971); see also *United States ex rel. Attorney General v. Delaware & Hudson Co.*, 213 U.S. 366, 408 (1909), *Liparota v. United States*, 471 U.S. 419 (1985); *Humanitarian Law Project v. Mukasey*, 05-56753 (9th Cir. 12-10-2007)

1.7   Plaintiffs properly served the UNITED STATES and its agencies under Fed.R.Civ.P. 4(c), 4(c)(2) 4(i)(1)(A) and 4(i)(2)(A) See *Sheppard v. Riverview Nursing Center, INC.*, 88 F.3d 1332 (4th Cir. 1996). See *McMaster v. United States*, 260 F.3d 814, 817-818 (7$^{t}$h Cir 2001). See *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 796 fn. 3, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (citing *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927); *Nibagwire v. Gonsales*, 04-2254 (4th Cir. 2006).

1.8   The Plaintiffs are not prohibited and, therefore, exercised the right to enjoin of parties and causes of action capable of being heard in this Court in one single complaint Fed.R.Civ.P Rule 18. (See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999); *Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991)).

1.9   The UNITED STATES waived "sovereign immunity" under the "recoupment" doctrine, wherein the statute of limitations is waived because they are presently pursuing an action against the Plaintiffs, extending the statute of limitations that would allow for the Plaintiffs to have exhausted their administrative remedies under 26 U.S.C. § 7433 of the prima facie internal revenue laws and file their own action. See *Frederick v. United States*, 386 F.2d 481, 487-488 (5th Cir. 1967); *Bull v. United States*, 295 U.S. 247, 258-63 (1935). See *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296 (1946). See also *Frederick v. United States*, supra. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); *Montgomery Ward Development Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991); *United States v. Dalm*, 494 U.S. 596 (1990); *United States v. Capital Transit Co.*, 108 F. Supp. 348, 350 (1952; *United States v. Southern Pacific Company*, 210 F. Supp. 760, 763 (1962).

1.10   As cited above, between October 2000 to December 2002, Plaintiffs hired Attorney Milton Baxley to act on Plaintiffs' behalf in communicating with the IRS in the exhaustion of their administrative remedies, which was completely ignored. *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975); *Etelson v. Office of Personnel Management*, 684 F.2d 918, 923 (D.C. Cir. 1982); *York Apt. v. D.C. Zoning*, 856 A.2d 1079 (D.C. 2004); *Safir v. Kreps*, 179 U.S.App. D.C. 261, 266, 551 F.2d 447, 452 (1977); see also *Office of Communication of United Church of Christ v. FCC*, 250 U.S.App. D.C. 312, 316, 779 F.2d 702, 706 (1985); *Citizens for Clean Air v. Spokane*, 114 Wn.2d 20 (1990). See *National Wildlife Fed'n v. Burford*, Page 32 835 F.2d 305,

317 (D.C. Cir. 1987); *Mich. Citizens for a Indep. v. Thornburgh*, 868 F.2d 1300 (D.C. Cir. 1989) ... on appeal; *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946); *United States v. L.A. Tucker Trucklines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952); *National Wildlife E. Federation v. Burford*, 835 F.2d 305 (D.C. Cir. 1987)... Chicago M., St. P. & P.R. Co., 380 F.2d 605, 608, cert. denied, 389 U.S. 928, 88 S.Ct. 289, 19 L.Ed.2d 279 (1967).

1.11 The UNITED STATES effectively waived sovereign immunity under the Administrative Procedure Act at 5 U.S.C. §§ 701-706, which authorizes a challenge to the void for vagueness language of 26 U.S.C. § 7851, 26 U.S.C. §§ 7201 and 7203 *et seq.*, working *in pari materia* with Article I, Section 7, Clauses 1 and 2, and Article I, Section 10, Clause 1 of the Constitution for the United States of America as Amended; *South Carolina v. Regan*, 465 U.S. 367, 378 (1984); *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) citing H.Rep. No. 1656, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S. Code Cong.; *FDIC v. Meyer*, 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S. Ct. 2133, 2135, 90 L.Ed.2d 623 (1986); see also, *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967); *Bell v. New Jersey*, 461 U.S. 773, 792, 103 S. Ct. 2187, 2198, 76 L.Ed.2d 312 (1983)

1.12 The UNITED STATES did not make an assessment of a tax liability against the Plaintiffs for tax years 1998 through 2003 and effectively waived its immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421(a), giving rise to such waiver at 26 U.S.C. §§ 6212 (a) and (c), 6213 (a). See *Robinson v.United States*, 920 F.2d 1157, 1158 (3d Cir. 1990); *Granquist v. Hackleman*, 264 F.2d 9, 14 (9th Cir. 1959).

1.13 The UNITED STATES, having failed to make an assessment, is statutorily prohibited from seeking prosecution of the Plaintiffs under the *prima facie* internal revenue laws for tax years 1998 through 2003 until such time an assessment has been made. 26 U.S.C. § 6213(a). See *Bull v. United States*, 914 F.2d 245; *Coplin v. United States*, 952 F.2d 403; *Estate of Goetz v. United States*, 286 F.Supp. 1130 (D. Nev. 1972); *United States v. Berman*, 825 F.2d 1053, 1055 (CA 6 1987).

1.14 Officers, agents and employees of the UNITED STATES and its agencies have continued to deprive the Plaintiffs of their constitutionally protected right to petition the Court for redress of grievance by hiding behind terms such as 'tax protester', 'frivolous' and 'without merit and numerous judicially created doctrines of sovereign immunity in a successful effort to deny Plaintiffs access to the Courts without having to answer for their acts or answer the Complaint. See *In re Benny*, 29 B.R. 754, 762, (N.D. Cal. 1983), See also *Umpleby v. State*, 347 N.W.2d 156, 161 (N.D. 1984).

1.15 The UNITED STATES and its named agencies and employees have failed or refused to comply with the simple language of the prima facie internal revenue laws and has thereby waived its sovereign immunity and consented to suit, having presented no evidence that they have not waived said immunity. The Plaintiffs, Carl Roger Davis and Jo Elaine Davis, are therefore entitled to access to the Courts, and the Defendants should be commanded to answer the First Amended Verified Complaint as the only just and proper remedy. Defendants' Motion to Dismiss the Amended Complaint should be denied.

## ORDER AND JUDGMENT

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Plaintiffs and that the Defendants' Motion to Dismiss the Amended Complaint is denied in its entirety and the Defendants are further **ORDERED** to answer the Amended Complaint within ____ days of this Order.

    Done in open court this _____ day of _____ 2008.

 

_____
RICARDO M. URBINA
United States District Judge