**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| CARL R. DAVIS *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-1749 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 9, 18, 19 |
| | : | | |
| UNITED STATES *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**<u>MEMORANDUM OPINION</u>**

GRANTING THE DEFENDANTS' MOTION TO DISMISS;
DENYING THE PLAINTIFFS' MOTION FOR JUDICIAL NOTICE;
DENYING AS MOOT THE PLAINTIFFS' MOTIONS FOR A FAIR AND IMPARTIAL
HEARING, TRIAL OR RULING; ORDERING THE PLAINTIFFS TO SEEK LEAVE OF COURT BEFORE
FILING FURTHER COMPLAINTS

**I. INTRODUCTION**

The plaintiffs Carl Roger Davis and Jo Elaine Davis are suing the United States, the Department of the Treasury, the Internal Revenue Service ("IRS"), the Department of Justice, James "Tony" Strother, Timothy Noonan, Does 1 though 5 and three sections of the Internal Revenue Code ("IRC").[1]  Before the court are the defendants' motion to dismiss and the plaintiffs' motions for judicial notice, for a fair and impartial hearing, trial or ruling and to expedite ruling.  Because the court lacks jurisdiction to grant declaratory or injunctive relief regarding the enforcement of the IRC, the court dismisses those claims seeking such relief.  Additionally, because the statute of limitations bars the plaintiffs' claims seeking monetary damages, the court dismisses those claims.  The court denies the plaintiffs' motion for judicial notice because the pendency of bills in Congress is irrelevant to these proceedings.  As there is

---

[1]  It is unclear why the plaintiffs named the statutes as defendants, but statutes may not be sued.  *See* FED. R. CIV. P. 17(a) (requiring a suit to be brought against a "real party in interest").

no additional relief the court can grant the plaintiffs, their motions for a fair and impartial hearing, trial or ruling and to expedite ruling are moot. The court further orders the plaintiffs to seek leave of the court before filing any additional complaints regarding the enforcement of the IRC or the actions of the IRS.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs allege that between October 2000 and January 2005, the IRS, through Special Agents Noonan and Strother and Does 1 through 5, conducted a series of investigatory activities regarding the plaintiffs' taxes from 1992-2000. First Am. Compl. ¶¶ 1-20. On September 28, 2007, the plaintiffs filed this action, their fourth essentially identical suit, attacking the validity of several section of the IRC and the IRS. They seek to enjoin the defendants from continuing this investigation and ask the court to declare various sections of the IRC unconstitutional. *Id.* ¶¶ 33, 40, 47, 71, 93, 108, 119, 123. The defendants filed a motion to dismiss in early December, after which the plaintiffs filed their first amended complaint. The defendants filed a new motion to dismiss on January 2, 2008. The plaintiffs timely filed an opposition and the defendants replied.

In February, the plaintiffs filed proposed findings of fact largely reiterating the allegations in their complaint. On March 3, they filed a "mandatory judicial notice" which the defendants promptly opposed. In late March, the plaintiffs filed a "motion for fair and impartial rulings." On April 4, the federal government initiated criminal proceedings against the plaintiffs for tax evasion, and the plaintiffs filed a "motion to expedite ruling" in this court on June 2. The court now addresses the pending motions.

### III.  ANALYSIS

#### A.  The Court Lacks Jurisdiction to Grant Declaratory or Injunctive Relief

##### 1.  Legal Standard for Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").  Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim.  *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Thus, the court is

not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2. The Court Cannot Issue Injunctive or Declaratory Relief Because the AIA & DJA Override the APA

The plaintiffs assert that the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, provides jurisdiction for their claims. First Am. Compl. at 4, 8-9. The defendants argue that the APA is inapplicable here and, therefore, the plaintiffs have failed to establish jurisdiction. Defs.' Mot. at 5-6. Specifically, they contend that the APA cannot provide jurisdiction because it does not waive sovereign immunity in tax cases. This is because the Anti Injunction Act ("AIA"), 26 U.S.C. § 7421, and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, override the APA's waiver of immunity and deny district courts the ability to issue injunctive and declaratory relief. *Id.* at 7. In response, the plaintiffs argue that they raise their claims under the APA, which is absolute. Pls.' Opp'n at 9, 15-16. They also maintain that their claims fall within the statutory exceptions to the AIA found in 26 U.S.C. §§ 6212-13. *Id.* at 9, 20. Finally, they assert that because they have no alternative remedy, the AIA does not apply to them. *Id.* at 16.

The APA generally provides for judicial review when a "person suffer[s a] legal wrong because of agency action." 5 U.S.C. § 702. This general grant of jurisdiction is, however, inapplicable to situations in which "statutes preclude judicial review." *Id.* § 701(a)(1). The AIA is one such statute that makes clear: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" with limited exceptions. 26

4

U.S.C. § 7421(a). Furthermore, it is well accepted that "assessment and collection of taxes" includes preliminary investigatory measures the IRS takes to determine whether an individual owes taxes. *Debt Buyers' Ass'n v. Snow*, 481 F. Supp. 2d 1, 9 (D.D.C. 2006) (listing cases). The DJA is equally clear: courts may grant declaratory relief "except with respect to Federal taxes." 28 U.S.C. § 2201(a). In interpreting the relationship among these statutes, the D.C. Circuit recognizes that "Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c)." The APA is consequently insufficient to establish jurisdiction over claims regarding the assessment and collection of federal taxes. *Murphy v. Internal Revenue Serv.*, 493 F.3d 170, 174 (D.C. Cir. 2007).

Here, the plaintiffs seek injunctive and declaratory relief in each of their claims as well as in their general prayer for relief. First Am. Compl. ¶¶ 33, 40, 47, 71, 93, 108, 119, 123. This is quite plainly an action regarding the assessment and collection of Federal taxes as the plaintiffs' claims seek to prevent the defendants from investigating and assessing tax liability. *See id.* First, because the DJA provides no exceptions and, by its terms, applies in this case, the court denies the plaintiffs' request for declaratory relief. *See* 28 U.S.C. § 2201(a). Second, whether the AIA prevents the plaintiffs from seeking injunctive relief depends on the applicability of the AIA's limited exceptions. 26 U.S.C. § 7421(a). Specifically, the exceptions in §§ 6212 and 6213 allow taxpayers to request relief in the Tax Court regarding deficiencies assessed. *Id.* §§ 6212-13. As the plaintiffs acknowledge in this case however, the IRS has made no assessment. Pls.' Opp'n at 20. Accordingly, because the defendants have not initiated collection proceedings or levied the plaintiffs' property, and because none of the other statutory exemptions are relevant, the AIA, on its face, applies. *See* 26 U.S.C. § 7421(a). Ann additional narrow,

judicially created exception to the AIA potentially allows jurisdiction. In *South Carolina v. Regan* the Supreme Court held that an injunction may issue when the party seeking the injunction has no other remedy available. *South Carolina v. Regan*, 465 U.S. 367, 373 (1984) (holding that, because South Carolina would not have standing to sue for a refund of taxes collected, it had no alternative remedy to an injunction and the AIA did not apply). Nevertheless, this judicially created exception is inapplicable here because the plaintiffs have other remedies available: they may pay any taxes assessed and sue the United States for a refund, and they may raise their constitutional challenges as defenses in any criminal proceedings brought against them. *See Foodservice & Lodging Instit., Inc. v. Regan*, 809 F.2d 842, 845 (D.C. Cir. 1987) (explaining alternative remedies for tax challenges). Because the AIA and the DJA deny this court jurisdiction over the plaintiffs' claims for injunctive and declaratory relief, the court dismisses those claims.

### B. The Court Dismisses the Plaintiffs' Claims for Damages

#### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of

his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc.*, 2008 WL 1932768, at *5 n.4 (D.C. Cir. Apr. 29, 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate

7

to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

### 2. The Statute of Limitations Bars Any Claim for Damages

The defendants argue that the plaintiffs fail to state a claim for damages because the complaint contains "no facts" to support such a claim. Defs.' Mot. at 12. They also assert that the two-year statute of limitations bars any claim the plaintiffs sufficiently allege. *Id.* at 13. The plaintiffs respond only that the doctrine of recoupment allows their claims to go forward despite the statute of limitations. Pls.' Opp'n at 11.

Generally, sovereign immunity protects the United States, its agencies and its officers from being sued for money damages payable by the federal treasury. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The government can waive sovereign immunity by statute. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (discussing the requirements for waiving sovereign immunity). It has done so in two relevant portions of the IRC: § 7431, authorizing suits for the unauthorized inspection or disclosure of private tax information, and § 7433, authorizing suits in certain cases where an IRS official disregards any provision of the IRC in the collection of taxes. 26 U.S.C. §§ 7431, 7433. Both sections impose a two-year statute of limitations. *Id.* §§ 7431(d), 7433(d)(3).

8

The latest adverse action by IRS agents alleged by the plaintiffs occurred in January 2005. First Am. Compl. ¶ 20. The plaintiffs filed their complaint in September 2007, more than two years later. *See* Compl. Thus, the statute of limitations bars any claim for damages. *See* 26 U.S.C. §§ 7431, 7433.

To clear this impasse, the plaintiffs insist that recoupment provides just enough lift. But their argument never gets off the ground. Recoupment is a common law doctrine that allows for counterclaims in civil actions and is now encompassed in Federal Rule of Civil Procedure 13. 6 FED. PRAC. & PROC. § 1401. The doctrine allows a defendant in a civil action to present his own claims as a defense to the plaintiffs' claims as a method of reducing the damages he may have to pay. *Bull v. United States*, 295 U.S. 247, 261 (1935). The D.C. Circuit has held that certain counterclaims may be brought pursuant to this doctrine even if they would otherwise be barred by the statute of limitations. *See Hartford Accident & Indem. Co. v. Pro-Football, Inc.*, 127 F.3d 1111, 1119 (D.C. Cir. 1997) (holding that counterclaims other than recoupment and similar defensive claims could not be filed after the statute of limitations had run). In this case, however, all the allegations the plaintiffs make focus on the government's criminal investigation of their tax activities; there is no civil case pending against the plaintiffs. First Am. Compl. ¶¶ 1-24. Quite simply, the civil doctrine of recoupment is entirely inapposite to the current controversy. *See Bull*, 295 U.S. at 261 (allowing an expired counterclaim only because the government had instituted a civil suit against the taxpayer). Because the statute of limitations bars any claims the plaintiffs may have for damages, the court grants the defendants' motion to dismiss those claims.

### C.  The Court Denies Plaintiffs' Motions for Judicial Notice

The plaintiffs request that the court take judicial notice of the fact that the Fair Tax Act of 2007, which would repeal the current IRC, is currently pending in Congress. *See generally* Pls.' Mot. for Judicial Notice. The defendants respond that this bill is one of "thousands of such bills" pending in Congress and is "not the law of the land." Defs.' Opp'n to Pls.' Mot. for Judicial Notice at 1. Judicial notice is a method of entering evidence in a case. *See* FED. R. EVID. 201 (governing judicial notice of adjudicative facts). Irrelevant evidence, that is, evidence that does not make "any fact that is of consequence . . . more probable or less probable than it would be" otherwise, is not admissible. FED. R. EVID. 401-02. Stated differently, judicial notice is only appropriate when the fact to be noticed is relevant. *See Ass'n of Nat'l Advertisers, Inc. v. Fed. Trade Comm'n*, 627 F.2d 1151, 1168, n.24 (D.C. Cir. 1979) (cataloging cases judicially recognizing legislative facts where, in each case, the fact was relevant to the issues of the case). Here, the defendants are correct that the proposed bill does not carry the force of law. *See* U.S. CONST. art. I, § 7, cl. 2 (setting forth the requirements of bicameralism and presentment for a bill becoming a law). The pending legislation is therefore irrelevant because it does not make the current IRC any more or less likely to be constitutional. *See* FED. R. EVID. 401. Accordingly, the court denies the plaintiffs' motion.

### D.  The Plaintiffs' Motions for Fair and Impartial Hearing

The plaintiffs filed a motion for a fair and impartial hearing, trial or ruling, which asks that the court consider their claims impartially and render a just judgment. *See generally* Pls.' Mot. for a Fair & Impartial Hearing. Irrespective of a party's specific request, this court is bound to "administer justice without respect to persons, and do equal right to the poor and to the rich, and [to] faithfully and impartially" rule in cases. *See* 28 U.S.C. § 452. As this court has

followed that obligation in reaching the decision contained herein, no additional relief can be granted to the plaintiffs. Accordingly, the court denies as moot the plaintiffs' motion for a fair and impartial hearing, trial or ruling.

### E. The Plaintiffs Must Seek Leave of the Court Before Filing Additional Complaints Challenging the Tax Laws

The constitutional right of access to the courts is not absolute or unconditional. *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981). If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United States*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). The plaintiffs have repeatedly filed complaints with the same or substantially similar allegations repeatedly in the Western District of Missouri and have now brought these same grievance before this court. *See* Defs.' Mot. at 15-16; *Davis v. United States*, 2007 WL 1847190, at *1 (W.D. Mo. June 25, 2007). Because this repetitive presentation of essentially identical claims wastes limited judicial resources, the court hereby enjoins the plaintiffs from bringing any further suits challenging the tax laws, the IRS or the conduct of its agents without 1) first obtaining leave to file from the court; 2) certifying that any such complaint raises new matters never before decided on the merits or on jurisdictional grounds by any federal court; 3) including a concise description of the allegations contained in the complaint; and 4) certifying the veracity of the complaint on penalty of contempt.

### IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss, denies the plaintiffs' motion for judicial notice and denies as moot the plaintiffs' motions for a fair and impartial hearing, trial or ruling and to expedite ruling. The court further enjoins the plaintiffs

from filing suit in federal court in the manner described *supra*.  An order consistent with the

Memorandum Opinion is separately and contemporaneously issued this 5th day of August, 2008.


                                                    RICARDO M. URBINA
                                                   United States District Judge